**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANGEL BAKOV, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:15-cv-02980 |
| | ) | |
| CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, a Florida corporation, and DONNA HIGGINS, | ) ) ) ) | Hon. Harry D. Leinenweber |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE ("CWT"), hereby submits its ANSWER and AFFIRMATIVE DEFENSES in response to Plaintiff ANGEL BAKOV's Class Action Complaint ("Complaint").

## I.      NATURE OF THE ACTION

1.      CWT admits only that it offers cruise packages, but otherwise denies the allegations contained in Paragraph 1 of the Complaint.

2.      CWT denies the truth of the allegations contained in Paragraph 2 of the Complaint, except that Plaintiff purports to cite and interpret the Telephone Consumer Protection Act ("TCPA") and cited case law.  CWT states that the TCPA and cited case law are the best evidence of their content, and refers thereto for their proper citation, interpretation, and effect, and not Plaintiffs' interpretation thereof.

3.      CWT denies the truth of the allegations contained in Paragraph 3 of the Complaint, except that Plaintiff purports to cite and interpret the TCPA and cited case law.

CWT states that the TCPA and cited case law are the best evidence of their content, and refers thereto for their proper citation, interpretation, and effect, and not Plaintiffs' interpretation thereof.

4.      CWT denies the truth of the allegations contained in Paragraph 4 of the Complaint, except that Plaintiff purports to cite and interpret the TCPA and cited case law. CWT states that the TCPA and cited case law are the best evidence of their content, and refers thereto for their proper citation, interpretation, and effect, and not Plaintiffs' interpretation thereof.

5.      CWT denies the truth of the allegations contained in Paragraph 5 of the Complaint, except that Plaintiff purports to cite and interpret the cited case law.  CWT states that the cited case law is the best evidence of its content, and refers thereto for its proper citation, interpretation and effect, and not Plaintiffs' interpretation thereof.

6.      CWT denies or is without knowledge as the veracity of the allegations in Paragraph 6 of the Complaint, and therefore denies the same.

7.      CWT denies the allegations in Paragraph 7 of the Complaint.

8.      CWT admits only that Plaintiff purports to bring a class action seeking judgment against the Defendants for statutory damages, attorneys' fees, costs and an injunction for alleged violations of the TCPA, but denies that it made or initiated unsolicited telemarketing calls to Plaintiffs, or that it has violated the TCPA or engaged in any other wrongdoing vis-à-vis the Plaintiffs that would give rise to a legal action. damages, injunctive relief, attorneys' fees or court costs, and therefore denies the allegations in Paragraph 8 of the Complaint.

## II.     JURISDICTION AND VENUE

9.     CWT admits the allegations contained in Paragraph 9 of the Complaint only to the extent that it alleges that this Court has federal question subject matter jurisdiction in actions alleging violations of the TCPA, but otherwise denies any remaining allegations in Paragraph 9 and denies that it has violated the TCPA or engaged in any other wrongdoing vis-à-vis the Plaintiffs that would give rise to a legal action.

10.     CWT admits that Plaintiff alleges that venue is proper in this District Court, but otherwise denies or is without knowledge as to the veracity of the allegations contained in Paragraph 10 of the Complaint, and therefore denies the same.

## III.     PARTIES

11.     CWT is without knowledge as to the veracity of the allegations in Paragraph 11 of the Complaint, and therefore denies the same.

12.     CWT admits the allegations in Paragraph 12 of the Complaint.

13.     CWT admits only that Defendant Donna Higgins currently is and has been the President of CWT since January 1, 2015, but otherwise denies the allegations contained in Paragraph 13 of the Complaint.

## IV.     FACTUAL BACKGROUND

14.     CWT denies the truth of the allegations contained in Paragraph 14 of the Complaint, except that Plaintiff purports to cite to and interpret a Loyola University Chicago School of Law report. CWT states that the cited report is the best evidence of its content, and refers thereto for its proper citation, interpretation, and effect, and not Plaintiffs' interpretation thereof.

