IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL BAKOV, Individually and | ) | |
| on Behalf of All Others Similarly | ) | Case No. 1:15-cv-02980 |
| Situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Hon. Harry D. Leinenweber |
| | ) | |
| CONSOLIDATED TRAVEL | ) | |
| HOLDINGS GROUP, INC.; | ) | |
| CONSOLIDATED WORLD TRAVEL, | ) | |
| INC. d/b/a HOLIDAY CRUISE LINE; | ) | |
| CRUISE OPERATOR INC. d/b/a | ) | |
| BAHAMAS PARADISE CRUISE | ) | |
| LINE; BAHAMAS PARADISE | ) | |
| CRUISE LINE, LLC; JAMES H. | ) | |
| VERILLO; and DONNA HIGGINS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT [D.E. 19]**

Defendant CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE ("CWT"), hereby submits its ANSWER and AFFIRMATIVE DEFENSES in response to Plaintiff ANGEL BAKOV's Amended Class Action Complaint ("Complaint") [D.E. 19].

## I.     NATURE OF THE ACTION

1.     CWT admits only that it offers cruise packages, but otherwise denies any remaining allegations contained in Paragraph 1 of the Complaint.

2.     CWT denies the allegations contained in Paragraph 2 of the Complaint.

3.     CWT denies the allegations contained in Paragraph 3 of the Complaint.

4.     CWT denies the allegations contained in Paragraph 4 of the Complaint.

5.     CWT denies the allegations contained in Paragraph 5 of the Complaint, except that Plaintiff purports to cite and interpret the Telephone Consumer Protection Act ("TCPA") and cited case law.  CWT states that the TCPA and cited case law are the best evidence of their content, and refers thereto for their proper citation, interpretation, and effect, and not Plaintiff's interpretation thereof.

6.     CWT denies the allegations contained in Paragraph 6 of the Complaint, except that Plaintiff purports to cite and interpret the Telephone Consumer Protection Act ("TCPA"), congressional intent, and the cited case law.  CWT states that the TCPA, cited public laws and records, and cited case law are the best evidence of their content, and refers thereto for their proper citation, interpretation, and effect, and not Plaintiff's interpretation thereof.

7.     CWT denies the allegations contained in Paragraph 7 of the Complaint, except that Plaintiff purports to cite and interpret the Telephone Consumer Protection Act ("TCPA"), congressional findings and cited case law.  CWT states that the TCPA, associated congressional record and cited case law are the best evidence of their content, and refers thereto for their proper citation, interpretation, and effect, and not Plaintiff's interpretation thereof.

8.     CWT denies the allegations contained in Paragraph 8 of the Complaint, except that Plaintiff purports to cite and interpret the cited case law.  CWT states that the cited case law is the best evidence of its content, and refers thereto for its proper citation, interpretation and effect, and not Plaintiff's interpretation thereof.

9.     CWT denies or is without knowledge as to the allegations in Paragraph 9 of the Complaint and therefore denies the same.

10.     CWT denies the allegations contained in Paragraph 10 of the Complaint.

11.     CWT admits only that Plaintiff purports to bring a class action seeking judgment against the Defendants for statutory damages, attorney's fees, costs and an injunction for alleged violations of the TCPA, but denies that it made or initiated unsolicited telemarketing calls to Plaintiff or the other putative class members, or that it has violated the TCPA or engaged in any other wrongdoing vis-à-vis the Plaintiff and other putative class members that would give rise to a legal action, damages, injunctive relief, attorney's fees or court costs, or that attorneys' fees are even available under the TCPA, and therefore denies the allegations in Paragraph 11 of the Complaint.

## II.     JURISDICTION AND VENUE

12.     CWT admits the allegations contained in Paragraph 12 of the Complaint only to the extent that it alleges that this Court has federal question subject matter jurisdiction in actions alleging violations of the TCPA, but otherwise denies any remaining allegations in Paragraph 12 and denies that it has violated the TCPA or engaged in any other wrongdoing vis-à-vis the Plaintiff and other putative class members that would give rise to a legal action.

13.     CWT admits that Plaintiff alleges that venue is proper in this District Court, but otherwise denies or is without knowledge as to the veracity of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

## III.     PARTIES

14.     CWT is without knowledge as to the veracity of the allegations in Paragraph 14 of the Complaint and therefore denies the same.

15.     CWT is without knowledge as to the veracity of the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16.     CWT admits the allegations in Paragraph 16 of the Complaint.

