## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL BAKOV, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:15-cv-02980 |
| v. | ) ) | Hon. Harry D. Leinenweber |
| CONSOLIDATED TRAVEL HOLDINGS GROUP, INC.; CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE; CRUISE OPERATOR INC. d/b/a BAHAMAS PARADISE CRUISE LINE; BAHAMAS PARADISE CRUISE LINE, LLC.; JAMES H. VERRILLO; and DONNA HIGGINS. | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| JULIE HERRERA, individually and on behalf of all others similarly situated, | ) ) | Case No. 1:15-cv-04030 |
| Plaintiff, | ) | |
| v. | ) ) | |
| | ) | Hon. Ruben Castillo |
| CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, a Florida corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

## JULIE HERRERA'S MOTION TO RELATE, REASSIGN, AND CONSOLIDATE CASES

413826.1

Movant Julie Herrera, by her undersigned counsel, respectfully moves this Court, pursuant to Local Rule 40.4 and Rule 42(a)(2) of the Federal Rules of Civil Procedure, to enter an Order: (i) finding that the above-captioned cases, *Bakov v. Consolidated World Travel Holdings Group, Inc. et al.*, Case No. 1:15-cv-2980 (the "*Bakov* Action") and *Herrera v. Consolidated World Travel, Inc.*., Case No. 1:15-cv-4030 (the "*Herrera* Action") are related; (ii) reassigning the *Herrera* Action to this Court's docket; and (iii) consolidating the *Bakov* Action and the *Herrera* Action before this Court.  In support of her motion, Herrera states as follows:

## PROCEDURAL HISTORY

1.      There are two separate putative class actions against common defendant Consolidated World Travel, Inc., d/b/a Holiday Cruise Line ("HCL" or "Defendant") pending in this District, *Bakov* and *Herrera*, both arising from a common set of facts.  In each case, the plaintiff, a consumer, alleges that defendant(s), or a third party acting on its/their behalf, made calls to the plaintiff's cellular telephone using an automatic telephone dialing system without plaintiffs' consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.      Plaintiff Herrera seeks to reassign the *Herrera* Action to this Court and to consolidate the *Herrera* Action with the *Bakov* Action.  The *Herrera* and *Bakov* Actions relate to the same subject matter, share at least one common Defendant,[1] seek relief on behalf of similarly defined classes, and raise similar claims such that reassignment and consolidation will serve the interests of convenience and judicial efficiency.

3.      A copy of the First Amended Complaint, filed in the *Bakov* Action on May 27, 2015, is attached hereto as **Exhibit A.**  *Bakov* seeks to remedy alleged TCPA violations

---

[1] Should the Court grant this Motion, the plaintiffs in the consolidated action will seek to file an amended Consolidated Class Action Complaint and, therefore, each of the defendants named in that Complaint will be common.

413826.1

committed by the named defendants, or a third party acting on their behalf, in an effort to promote HCL's products and services – specifically, a cruise vacation. (Ex. A at ¶¶ 23-46).

4. *Bakov* seeks relief individually and on behalf of class of "[a]ll individuals in the United States who, within the four (4) years prior to the filing of this Complaint, received one or more telephone calls to their cellular telephone without prior express written consent of the called party from or on behalf of Defendants, placed by an automatic telephone dialing service or by an artificial or prerecorded voice." (*Id.* at ¶ 76).

5. A copy of the *Herrera* Complaint is attached hereto as **Exhibit B**. Herrera also seeks to remedy alleged TCPA violations committed by named defendant HCL, or a third party acting on its behalf, in an effort to promote HCL's cruise vacation products and services. (Ex. B at ¶¶ 1-4).

6. Like *Bakov*, *Herrera* also seeks relief individually, and on behalf of similarly situated classes of "[a]ll individuals in the United States who received one or more phone calls without prior express consent of the called party from or on behalf of Defendant Holiday placed by an automatic telephone dialing system." (Ex. B at ¶ 21).

7. Both cases assert only one legal claim for relief – violation of the TCPA – against the named defendant(s). (Ex. A at ¶¶ 85-105; Ex. B at ¶¶ 29-34).