15.     CWT is without sufficient knowledge as to the veracity of Plaintiff's allegations as to whether Plaintiff is the subscriber to a cellular telephone and the telephone number

assigned to such telephone, and therefore denies the allegations in Paragraph 15 of the Complaint.

16.     CWT is without sufficient knowledge as the veracity of all of the allegations in Paragraph 16 of the Complaint, and therefore denies the same.

17.     CWT denies or is without sufficient knowledge as to the veracity of all of the allegations in Paragraph 17 of the Complaint, and therefore denies the same.

18.     CWT is without sufficient knowledge as to the veracity of Plaintiff's allegations in Paragraph 18 of the Complaint, and therefore denies the same.

19.     CWT is without sufficient knowledge as to the veracity of Plaintiff's allegations in Paragraph 19 of the Complaint, and therefore denies the same.

20.     CWT is without sufficient knowledge as to the veracity of Plaintiff's allegations in Paragraph 20 of the Complaint, and therefore denies the same.

21.     CWT is without sufficient knowledge as to the veracity of Plaintiff's allegations in Paragraph 21 of the Complaint, and therefore denies the same.

22.     CWT is without sufficient knowledge as to the veracity of Plaintiff's allegations in Paragraph 22 of the Complaint, and therefore denies the same.

23.     CWT is without sufficient knowledge as to the veracity of Plaintiff's allegations in Paragraph 23 of the Complaint, and therefore denies the same.

24.     CWT admits the allegations in Paragraph 24 of the Complaint.

25.     CWT admits the allegations in Paragraph 25 of the Complaint.

26.     CWT is without sufficient knowledge as to what Plaintiff read on the website www.hclvacation.com on March 27, 2015, and therefore denies the allegations in Paragraph 26 of the Complaint.

27.     CWT denies the allegations in Paragraph 27 of the Complaint.

28.     CWT denies the allegations in Paragraph 28 of the Complaint.

29.     CWT denies the allegations in Paragraph 29 of the Complaint.

30.     CWT denies or is without sufficient knowledge as to the allegations in Paragraph 30 of the Complaint, and therefore denies the same.

31.     CWT denies the allegations in Paragraph 31 of the Complaint.

32.     CWT denies the allegations in Paragraph 32 of the Complaint.

33.     CWT admits that it does not place calls to consumers for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i), and that any calls CWT has made to Plaintiff or the putative class members (if any) were not placed for "emergency purposes," and otherwise denies the allegations in  Paragraph 33 of the Complaint.

34.     CWT is without knowledge as to whether Plaintiff or any putative class members own or incur charges on cellular telephones, and therefore denies those and the remaining allegations in Paragraph 34 of the Complaint.

35.     CWT is without knowledge as to whether Plaintiff or any putative class members own cellular telephones, and therefore denies those and the remaining allegations in Paragraph 35 of the Complaint.

## V.     CLASS ALLEGATIONS

36.     CWT admits only that Plaintiff purports to bring this action as a class action and attempts to define a class, but denies that a class can be certified or if certified, would result in a class where liability could be imposed against CWT.  Accordingly, CWT denies the allegations contained in Paragraph 36 of the Complaint.

37.     CWT admits that Plaintiff purports to exclude certain people from his class

5

definition, but otherwise denies the allegations contained in Paragraph 37 of the Complaint.

38.     CWT denies the allegations contained in Paragraph 38 of the Complaint.

39.     CWT denies the allegations contained in Paragraph 39 of the Complaint, except that it alleges class numerosity, and therefore denies the same and refers all questions of law to the Court for its determination

40.     CWT denies or is without knowledge as to the allegations in Paragraph 40 of the Complaint and its subsections (a) – (e), except that Plaintiff alleges class commonality and predominance, and therefore denies the same and refers all questions of law to the Court for its determination

41.     CWT denies the allegations contained in Paragraph 41 of the Complaint except that Plaintiff alleges class typicality, and therefore denies the same and refers all questions of law to the Court for its determination

42.     CWT denies or is without sufficient knowledge as to the allegations in Paragraph 42 of the Complaint, and therefore denies the same.