3

17.    CWT, based upon information and belief, denies the allegations in Paragraph 17 of the Complaint.

18.    CWT is without knowledge as to the veracity of the allegations in Paragraph 18 of the Complaint and therefore denies the same.

19.    CWT, based upon information and belief, admits the allegations in Paragraph 19 of the Complaint.

20.    CWT, based upon information and belief, denies the allegations in Paragraph 20 of the Complaint.

21.    CWT admits only that Defendant Donna Higgins has been the President of CWT since January 1, 2015, but otherwise denies the allegations contained in Paragraph 21 of the Complaint.

22.    CWT is without knowledge or information sufficient to form a belief as to which "Defendants" the Plaintiff is alleging in Paragraph 22 of the Complaint, and therefore denies that and all other allegations in Paragraph 22 of the Complaint and states that the cited statute is the best evidence of its content, and refers thereto for its proper citation, interpretation and effect, and not Plaintiff's interpretation thereof.

## IV.    FACTUAL BACKGROUND

23.    CWT denies or is without knowledge as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies the same, except that Plaintiff purports to cite to and interpret a Loyola University Chicago School of Law report. CWT states that the cited report is the best evidence of its content, and refers thereto for its proper citation, interpretation, and effect, and not Plaintiffs' interpretation thereof.

24.    CWT is without sufficient knowledge as to the veracity of Plaintiff's allegations

4

that he is the subscriber of a cellular telephone number ending in 1521, and therefore denies the allegations in Paragraph 24 of the Complaint.

25.     CWT is without sufficient knowledge as the veracity of all of the allegations in Paragraph 25 of the Complaint and therefore denies the same.

26.     CWT is without sufficient knowledge as to the veracity of all of the allegations in Paragraph 26 of the Complaint and therefore denies the same.

27.     CWT, based upon information and belief, denies the allegations in Paragraph 27 of the Complaint.

28.     CWT, based upon information and belief, denies the allegations in Paragraph 28 of the Complaint.

29.     CWT is without sufficient knowledge as to the veracity of Plaintiff's allegations in Paragraph 29 of the Complaint and therefore denies the same.

30.     CWT, based upon information and belief, denies the allegations in Paragraph 30 of the Complaint.

31.     CWT, based upon information and belief, denies the allegations in Paragraph 31 of the Complaint.

32.     CWT is without sufficient knowledge as to the veracity of Plaintiff's allegations in Paragraph 32 of the Complaint and therefore denies the same.

33.     CWT admits the allegations in Paragraph 33 of the Complaint.

34.     CWT admits the allegations in Paragraph 34 of the Complaint.

35.     CWT is without sufficient knowledge as to what Plaintiff read on the website www.hclvacation.com, and therefore denies the allegations in Paragraph 35 of the Complaint, and states that the cited website is the best evidence of its contents on the date alleged and refers

to the cited website for its proper content rather than Plaintiff's interpretation of the same.

36.     CWT denies the allegations in Paragraph 36 of the Complaint.

37.     CWT is without knowledge or information sufficient to form a belief as to which "Defendants" the Plaintiff is alleging in Paragraph 37 of the Complaint, and therefore denies that and all other allegations in Paragraph 37 of the Complaint.

38.     CWT is without knowledge or information sufficient to form a belief as to which "Defendants" the Plaintiff is alleging in Paragraph 38 of the Complaint, and therefore denies that and all other allegations in Paragraph 38 of the Complaint.

39.     CWT is without knowledge or information sufficient to form a belief as to which "Defendants" the Plaintiff is alleging in Paragraph 39 of the Complaint, and therefore denies that and all other allegations in Paragraph 39 of the Complaint.

40.     CWT denies or is without sufficient knowledge as to the allegations in Paragraph 40 of the Complaint and therefore denies the same.

41.     CWT is without knowledge or information sufficient to form a belief as to which "Defendants" the Plaintiff is alleging in Paragraph 41 of the Complaint, and therefore denies that and all other allegations in Paragraph 41 of the Complaint.

42.     CWT denies the allegations in Paragraph 42 of the Complaint.

43.     CWT admits that it does not place calls to consumers for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i), is without knowledge or information sufficient to form a belief as to which "Defendants" the Plaintiff is alleging in Paragraph 43 of the Complaint, and otherwise denies the allegations in Paragraph 43 of the Complaint.