## ARGUMENT

### A. *Herrera* is Related to *Bakov*

8. Local Rule 40.4(a) provides that "two or more civil cases may be related if one or more of the following conditions are met … (2) the cases involve *some* of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." Local Rule 40.4(a)(1)-(4)

3

(emphasis added). These three conditions are met here, making *Herrera* undoubtedly related to *Bakov*.

9.      As set forth above, both *Herrera* and *Bakov* involve similar facts and also grow out of the same transaction or occurrence. They both arise from defendants' advertising campaign whereby they, or third parties acting on their behalf, called plaintiff's cellular telephones in order to market HCL's products and services. Both *Herrera* and *Bakov* are class action suits involving nearly identical proposed classes.

10.      Based on the foregoing, the Court should find that *Herrera* and *Bakov* are related pursuant to Local Rule 40.4(a).

**B.      *Herrera* Should be Reassigned to this Court's Docket**

11.      Local Rule 40.4(b) provides that a case may be reassigned if each of the following four criteria are met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later-filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. Local Rule 40.4(b)(1)-(4). All of these elements are met here.

12.      The first element is satisfied because both *Bakov* and *Herrera* are pending in this District.

13.      As for the second element, given the substantially similar factual issues involved, reassignment of the *Herrera* Action – and subsequent consolidation of the *Herrera* Action with the *Bakov* Action – would result in a substantial saving of judicial time and effort. Given the

413826.1

factual and legal overlap, it would be most efficient to have both *Herrera* and *Bakov* pending before this Court.

14.     With respect to the third element, reassignment will not cause any substantial delay.  Both cases are in their early stages and discovery has not yet issued.  Consequently, reassignment of *Herrera* to this Court's docket (and subsequent consolidation of both cases) will not delay the disposition of either case.

15.     The fourth element is also satisfied.  The common issues of law and fact present in *Herrera* and *Bakov* render them capable of disposition in a single proceeding.  *Compare* Ex. A at ¶ 80 *with* (Ex. B at ¶ 24).

16.     As all of the requisite elements are present, this Court should reassign *Herrera* to this Court's docket pursuant to Local Rule 40.4(b).

**C.     The *Herrera* and *Bakov* Actions Should be Consolidated**

17.     Rule 42(a)(2) of the Federal Rules of Civil Procedure provides a trial court with the authority to consolidate separately-captioned lawsuits into one case when the actions "involve a common question of law or fact."  Trial courts have broad discretion under Rule 42(a)(2) to consolidate cases.  *See U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945).  In exercising their discretion, courts should consider whether the proposed consolidation would promote convenience and judicial economy, and whether consolidation would prejudice any party.  *Id.*; *see also Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970).

18.     Like *Bakov*, the *Herrera* Action arises from the same call campaign(s) and alleges claims for relief under the same federal statute.

19.     Consolidating the *Herrera* Action with the *Bakov* Action will preserve judicial resources. Though the matters are not identical, they assert common claims against a common

5

Defendant, seek certification of a common class, and arise out of common facts. Thus, the Actions are capable of being resolved in a single proceeding.

20. Consequently, the Actions should be consolidated.

## CONCLUSION

WHEREFORE, Plaintiff Julie Herrera respectfully requests that this Court enter an Order findin that: (1) the *Bakov* and *Herrera* Actions are related; (ii) reassigning the *Herrera* Action to this Court's docket; and (iii) consolidating the *Bakov* Action and the *Herrera* Action before this Court:.


Dated: August 27, 2015                    Respectfully submitted,

                                          JULIE HERRERA, individually and on behalf of all others similarly behalf of all others similarly situated


                                           */s/ Katrina Carroll*
                                          Katrina Carroll, Esq.
                                          *kcarroll@litedepalma.com*
                                          Kyle A. Shamberg, Esq.
                                          *kshamberg@litedepalma.com*
                                          **LITE DEPALMA GREENBERG, LLC**
                                          211 W. Wacker Drive
                                          Suite 500
                                          Chicago, Illinois 60606
                                          312.750.1265

                                          ***Attorneys for the Movant Julie Herrera and the Putative Class***

413826.1