43.     CWT denies the allegations in Paragraph 43 of the Complaint/

44.     CWT denies the allegations contained in Paragraph 44 of the Complaint and refers all questions of law to the Court for its determination

## VI.     CLAIMS ALLEGED

### COUNT 1
### Violation of the TCPA, 47 U.S.C. § 227 versus HCL
### (On behalf of the Class)

45.     CWT incorporates its answers to all preceding Paragraphs as if fully set forth herein.

46.     CWT denies the truth of the allegations contained in Paragraph 46.

47.     CWT denies the allegations in Paragraph 47 of the Complaint as to CWT because

CWT did not place any of the alleged calls. CWT otherwise is without knowledge as to the veracity of the allegations in Paragraph 47 of the Complaint and therefore denies the same.

48.     CWT denies the allegations in Paragraph 48 of the Complaint.

49.     CWT denies the allegations in Paragraph 49 of the Complaint as to CWT because CWT did not place any of the alleged calls. CWT otherwise is without knowledge as to the veracity of the allegations in Paragraph 49 of the Complaint and therefore denies the same.

50.     CWT admits only that Plaintiff seeks statutory damages on behalf of himself and the putative class members, but otherwise denies the allegations in Paragraph 50 of the Complaint, as CWT denies that it violated the TCPA or engaged in any other misconduct vis-à-vis Plaintiff and the putative class members for which they would be entitled to any relief against CWT. CWT further states that the TCPA is the best evidence of its content, and refers thereto for its proper citation, interpretation, and effect, and not Plaintiff's interpretation thereof.

51.     CWT admits only that Plaintiff purports to seek treble damages and interpret section 227(b)(3)(C) of the TCPA, but otherwise denies the allegations in Paragraph 51 of the Complaint as CWT denies that it violated the TCPA or engaged in any other misconduct vis-à-vis Plaintiff and the putative class members that would entitle them to any relief against CWT. CWT further states that the TCPA is the best evidence of its content, and refers thereto for its proper citation, interpretation, and effect, and not Plaintiffs' interpretation thereof.

**COUNT II**
**Violation of the TCPA, 47 U.S.C. § 227 versus DONNA HIGGINS**
**(On behalf of the Class)**

52.     CWT incorporates its answers to all preceding Paragraphs as if fully set forth herein.

53.     CWT denies the truth of the allegations contained in Paragraph 53 of the Complaint, except that Plaintiff purports to cite and interpret the TCPA. CWT states that the

TCPA is the best evidence of its content, and refers thereto for its proper citation, interpretation, and effect, and not Plaintiffs' interpretation thereof.

54.     CWT, upon information and belief, denies the allegations in Paragraph 54 of the Complaint.

55.     CWT, upon information and belief, denies the allegations in Paragraph 55 of the Complaint.

56.     CWT, upon information and belief, denies the allegations in Paragraph 56 of the Complaint.

57.     CWT, upon information and belief, denies the allegations in Paragraph 57 of the Complaint.

58.     CWT, upon information and belief, denies the allegations in Paragraph 58 of the Complaint.

59.      CWT, upon information and belief, denies the allegations in Paragraph 59 of the Complaint.

60.     CWT, upon information and belief, denies the allegations in Paragraph 60 of the Complaint.

61.     CWT, upon information and belief, denies the allegations in Paragraph 61 of the Complaint.

62.     CWT admits only that Plaintiff seeks statutory damages on behalf of himself and the putative class members against Higgins but otherwise, upon information and belief, denies the allegations in Paragraph 62 that Higgins violated the TCPA by engaging in the conduct alleged in the Complaint or engaged in any misconduct vis-à-vis Plaintiff and the putative class members for which they would be entitled to any relief against her. CWT further states that the

TCPA is the best evidence of its content, and refers thereto for its proper citation, interpretation, and effect, and not Plaintiffs' interpretation thereof.