44.     CWT is without knowledge or information sufficient to form a belief as to which "Defendants" the Plaintiff is alleging in Paragraph 44 of the Complaint, and whether Plaintiff

owns a cellular telephone or incurs charges for cellular telephone service, and therefore denies those and all other remaining allegations in Paragraph 44 of the Complaint.

45.     CWT is without knowledge or information sufficient to form a belief as to which "Defendants" the Plaintiff is alleging in Paragraph 45 of the Complaint, and therefore denies that and all other remaining allegations in Paragraph 45 of the Complaint.

46.     CWT is without knowledge or information sufficient to form a belief as to which "Defendants" the Plaintiff is alleging in Paragraph 45 of the Complaint or the telephone calls Plaintiff allegedly received, and therefore denies all of the allegations in Paragraph 46 of the Complaint.

## V.     RELATIONSHIP AMONG DEFENDANTS

47.     CWT is without knowledge as to the veracity of the allegations in Paragraph 47 of the Complaint and therefore denies the same.

48.     CWT is without knowledge as to the veracity of the allegations in Paragraph 48 of the Complaint and therefore denies the same.

49.     CWT is without knowledge as to the veracity of the allegations in Paragraph 49 of the Complaint and therefore denies the same.

50.     CWT is without knowledge as to the veracity of the allegations in Paragraph 50 of the Complaint and therefore denies the same.

51.     CWT denies the allegations in Paragraph 51 of the Complaint.

52.     CWT admits that Holiday Cruise Line is a fictitious name registered with the State of Florida to Consolidated World Travel, Inc., and otherwise denies any remaining allegations in Paragraph 52 of the Complaint.

53.     CWT admits the allegations in Paragraph 53 of the Complaint.

54.     CWT admits that Holidaycl.com is an Internet domain name for which Consolidated World Travel, Inc. is the registrant organization, and otherwise denies any remaining allegations in Paragraph 54 of the Complaint.

55.     CWT admits the allegations in Paragraph 55 of the Complaint.

56.     CWT admits that the Internet website holiday-cruiseline.com advertises a cruise to the Bahamas aboard the Grand Celebration departing from the Port of Palm Beach, but otherwise is without sufficient knowledge as to the veracity of the remaining allegations in Paragraph 56 of the Complaint and therefore denies the same.

57.     CWT is without sufficient knowledge as to the veracity of the allegations in Paragraph 57 of the Complaint and therefore denies the same.

58.     CWT is without sufficient knowledge as to the veracity of the allegations in Paragraph 58 of the Complaint and therefore denies the same.

59.     CWT is without sufficient knowledge as to the veracity of the allegations in Paragraph 59 of the Complaint and therefore denies the same.

60.     CWT is without sufficient knowledge as to the veracity of the allegations in Paragraph 60 of the Complaint and therefore denies the same.

61.     CWT is without sufficient knowledge as to the veracity of the allegations in Paragraph 61 of the Complaint and therefore denies the same.

62.     CWT is without sufficient knowledge as to the veracity of the allegations in Paragraph 62 of the Complaint and therefore denies the same.

63.     CWT is without sufficient knowledge as to the veracity of the allegations in Paragraph 63 of the Complaint and therefore denies the same.

64.     CWT is without sufficient knowledge as to the veracity of the allegations in

Paragraph 64 of the Complaint and therefore denies the same.

65.     CWT admits that Jennifer Poole has been a marketing executive for National Travel Service, Inc., but otherwise is without sufficient knowledge as to the veracity of the remaining allegations in Paragraph 65 of the Complaint and therefore denies the same.

66.     CWT is without sufficient knowledge as to the veracity of the allegations in Paragraph 66 of the Complaint and therefore denies the same.

67.     CWT is without sufficient knowledge as to the veracity of the allegations in Paragraph 67 and the attached Exhibit D to the Complaint and therefore denies the allegations and information therein.

68.     CWT denies the allegations in Paragraph 68 of the Complaint.

69.     CWT admits that Consolidated World Travel, Inc. is wholly owned by Consolidated Travel Holdings Group, Inc., and otherwise denies any remaining allegations in Paragraph 69 of the Complaint.

70.     CWT denies the allegations in Paragraph 70 of the Complaint, and states that the cited website is the best evidence of its contents and refers to the cited website for its proper content rather than Plaintiff's interpretation of the same.

71.     CWT denies the allegations in Paragraph 71 of the Complaint.

72.     CWT denies the allegations in Paragraph 72 of the Complaint.

73.     CWT is without sufficient knowledge as to the veracity of the allegations in Paragraph 73 of the Complaint and therefore denies the same.