63.     CWT admits only that Plaintiff purports to seek treble damages and interpret section 227(b)(3)(C) of the TCPA but otherwise, upon information and belief, denies the allegations in Paragraph 63 of the Complaint that Higgins violated the TCPA or engaged in any other misconduct vis-à-vis Plaintiff and the putative class members that would entitle them to any relief against her.  CWT further states that the TCPA is the best evidence of its content, and refers thereto for its proper citation, interpretation, and effect, and not Plaintiffs' interpretation thereof.

## VII.   <u>JURY DEMAND</u>

CWT admits that Plaintiff demands a jury trial in this action but denies that Plaintiff or the putative class members have any actionable or triable claims against CWT.

## VIII.   <u>REQUEST FOR RELIEF</u>

CWT denies that Plaintiff is entitled to any relief as set forth in his unnumbered "Prayer for Relief," including its subsections A. – E.

## AFFIRMATIVE DEFENSES

CWT states that it intends to rely upon and otherwise preserve the following defenses in defense of Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of CWT's Defenses. Accordingly, CWT asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action, including but not limited to the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23, in that, *inter alia*, Plaintiff cannot identify an ascertainable class, the claims Plaintiff asserts cannot be common or typical of the claims of the putative class, and class relief is not superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff asserts warrant class treatment. Further, the proposed class is overly broad.

### THIRD AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.[1]

---

1. The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that "the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf...A class action would be inconsistent with the specific and personal remedy provided by

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted because the Complaint impermissibly lumps all of Defendants together and does not explain which Defendant committed which wrong, and the theory of liability Plaintiff is proceeding under against each Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to satisfy all conditions precedent and necessary to maintaining his claims.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, and none being admitted, were not caused by CWT but by another person or entity, including Plaintiff, for whom CWT is not responsible and over whose activities CWT exercises no control and/or has no right to control.

### SEVENTH AFFIRMATIVE DEFENSE

CWT is not vicariously or otherwise liable for the acts of any third parties making and/or initiating the complained of telephone call(s) to Plaintiffs because any such third parties were, at all relevant times, were separate and distinct entities from CWT, were not CWT's agents, and CWT did not have ownership, direction, or exercise substantial control over their actions.

### EIGHTH AFFIRMATIVE DEFENSE

CWT is not vicariously or otherwise liable for the acts of any third parties making and/or initiating the complained of telephone call(s) to Plaintiffs. To the extent that any such third parties are deemed CWT's agents, such parties were acting outside the scope of their authority and any agency relationship with CWT, and CWT did not ratify their actions.

---

Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman,* 164 *F.R.D.* 400, at 404-05.

## NINTH AFFIRMATIVE DEFENSE

CWT is not liable for the acts of any third parties making and/or initiating the complained of telephone call(s) to Plaintiff because CWT was never a joint venturer with any such third parties. At all times relevant to this action, such third parties and CWT never had an express or implied contract providing for: (1) a community of interests; (2) the right to share profits, and (3) an equal right to direct and govern the undertaking. *See Secon Service System, Inc. v. St. Joseph Bank and Trust Co.,* 855 F. 2d 406, 416 (7th Cir. 1988).

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to hold CWT liable under any theory of vicarious liability, agency or joint venture, no such claims have not been specifically or sufficiently pled.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel due to his and the other class members' consent to be called on their cellular and/or residential telephones. CWT reasonably relied on Plaintiff's consent and pre-authorization before initiating telephone calls to Plaintiff, and has been detrimentally impacted by Plaintiff's unjustified suit over those pre-authorized calls. *See Kennedy v. U.S.,* 965 F.2d 413, 417 (7th Cir. 1992).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrines of Laches and Waiver for Plaintiff's failure to timely notify the alleged callers that the calls allegedly made to Plaintiff and the putative class members' cellular and/or residential telephone(s) should cease. *See Allegheny Airlines, Inc. v. Forth Corp.*, 663 F.2d 751 (7th Cir. 1981).