74.     CWT is without sufficient knowledge as to the veracity of the allegations in Paragraph 74 of the Complaint and therefore denies the same.

75.     CWT is without sufficient knowledge as to the veracity of the allegations in

Paragraph 75 of the Complaint and therefore denies the same.

## VI.     CLASS ALLEGATIONS

76.     CWT admits only that Plaintiff purports to bring this action as a class action and attempts to define a class, but denies that a class can be certified or if certified, would result in a class where liability could be imposed against CWT.  Accordingly, CWT denies the allegations contained in Paragraph 76 of the Complaint.

77.     CWT admits that Plaintiff purports to exclude certain people from his class definition, but otherwise denies the allegations contained in Paragraph 77 of the Complaint.

78.     CWT denies the allegations contained in Paragraph 78 of the Complaint.

79.     CWT denies the allegations contained in Paragraph 79 of the Complaint and refers all questions of law to the Court for its determination

80.     CWT denies the allegations in Paragraph 80 of the Complaint and refers all questions of law to the Court for its determination

81.     CWT denies the allegations contained in Paragraph 81 of the Complaint and refers all questions of law to the Court for its determination

82.     CWT denies the allegations in Paragraph 82 of the Complaint and refers all questions of law to the Court for its determination

83.     CWT denies the allegations in Paragraph 83 of the Complaint and refers all questions of law to the Court for its determination.

84.     CWT denies the allegations contained in Paragraph 84 of the Complaint and refers all questions of law to the Court for its determination.

## VII.   CLAIMS ALLEGED

### COUNT 1
### Violation of the TCPA, 47 U.S.C. § 227 versus Defendants
### (On behalf of the Class)

85.   CWT incorporates its answers to all preceding Paragraphs as if fully set forth herein.

86.   CWT, based upon information and belief, denies the allegations in Paragraph 86 of the Complaint.

87.   CWT, based upon information and belief, denies the allegations in Paragraph 87 of the Complaint.

88.   CWT, based upon information and belief, denies the allegations in Paragraph 88 of the Complaint.

89.   CWT, based upon information and belief, denies the allegations in Paragraph 89 of the Complaint.

90.   CWT admits only that Plaintiff seeks statutory damages on behalf of himself and the other putative class members, and otherwise denies the allegations in Paragraph 90 of the Complaint.  By way of further answer CWT denies that it violated the TCPA or engaged in any other misconduct vis-à-vis Plaintiff and the other putative class members for which they would be entitled to any relief against CWT.  CWT further states that the TCPA is the best evidence of its content, and refers thereto for its proper citation, interpretation, and effect, and not Plaintiff's interpretation thereof.

91.   CWT admits only that Plaintiff purports to seek treble damages and interpret section 227(b)(3)(C) of the TCPA, and otherwise denies the allegations in Paragraph 91 of the Complaint.

11

## COUNT II
## Violation of the TCPA, 47 U.S.C. § 227 versus VERILLO AND HIGGINS
### (On behalf of the Class)

92.     CWT incorporates its answers to all preceding Paragraphs as if fully set forth herein.

93.     CWT denies the allegations contained in Paragraph 93 of the Complaint, except that Plaintiff purports to cite and interpret the TCPA.  CWT states that the TCPA is the best evidence of its content, and refers thereto for its proper citation, interpretation, and effect, and not Plaintiff's interpretation thereof.

94.     CWT, based upon information and belief, denies the allegations in Paragraph 94 of the Complaint.

95.     CWT, based upon information and belief, denies the allegations in Paragraph 95 of the Complaint.

96.     CWT, based upon information and belief, denies the allegations in Paragraph 96 of the Complaint.

97.     CWT, based upon information and belief, denies the allegations in Paragraph 97 of the Complaint.

98.     CWT, based upon information and belief, denies the allegations in Paragraph 98 of the Complaint.

99.      CWT, based upon information and belief, denies the allegations in Paragraph 99 of the Complaint.

100.     CWT, based upon information and belief, denies the allegations in Paragraph 100 of the Complaint.

101.     CWT, based upon information and belief, denies the allegations in Paragraph 101

of the Complaint.

102.     CWT, based upon information and belief, denies the allegations in Paragraph 102 of the Complaint.

103.     CWT, based upon information and belief, denies the allegations in Paragraph 103 of the Complaint.

104.     CWT, based upon information and belief, denies the allegations in Paragraph 104 of the Complaint.

105.     CWT, based upon information and belief, denies the allegations in Paragraph 105 of the Complaint.

## VII.    JURY DEMAND

CWT admits that Plaintiff demands a jury trial in this action but denies that Plaintiff or the other putative class members have any actionable or triable claims.