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Unclean Hands due to his and the putative class members' consent to be called on their cellular and/or residential telephones. *See Weber Shandwick worldwide v. Reid,* 2005 WL 1651030 (N.D. Ill. 2005).

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of *In Pari Delicto.* At all relevant times Plaintiff and the other class members consented to the telephone calls complained of in the Complaint, including calls to cellular and residential telephone numbers. *See Pinter v. Dahl*, 108 S. Ct. 2063 (1987).

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of ratification due to Plaintiff and the putative class members' failure to timely notify the alleged callers that the calls should cease. *See In re Ostrom-Martin, Inc.,* 202 B.R. 267 (N.D. Ill. 1996).

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the alleged caller(s)' use of any automatic telephone dialing system as defined under the TCPA and/or use of a prerecorded voice was consented to by Plaintiff and the other putative class members. *See* 47 U.S.C. §227(b)(1)(A)(iii).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because complained of telephone calls between Plaintiffs and CWT were conducted with a live human, and thus, any such calls do not violate the TCPA.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the telephone calls about which Plaintiffs complain were, at all times, monitored by a live human agent who was interacting with the caller during

the telephone call and was available to speak with the called party at any time. Thus, any such telephone calls would not violate the TCPA and would not constitute calls via artificial or pre-recorded voices.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to join necessary and indispensable parties.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitation.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiff did not suffer any actual damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for treble damages are barred because CWT did not engage in knowing or willful misconduct.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any, based in part on their failure to timely notify all alleged callers that the alleged calls to their cellular and/or residential telephone(s) should cease.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

CWT complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiffs' claims are barred by CWT's compliance with all applicable State, Federal, and local laws and regulations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the TCPA violates CWT's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the TCPA, within the context of a class action, is violative of CWT's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions. The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that "the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf...A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman v. Data Transfer, Inc*., 164 F.R.D. 400, 404-405 (E.D. Pa. 1995).

## TWENTY-EIGHT AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the exceptions provided under the TCPA.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the complained of calls do not constitute a "telephone solicitation" under the TCPA. *See* 47 U.S.C. §227(a)(4); *Practice Management Support Svcs., Inc. v. Appeal Solutions, Inc.*, 2010 WL 748170, *2 (N.D. Ill. 2010).

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the complained of calls do not constitute an "unsolicited advertisement" under the TCPA. *See* 47 U.S.C. §227(a)(5); *Alleman v. Yellowbook*, 2013 WL 4782217, *4 (S.D. Ill. 2013).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, precluded or subject to a stay pursuant to the doctrine of primary jurisdiction and the inherent authority of this Court in light of pending FCC Petitions for Declaratory Relief regarding issues critical to this action and/or in light of substantially similar earlier filed class actions involving similar parties, subject matter and proposed class definitions.

## RESERVATION

Plaintiff's Complaint does not describe the claims made against CWT with sufficient particularity to enable CWT to determine all additional defenses it may have in response to the Complaint.  Accordingly, CWT reserves the right to amend its Answer and Affirmative Defenses up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

**WHEREFORE**, defendant Consolidated World Travel, Inc., respectfully requests that this Court enter judgment against Plaintiff and in favor of CWT, dismiss this action with prejudice, deny Plaintiff's request for class certification, award CWT its reasonable attorneys'

fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

DATED:  May 4, 2015                                          Respectfully Submitted,

                                                             CONSOLIDATED WORLD TRAVEL, INC. d/b/a
                                                             HOLIDAY CRUISE LINE

                                                             */s/ Timothy A. Hudson*
                                                             One of Its Attorneys

Timothy A. Hudson
TABET, DIVITO & ROTHSTEIN LLC
209 South LaSalle Street, 7th Floor
Chicago, IL  60604
Phone: 312-762-9476
Fax: 312-762-9451
thudson@tdrlawfirm.com