## VIII.    REQUEST FOR RELIEF

CWT denies that Plaintiff is entitled to any relief as set forth in the unnumbered "Request for Relief," including its subsections A. – E.

## AFFIRMATIVE DEFENSES

CWT states that it intends to rely upon and otherwise preserve the following defenses in defense of Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of CWT's Affirmative Defenses.  Accordingly, CWT asserts the following Affirmative Defenses:

13

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action, including but not limited to the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23, in that, *inter alia*, Plaintiff cannot identify an ascertainable class, the claims Plaintiff asserts cannot be common or typical of the claims of the putative class, and class relief is not superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff asserts warrant class treatment. Further, the proposed class is overly broad.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted because the Complaint impermissibly lumps all of Defendants together and does not explain which Defendant committed which wrong, and the theory of liability Plaintiff is proceeding under against each Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to satisfy all conditions precedent and necessary to maintaining the claims alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, and none being admitted, were not caused by CWT but by another person or entity, including Plaintiff and/or the other putative class members, for whom CWT is not responsible and over whose activities CWT exercises no control and/or has no right to control.

## SIXTH AFFIRMATIVE DEFENSE

CWT is not vicariously or otherwise liable for the acts of any third parties making and/or initiating the complained of telephone call(s) to Plaintiffs because any such third parties were, at all relevant times, separate and distinct entities from CWT, were not CWT's agents, and CWT did not have ownership, direction, or exercise substantial control over their actions.

## SEVENTH AFFIRMATIVE DEFENSE

CWT is not vicariously or otherwise liable for the acts of any third parties making and/or initiating the complained of telephone call(s) to Plaintiffs. To the extent that any such third parties are deemed CWT's agents, such parties were acting outside the scope of their authority and any agency relationship with CWT, and CWT did not ratify their actions.

## EIGHTH AFFIRMATIVE DEFENSE

CWT is not liable for the acts of any third parties making and/or initiating the complained of telephone call(s) to Plaintiff because CWT was never a joint venturer with any such third parties. At all times relevant to this action, such third parties and CWT never had an express or implied contract providing for: (1) a community of interests; (2) the right to share profits, and (3) an equal right to direct and govern the undertaking. *See Secon Service System, Inc. v. St. Joseph Bank and Trust Co.,* 855 F. 2d 406, 416 (7th Cir. 1988).

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seeks to hold CWT liable under any theory of vicarious liability, agency or joint venture, no such claims have not been specifically or sufficiently pled.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel due to his and the other putative class members' consent to be called on their cellular and/or residential telephones. For any such

calls, and none being admitted, CWT reasonably relied on all called persons' consent and pre-authorization before initiating its telephone calls, and has been detrimentally impacted by this unjustified suit involving pre-authorized calls. *See Kennedy v. U.S.,* 965 F.2d 413, 417 (7th Cir. 1992).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrines of Laches and Waiver for Plaintiffs' failure to timely notify the alleged callers that the calls allegedly made to Plaintiff and the other putative class members' cellular and/or residential telephone(s) should cease. *See Allegheny Airlines, Inc. v. Forth Corp.*, 663 F.2d 751 (7th Cir. 1981).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Unclean Hands due to his and the other putative class members' consent to be called on their cellular and/or residential telephones. *See Weber Shandwick Worldwide v. Reid,* 2005 WL 1651030 (N.D. Ill. 2005).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of *In Pari Delicto*. At all relevant times Plaintiff and the other putative class members consented to the telephone calls complained of in the Complaint, including calls to their cellular and residential telephone numbers. *See Pinter v. Dahl*, 108 S. Ct. 2063 (1987).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of ratification due to Plaintiff and the other putative class members' failure to timely notify the alleged callers that the complained of calls should cease. *See In re Ostrom-Martin, Inc.,* 202 B.R. 267 (N.D. Ill. 1996).

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the alleged caller(s)' use of any automatic telephone dialing system as defined under the TCPA and/or use of a prerecorded voice was consented to by Plaintiff and the other putative class members. *See* 47 U.S.C. §227(b)(1)(A)(iii).

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the complained of telephone calls alleged in the Complaint were conducted with a live human, and thus, any such calls do not violate the TCPA.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the telephone calls about which Plaintiffs complain were, at all times, monitored by a live human agent who was interacting with the caller during the telephone call and was available to speak with the called party at any time.  Thus, any such telephone calls (if any) would not violate the TCPA and would not constitute calls via artificial or pre-recorded voices.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to join necessary and indispensable parties.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitation.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs did not suffer any actual damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for treble damages are barred because CWT did not engage in knowing or willful misconduct vis-à-vis Plaintiff and/or the other putative class members.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any, based in part on their failure to timely notify all alleged callers that the alleged calls to their cellular and/or residential telephone(s) should cease.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

CWT complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiffs' claims are barred by CWT's compliance with all applicable State, Federal, and local laws and regulations.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the TCPA violates CWT's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the TCPA, within the context of a class action, is violative of CWT's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions. The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class

18

action could not proceed under the TCPA, one federal district court determined that "the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf...A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404-405 (E.D. Pa. 1995).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the exceptions provided under the TCPA.

### TWENTY-EIGHT AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the complained of calls do not constitute a "telephone solicitation" under the TCPA. *See* 47 U.S.C. §227(a)(4); *Practice Management Support Svcs., Inc. v. Appeal Solutions, Inc.*, 2010 WL 748170, *2 (N.D. Ill. 2010).

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the complained of calls do not constitute an "unsolicited advertisement" under the TCPA. *See* 47 U.S.C. §227(a)(5); *Alleman v. Yellowbook*, 2013 WL 4782217, *4 (S.D. Ill. 2013).

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, precluded or subject to a stay pursuant to the doctrine of primary jurisdiction and the inherent authority of this Court in light of pending FCC Petitions for Declaratory Relief regarding issues critical to this action and/or in light of substantially similar earlier filed class actions involving similar parties, subject matter and proposed class definitions.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, precluded or subject to a stay pursuant to the jurisdictional "First-Filed Rule" and the inherent authority of this Court in light of substantially

similar earlier filed class actions involving similar parties, subject matter and proposed class definitions. *See Pfizer Inc. v. Apotex Inc.,* 640 F. Supp. 2d 1006, 1008 (N.D. Ill. 2009).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred or precluded against some or all of the named Defendants because the Court does not have personal jurisdiction over them. *See Sky Valley Ltd. P'ship v. ATX Sky Valley, Ltd*, 776 F. Supp. 1271, 1273 (N.D. Ill. 1991).

## RESERVATION

Plaintiff's Complaint does not describe the claims made against CWT with sufficient particularity to enable CWT to determine all additional defenses it may have in response to the Complaint. Accordingly, CWT reserves the right to amend its Answer and Affirmative Defenses up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

**WHEREFORE**, Defendant, Consolidated World Travel, Inc., respectfully requests that this Court enter judgment against Plaintiff and in favor of CWT, dismiss this action with prejudice as against CWT, deny Plaintiff's request for class certification, award CWT its reasonable attorney's fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

DATED: June 10, 2015                    Respectfully Submitted,

*/s/ Jeffrey A. Backman*
Richard W. Epstein, Esq.
FL BAR NO. 229091
Jeffrey A. Backman, Esq.
FLA. BAR NO. 662501
GREENSPOON MARDER, P.A.

20

200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-491-1120
Fax: 954-213-0140
Email: richard.epstein@gmlaw.com
Email: jeffrey.backman@gmlaw.com
*PRO HAC VICE*

-and-

Timothy Hudson, Esq.
TABET, DIVITO & ROTHSTEIN LLC
FIRM NO. 38234
209 South LaSalle Street, 7th Floor
Chicago, IL  60604
Phone: 312-762-9476
Fax: 312-762-9451
thudson@tdrlawfirm.com
*Attorneys for Consolidated World Travel, Inc.*

Case No. 1:15-cv-02980
*CWT's Answer and Affirmative Defenses*
*to Amended Class Action Complaint*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2015, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

*/s/ Jeffrey Backman*
Jeffrey Backman, Esq.

## SERVICE LIST

**Jeffrey Grant Brown**
JEFFREY GRANT BROWN, P.C.
221 North LaSalle Street, Suite 1414
Chicago, Illinois 60601
Tel: 312.789.9700 xt.1
Fax: 312.789.9702
Email: Jeff@jgbrownlaw.com

**Richard W. Epstein, Esq.**
**Jeffrey A. Backman, Esq.**
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-491-1120
Fax: 954-213-0140
Email: richard.epstein@gmlaw.com
Email: jeffrey.backman@gmlaw.com