**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANGEL BAKOV and JULIE HERRERA, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:15-cv-02980 |
| | ) | Hon. Harry D. Leinenweber |
| Plaintiffs, | ) | |
| v. | ) | Hon. Susan E. Cox |
| | ) | |
| CONSOLIDATED TRAVEL HOLDINGS GROUP, INC., a Florida corporation; CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, a Florida corporation; JAMES H. VERILLO, an individual; DANIEL E.LAMBERT, an individual; JENNIFER POOLE, an individual; and DONNA HIGGINS, an individual, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' OMNIBUS MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

# **TABLE OF CONTENTS**

**Page(s)**

I. RELEVANT PROCEDURAL HISTORY ................................................................6

II. ARGUMENT ....................................................................................................7

    A.    The Court Lacks Personal Jurisdiction over the Individual Defendants Verrillo, Lambert, Higgins, and Poole and Corporate Defendant CTH .................................7

        i.    The Court Does Not Have Personal Jurisdiction over Verrillo, Lambert, Poole, and Higgins ..............................................................9

        ii.   The Court Does Not Have Personal Jurisdiction over CTH ...............11

    B.    The Complaint Fails to State a Claim under either the TCPA or the ATDA against the Defendants .....................................................................................12

        i.    The Complaint Improperly "Lumps" All Defendants Together ..........13

        ii.   The Complaint Fails to State a Claim under either the TCPA.............15

        iii.  The Complaint Does Not Allege Facts Sufficient to State Plausible Claims for Direct, Vicarious, or Personal Liability under the TCPA..16

            1.    Direct Liability.......................................................................16

            2.    Vicarious Liability ................................................................17

            3.    Personal Liability .................................................................19

        iv.  Plaintiffs Fail to State a Plausible Claim under the ATDA ................20

III. CONCLUSION...................................................................................................22

2

## TABLE OF AUTHORITIES

**Cases**

*Alpert v. Bertsch*,
    235 Ill.App.3d 452, 176 Ill.Dec. 333, 601 N.E.2d 1031, 1035 (Ill.App.1992)

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)

*Bank v. Philips Electronics N. Am. Corp.*,
    No. 14-cv-5312 JG VMS, 2015 WL 1650926 (E.D.N.Y. Apr. 14, 2015)

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)

*Cent. States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co.*,
    440 F.3d 870, 875 (7th Cir. 2006)

*Court Appointed Receiver of Lancer Offshore, Inc. v. The Citco Group Ltd.*,
    No. 05-60080, 2008 WL 926512 (S.D. Fla. Mar. 31, 2008)

*Court Appointed Receiver of Lancer Offshore, Inc. v. The Citco Group Ltd.*,
    No. 05-60080, 2011 WL 1233126 (S.D. Fla. Mar. 30, 2011)

*Creative Montessori Learning Ctr. v. Ashford Gear, LLC*,
    No. 09 C 3963, 2010 WL 3526691, at *2 (N.D.Ill. Sept. 2, 2010)

*Cunningham v. Kondaur Capital*,
    2014 WL 8335868, *3 (M.D. Tenn. 2014)

*Daimler AG v. Bauman*,
    134 S.Ct. 746, 751 (2014)

*Felland v. Clifton*,
    682 F.3d 665, 672–73 (7th Cir. 2012)

*Flexicorps, Inc. v. Benjamin & Williams Debt Collectors, Inc.*,
    No. 06 C 3183, 2007 WL 1560212, at *2 (N.D. Ill. May 29, 2007)

*Golan v. Veritas Entertainment, LLC*,
    2014 WL 2095310, *3 (E.D. Mo. 2014)

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,

131 S.Ct. 2846, 2851 (2011)

*Hanson v. Denckla*,
    357 U.S. 235, 253 (1958)

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
    466 U.S. 408 (1984)

*Herrera v. Rector*,
    No. 03-cv-6377, 2004 WL 2047562, at *2 (N.D. Ill. Sep. 13, 2004)

*Howley v. U.S. Patent and Trademark Office*,
    No. 08-13976-BC, 2008 WL 4852684, at * 2 (E.D. Mich. 2008)

*Hyatt Int'l Corp. v. Coco,*
    302 F.3d 707, 714 (7th Cir. 2002)

*Int'l Shoe Co. v. Washington,*
    326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)

*Jackson v. Caribbean Cruise Line, Inc.*,
    No. 14-cv-2485 (ADS)(AKT), 2015 WL 667862 (E.D.N.Y. Feb. 17, 2015)

*Johansen v. Vivant, Inc.*,
    No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012)

*KM Enter., Inc. v. Global Traffic Tech.*,
    725 F.3d 718, 723 (7th Cir. 2013)

*Mais v. Gulf Coast Collection Bureau, Inc.*,
    No. 11-61936-CIV-SCOLA, 2013 WL 1283885 (S.D. Fla. Mar. 27, 2013)

*Martin v. Direct Wines, Inc.*,
    No. 15 C 757, 2015 WL 4148704, at *1 (N.D. Ill. July 9, 2015)

*Meyer v. Holley*,
    537 U.S. 280 (2003)

*Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*,
    623 F.3d 440, 443 (7th Cir. 2010)

*N. Grain Mktg., LLC v. Greving*,
    743 F.3d 487, 492 (7th Cir. 2014)

*Pimental v. Google Inc.*,
    No. 11-2585, 2012 WL 691784, at *2 (N.D. Cal. Mar 2, 2012)

*Richards v. Mitcheff*,
    696 F.3d 635, 637 (7th Cir. 2012)

*Savanna Group, Inc. v. Trynex, Inc.*,
    No. 10 C 7995, 2013 WL 4734004 (N.D. Ill. Sept. 3, 2013)

*Sefton v. Toyota Motor Sales U.S.A.*,
    No. 09 C 3787, 2010 WL 1506709, at *3 (N.D.Ill. Apr. 14, 2010)

*Smith v. State Farm Mut. Auto. Ins. Co.*,
    30 F. Supp. 3d 765, 771 (N.D. Ill. 2014).

*Sojka v. Loyalty Media LLC*,
    Case No. 14-cv-770, 2015 WL 2444506, at *2 (N.D. Ill. 2015)

*The Siding & Insulation Co. v. Alco Vending, Inc.*,
    2015 WL 1858935 (N.D. Ohio Apr. 22, 2015)

*Thomas v. Taco Bell Corp.*,
    897 F. Supp. 2d 1079 (C.D. Cal. 2012)

*Thrasher-Lyon v. Illinois Farmers Ins. Co.*,
    861 F. Supp. 2d 898, 905 (N.D Ill. 2012)

*Toney v. Quality Resources, Inc.*,
    75 F. Supp. 3d 727 (N.D. Ill. 2014)

*uBid, Inc. v. GoDaddy Grp., Inc.*,
    623 F.3d 421, 425 (7th Cir. 2010)

*Wilstein v. San Tropai Condo. Master Ass'n*,
    No. 98 C 6211, 1999 WL 51805, at *5 (N.D. Ill. Jan. 30, 1999)

**Statutes**
47 U.S.C. § 227, *et seq.*
815 ILCS 305/1, *et seq.*
735 ILCS 5/2–209(c)

**Rules**
Fed. R. Civ. P. 8
Fed. R. Civ. P. 10
Fed. R. Civ. P. 12

**Treatises**
RESTATEMENT (THIRD) OF AGENCY (2006)

5

Pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6), Defendants CONSOLIDATED TRAVEL HOLDINGS GROUP, INC., a Florida corporation ("CTH"), CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, a Florida corporation ("HCL"), JAMES H. VERILLO, DANIEL E. LAMBERT, JENNIFER POOLE, and DONNA HIGGINS move to dismiss Plaintiff Angel Bakov's ("Plaintiff Bakov") and Plaintiff Julie Herrera's ("Plaintiff Herrera") Consolidated Class Action Complaint (the "Complaint"). This Court should dismiss Plaintiffs' Complaint because: (1) this Court does not have personal jurisdiction over Defendants CTH, Verrillo, Lambert, Poole, and Higgins; and (2) the Complaint does not state a plausible claim for relief against Defendants CTH, HCL, Verrillo, Lambert, Poole, and Higgins for violations of the TCPA and the ATDA.

## I.    RELEVANT PROCEDURAL HISTORY

1.    Plaintiff Bakov filed a Class Action Complaint seeking damages and injunctive relief pursuant to the Telephone Consumer Protection Act, 42 U.S.C. § 227, *et seq.* ("TCPA") on April 3, 2015 [D.E. 1].  Plaintiff Bakov later filed an Amended Class Action Complaint on May 27, 2015 [D.E. 19].

2.    Plaintiff Herrera separately filed a class action complaint seeking damages and injunctive relief pursuant to the TCPA on May 6, 2015, in the same judicial district.  This Court granted Plaintiff Herrera's Motion to Relate, Reassign, and Consolidate Cases [D.E. 27] and consolidated the Plaintiff Bakov's and the Plaintiff Herrera's actions on September 3, 2015 [D.E. 30].

3.    Pursuant to order by the Court, Plaintiffs filed a Consolidated Class Action Complaint on September 17, 2015, against HCL, and also against new Defendants Consolidated Travel Group Holdings, Inc., Donna Higgins, Daniel E. Lambert, Jennifer Poole, and James H.

Verrillo, and includes a claim for relief under Illinois's Automatic Telephone Dialers Act, 815

ILCS 305/1, *et seq.* ("ATDA"), in addition to a count seeking relief under the TCPA.

## II.  ARGUMENT

### A.  The Court Lacks Personal Jurisdiction over the Individual Defendants Verrillo, Lambert, Higgins, and Poole and Corporate Defendant CTH

Defendants Verrillo, Lambert, Higgins, and Poole, and the Defendant CTH (together, the

"PJ Defendants")[1] move to dismiss the Complaint against them on the basis that this Court does

not have personal jurisdiction over them.  On a motion to dismiss under Rule 12(b)(2), the

plaintiff bears the burden of establishing a ***prima facie*** case of personal jurisdiction.[2] Here,

Plaintiffs make conclusory allegations regarding the PJ Defendants' actions and fail to make any

connection between alleged acts of the PJ Defendants and the forum State of Illinois.

Plaintiffs seek relief, at least in part, under the TCPA.  This Court would have personal

jurisdiction over defendants if either federal law or the law of Illinois authorizes service of

process.[3]  The TCPA does not authorize nationwide service of process in private actions.[4]

Therefore, the Court may exercise personal jurisdiction over defendants only if authorized under

Illinois law.[5]  The Illinois long-arm statute provides for personal jurisdiction on any basis

permitted by the Illinois and the United States Constitutions.[6]  Although the state and federal

standards for due process are not identical, the Seventh Circuit may apply a federal due process

analysis when there is no operative difference between the limits imposed under the Illinois

---

[1] Defendant HCL does not challenge the Court's personal jurisdiction over it.

[2] *Cent. States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co.,* 440 F.3d 870, 875 (7th Cir. 2006).

[3] *Sojka v. Loyalty Media LLC*, Case No. 14-cv-770, 2015 WL 2444506, at *2 (N.D. Ill. 2015) (citing *KM Enter., Inc. v. Global Traffic Tech.,* 725 F.3d 718, 723 (7th Cir. 2013)).

[4] *Sojka,* 2015 WL 2444506, at *2 (citing 2015 47 U.S.C. § 227; *Creative Montessori Learning Ctr. v. Ashford Gear, LLC,* No. 09 C 3963, 2010 WL 3526691, at *2 (N.D.Ill. Sept. 2, 2010) (Gettleman, J.)).

[5] *KM Enter., Inc.,* 725 F.3d at 723.

[6] 735 ILCS 5/2–209(c).  Under the Illinois long-arm statute, personal jurisdiction may be general or specific.  *uBid, Inc. v. GoDaddy Grp., Inc.,* 623 F.3d 421, 425 (7th Cir. 2010).

Constitution and the federal limitations on personal jurisdiction.[7] Accordingly, a federal due process analysis should be implemented in this action.

Under the due process clause of the Fourteenth Amendment, an out-of-state defendant is subject to personal jurisdiction if the defendant had "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[8] *Each defendant* must have purposely established minimum contacts such that he or she should reasonably anticipate being haled into court in the forum state.[9] Personal jurisdiction may be either general or specific, depending on the extent of the defendant's contacts with the state.[10]

General jurisdiction (or "all-purpose" jurisdiction) exists only "when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State."[11] If the defendant has "continuous and systematic" contacts with a state, the defendant is subject to general jurisdiction there in any action, even if the action is unrelated to those contacts.[12] By contrast, specific jurisdiction exists when the suit

---

[7] *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.,* 623 F.3d 440, 443 (7th Cir. 2010); *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 714 (7th Cir. 2002); *Flexicorps, Inc. v. Benjamin & Williams Debt Collectors, Inc.*, No. 06 C 3183, 2007 WL 1560212, at *2 (N.D. Ill. May 29, 2007) ("Because there is no "operative difference" between the limits on personal jurisdiction in the Illinois and United States Constitutions, the Seventh Circuit has instructed a district court to look directly at whether the due process guaranteed in the United States Constitution allows for the exercise of personal jurisdiction over a defendant.").

[8] *Felland v. Clifton,* 682 F.3d 665, 672–73 (7th Cir. 2012) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

[9] *Id.*

[10] *Mobile Anesthesiologists,* 623 F.3d at 443–444.

[11] *Nicholson v. E-Telequote Ins., Inc.*, No. 14-CV-4269, 2015 WL 5950659, at *3 (citing *Daimler AG v. Bauman,* 134 S.Ct. 746, 751 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown,* 131 S.Ct. 2846, 2851 (2011) (internal quotation marks and alteration omitted)).

[12] *Greving*, 743 F.3d at 492 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416(1984)).

"aris[es] out of or relate[s] to the defendant's contacts with the forum."[13] "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities."[14]

Plaintiffs' Complaint fails to allege sufficient facts to give rise to personal jurisdiction – either specific or general – over any of the PJ Defendants. Plaintiffs appear to allege specific jurisdiction by simply asserting in their Complaint's Paragraph 7: "Defendants [apparently all of them] transact business and committed a tortious act in Illinois. Further, by engaging in solicitation activities within Illinois, Defendants have subjected themselves to the personal jurisdiction of Illinois. In addition, Verrillo, Poole, and Higgins are subject to the personal jurisdiction of Illinois based on their personal involvement in the business, solicitation, and tortious activities conducted on HCL's behalf in Illinois."[15]

### i. The Court Does Not Have Personal Jurisdiction over Verrillo, Lambert, Poole, and Higgins

The individual Defendants Verrillo, Lambert, Poole, and Higgins (the "Individual Defendants") all lack sufficient contacts (any contacts) with Illinois for the Court to assert either general or specific jurisdiction over them.[16] The Individual Defendants are residents of Broward

---

[13] *Nicholson*, 2015 WL 5950659, at *3 (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 n.8 (1984); see also *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–73 (1985)).

[14] *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (citing *Burger King*, 471 U.S. at 472; *see also Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (explaining that there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State")).

[15] Complaint, p. 3, ¶ 7. Plaintiffs do not mention Lambert in this paragraph together with the other listed individual Defendants. However, in an abundance of caution, this Motion assumes Plaintiffs intend this paragraph apply to Lambert, as well.

[16] *See* **Exhibit "A,"** Declaration of James H. Verrillo (the "Verrillo Dec."); **Exhibit "B,"** Declaration of Daniel E. Lambert (the "Lambert Dec."); **Exhibit "C,"** Declaration of Jennifer Poole (the "Poole Dec."); and **Exhibit "D,"** Declaration of Donna Higgins (the "Higgins Dec.").

County, Florida.[17] None of them are, and never have been, residents or citizens of Illinois.[18] The Individual Defendants have never, and currently do not, own, lease, possess, or use any real or personal property located in the State of Illinois, nor do any have personal bank accounts located therein.[19] Moreover, none of the Individual Defendants conduct or transact business in the State of Illinois.[20] None of the Individual Defendants have ever had any contact whatsoever with either Plaintiff Bakov or Plaintiff Herrera,[21] and Plaintiff Bakov and Plaintiff Herrera do not allege that they did. Accordingly, none of the traditional "continuous and systematic" contacts establishing general jurisdiction exist as to the Individual Defendants. The Individual Defendants have absolutely no contact with Illinois on which to premise personal jurisdiction.

Furthermore, specific jurisdiction cannot be exercised where, as here, Plaintiffs' claims do not relate to any of the Individual Defendants' forum state activities because the Individual Defendants did not make the calls alleged in the Complaint, and accordingly, have no reason to expect to be haled before an Illinois court. While Plaintiffs' Complaint is rife with conclusions about the alleged benefits, directives, and interests the Individual Defendants allegedly derive from HCL,[22] Plaintiffs fail to plead how any of those allegations connect the Individual Defendants' actions to the forum State of Illinois. Plaintiffs' failure to make this connection is fatal.[23]

---

[17] Verrillo Dec. at ¶ 5–6; Lambert Dec., at ¶ 5–6; Poole Dec., at ¶ 4–5; Higgins Dec., at ¶ 5–6.
[18] *Id.*
[19] Verrillo Dec. at ¶ 18, 21; Lambert Dec., at ¶ 18, 21; Poole Dec., at ¶ 19, 22; Higgins Dec., at ¶ 20, 23.
[20] Verrillo Dec. at ¶ 10–23; Lambert Dec., at ¶ 10–23; Poole Dec., at ¶ 9–24; Higgins Dec., at ¶ 10–25.
[21] Verrillo Dec. at ¶ 7–9, 28; Lambert Dec., at ¶ 79, 27; Poole Dec., at ¶ 6–8, 29; Higgins Dec., at ¶ 7–9, 31.
[22] Complaint, pp. 8–16, ¶¶ 59–129.
[23] *Flexicorps, Inc.,* 2007 WL 1560212, at *3 (emphasis added) ("Plaintiff argues that because BW Debt Collectors was a 'sham' corporation and the 'alter ego' of Mecca, the fiduciary shield should be pierced and BW Debt Collectors' contacts with Illinois should provide a sufficient basis for personal jurisdiction over Mecca. Plaintiff puts the cart before the horse. In order for the fiduciary shield doctrine to apply, ***the individual first must have minimum contacts with the forum state sufficient to establish personal jurisdiction***.").

In fact, Plaintiffs have not even pleaded, let alone established, a need for Illinois to provide a forum in this case as Plaintiffs' two causes of action in no way relate to the Individual Defendants' contact – or lack thereof – with Illinois. Certainly the Individual Defendants are amenable to suit in Florida, whose courts can properly exercise personal jurisdiction. Moreover, the convenience of the parties weighs against litigating this case in Illinois. As evidenced by the Declarations of Verrillo, Lambert, Poole, and Higgins, the Individual Defendants are non-residents and will be greatly inconvenienced if each are required to come to Illinois to litigate this case. Under these factual circumstances, there is no question that the exercise of personal jurisdiction over the Individual Defendants would offend traditional notions of fair play and substantial justice. Accordingly, the Complaint must be dismissed.[24]

### ii. The Court Does Not Have Personal Jurisdiction over CTH

Similarly, CTH lacks sufficient contacts with Illinois for the Court to assert either general or specific jurisdiction over it. CTH is a holding company that is separate and distinct from Defendant HCL, does not engage in "continuous and systematic" general business activities in the State of Illinois or elsewhere, keeps its own separate books and records from HCL, and does

---

[24] *See Flexicorps, Inc.*, 2007 WL 1560212, at *3 (emphasis added) ("Plaintiff has not established through affidavits or other evidence that Mecca personally directed BW Debt Collectors' activities in Illinois generally or the unsolicited fax specifically. Plaintiff, for example, could have taken the depositions of BW employees to determine Mecca's role in the day-to-day operations of BW Debt Collectors. *It is not enough that Mecca had a controlling interest in BW Debt Collectors*. *See, e.g., Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir.2000) (*corporate ownership alone is not sufficient for personal jurisdiction*); *Alpert v. Bertsch*, 235 Ill.App.3d 452, 176 Ill.Dec. 333, 601 N.E.2d 1031, 1035 (Ill.App.1992) (*no personal jurisdiction over nonresident corporate shareholders and directors who did not engage in tortious conduct in Illinois*). Since Plaintiff has not met its threshold burden of showing Mecca's contacts with Illinois, Plaintiff cannot use the fiduciary shield doctrine to expand this Court's exercise of personal jurisdiction-the fiduciary shield is just that, a shield, not a sword."). Even though the Northern District of Illinois distinguished *Flexicorps, Inc.*, in *Creative Montessori Learning Center*, 2010 WL 3526691, at *3, the result in *Creative* would nonetheless provide guidance here, as merely alleging conclusions about an interest in a parent company or alleging conclusions about control over an entity is insufficient to impose personal jurisdiction over a party, without showing the party's individual minimum contacts to the forum state.

not exert any control over HCL's daily affairs.[25]   As a Florida corporation without any business operations or employees in either its state of incorporation, or Illinois, CTH has not purposefully availed itself of the forum State of Illinois such that it would be subject to specific jurisdiction.[26] Plaintiffs' allegations that HCL is an "alter ego" of CTH[27] is similarly inadequate where the Plaintiffs cannot show CTH purposefully made any acts directed to Illinois.[28]   And, like the Individual Defendants, CTH did not make the calls alleged in Plaintiffs' Complaint.[29] Accordingly, the Complaint should be dismissed.

### B.  The Complaint Fails to State a Claim under either the TCPA or the ATDA against the Defendants

Defendants Verrillo, Lambert, Higgins, Poole, the Defendant CTH, and the Defendant HCL move to dismiss the Complaint against them on the basis that the Plaintiffs fail to state claims against the Defendants under the TCPA and the ATDA.  "A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted."[30]   To satisfy the pleading requirements of Fed. R. Civ. P. 8(a), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[31]   "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[32]   A "sheer possibility that the defendant has acted unlawfully" is insufficient, and "factual allegations must be enough to raise a right to relief above the speculative level."[33]   When examining the merits of

---

[25] *See* **Exhibit "E,"** Declaration of Daniel E. Lambert regarding CTH (the "CTH Dec."), at ¶¶ 8–10.
[26] CTH Dec., at ¶¶ 4, 5, 8, 15.
[27] Complaint, pp. 8–9, ¶¶ 59–69.
[28] *See supra* note 24.
[29] CTH Dec., at ¶ 26.
[30] *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir.2012).
[31] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[32] *Id.* at 556.
[33] *Id.* at 555-56.

a Rule 12(b)(6) motion, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[34] Thus, "bare assertions" which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, must be rejected as "conclusory and [are] not entitled to be assumed true."[35]

Plaintiffs fail to plead causes of action under both the TCPA and the ATDA. Here, Plaintiff Bakov pleads that he received three (3) calls to his cellular phone, but only answered one of them.[36] Plaintiff Herrera pleads that she answered a call on her cellular phone but "could make out only muffled, indistinguishable voices."[37] Then, the following day Plaintiff Herrera *dialed the number herself* and heard a prerecorded message.[38] These scant facts regarding the allegedly violative calls made to the Plaintiffs, coupled with the conclusory allegations about the Defendants' relationships to one another[39] and the bare recitation of the elements in both counts,[40] fail to state a claim under either the TCPA or the ATDA.

### i. The Complaint Improperly "Lumps" All Defendants Together

When a complaint involves multiple parties and multiple claims, each claim should make it clear which defendant or defendants are alleged to have committed which wrong(s). "If it is 'impossible to tell from the face of the complaint which defendants were accused of which violations, what specific acts constituted violations, or when alleged violations occurred,' such a complaint fails to state a claim upon which relief can be granted."[41] Courts have consistently

---

[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[35] *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555).
[36] Complaint, p. 5–6
[37] Complaint, p. 7, ¶ 52.
[38] Complaint, p. 7, ¶ 53.
[39] Complaint, pp. 8–16, ¶¶ 59–129.
[40] Complaint, pp. 19–21, ¶¶ 140–146, 147–156.
[41] *Howley v. U.S. Patent and Trademark Office*, No. 08-13976-BC, 2008 WL 4852684, at * 2 (E.D. Mich. 2008); *Wilstein v. San Tropai Condo. Master Ass'n*, No. 98 C 6211, 1999 WL 51805, at *5 (N.D. Ill. Jan. 30, 1999) (emphasis added) ("In the present matter, Wilstein's complaint, as presently drafted, is too

found that "lumping" defendants together fails to satisfy Fed. R. Civ. P. 8(a) because, in large part, a complaint employing such a technique fails entirely to assert individualized allegations as to each separate defendant.[42] According to the court in *Citco Group*, "[t]his lumping technique 'creates confusion and make[sic] the analysis [of the complaint] unnecessarily burdensome,' resulting in . . . making accusations that are 'just not accurate.'"[43] In *Howley*, the plaintiff's complaint was dismissed for the very same reasons as those asserted herein, that is, that the Complaint "never alleges that any specific wrong was committed by any distinct defendant. Instead, the complaint only refers to 'defendant(s)' collectively."[44] For this reason alone, dismissal is warranted.

In addition to improperly "lumping" all Defendants together, Plaintiffs have also attempted to "lump" multiple causes of action into two counts. This, too, is an improper pleading practice warranting dismissal of the Complaint.[45] Pursuant to Rule 10(b), separate statements of claims may be required where there are several defendants in a single complaint.[46]

---

vague, ambiguous and imprecise to allow any defendant to formulate an answer or other responsive pleading. Wilstein's complaint includes over six and a half pages of 'Factual Allegations' that he seemingly relies upon to form the bases for each of his nine counts. In general, Wilstein fails to identify which defendant or defendants each count is brought against and, in those instances in which Wilstein does identify individual defendants, he fails to identify in what capacity each count is brought against him. Furthermore, in count IX, for intentional infliction of emotional distress, Wilstein completely fails to identify a single defendant against whom he brings the claim.").

[42] *See, e.g., Court Appointed Receiver of Lancer Offshore, Inc. v. The Citco Group Ltd.*, No. 05-60080, 2011 WL 1233126 (S.D. Fla. Mar. 30, 2011).

[43] *Id.* at *2 (quoting *Court Appointed Receiver of Lancer Offshore, Inc. v. The Citco Group Ltd.*, No. 05-60080, 2008 WL 926512 (S.D. Fla. Mar. 31, 2008)).

[44] *Id.*

[45] *See* Fed. R. Civ. P. 10(b) (requiring "separate statements" and a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to single set of circumstances . . . [and] each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.").

[46] *See Herrera v. Rector*, No. 03-cv-6377, 2004 WL 2047562, at *2 (N.D. Ill. Sep. 13, 2004) ("Federal Rules of Procedure 10(b) states that 'each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count or defense whenever separation facilitates the clear presentation of the matters set forth.' Fed.R.Civ.P. 10(b). Pursuant to Rule 10(b), separate statements of claims may be required where there are several defendants in a single complaint.").

Here, there are six (6) Defendants, a single complaint, and two counts in which all six Defendants are alleged to have apparently performed the exact same acts in tandem by virtue of being grouped together. Accordingly, the Complaint must be dismissed.

### ii. The Complaint Fails to State a Claim under the TCPA

The TCPA makes it unlawful to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice" to a person's cellular telephone.[47] To state a TCPA cause of action, a plaintiff must allege: (1) that a call was made; (2) using an ATDS or artificial or prerecorded voice; (3) the number called was assigned to cellular telephone service; and (4) the call was not made with the prior express consent of the recipient.[48]

Here, Plaintiffs Bakov and Herrera fail to state the requisite elements for a TCPA claim. First, Plaintiff Bakov alleges that he received three phone calls, but only answered one.[49] Thus, for the two calls he did not answer, Plaintiff Bakov cannot plead that he received an automatic telephone call or heard a prerecorded voice.[50] Additionally, the Plaintiff Herrera pleads that when she answered the one call she received she did not hear anything clearly. Accordingly, she

---

[47] *Martin v. Direct Wines, Inc.*, No. 15 C 757, 2015 WL 4148704, at *1 (N.D. Ill. July 9, 2015); 47 U.S.C. § 227(b)(1)(A)(iii).

[48] *See Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 905 (N.D Ill. 2012) (citing *Pimental v. Google Inc.*, No. 11-2585, 2012 WL 691784, at *2 (N.D. Cal. Mar 2, 2012)).

[49] Complaint, pp.5–7, ¶¶ 34–48.

[50] *Martin*, 2015 WL 4148704, at *2 (court found that plaintiff failed to "raise a right to relief above the speculative level on a TCPA claim" when plaintiff failed to allege facts about having received a call made with an ATDS); *see also Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (". . . a plaintiff must supply enough additional, independent facts 'to raise a reasonable expectation that discovery will reveal evidence' of the alleged misconduct. *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. For example, a TCPA plaintiff could describe the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the 'person' calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was pre-recorded or delivered via an ATDS. Plaintiff does not do so in the present case and may not rely on the discovery process to cure such deficiencies in his complaint. *See id.* at 559, 127 S.Ct. at 1967.")

cannot meet the requisite element of identifying the call she received as being dialed with an ATDS or using a prerecorded voice.[51] Further, Plaintiff Herrera *herself* dialed the telephone number that led her to hear a prerecorded voice – *not the other way around*. Thus, Plaintiffs fail to state plausible claims of violations under the TCPA.

### iii. The Complaint Does Not Allege Facts Sufficient to State Plausible Claims for Direct, Vicarious, or Personal Liability under the TCPA

In their TCPA count, Plaintiffs make blanket conclusions, such as "Defendants and/or their agents made phone calls to the cellular telephone numbers of Plaintiffs and the other Class members en masse without their prior express consent,"[52] and "Defendants made the calls, or had them made on HCL's behalf."[53] Plaintiffs appear to be trying to capture multiple theories of liability by pleading these different permutations of acts taken by the Defendants (apparently, together as a group). Under all applicable theories of liability under the TCPA, however, Plaintiffs fail to state a claim.

### 1. Direct Liability

Plaintiffs allege Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).[54] Direct liability under the TCPA, however, applies only to entities that "initiate" the telemarketing calls.[55] Plaintiffs fail to make non-conclusory allegations that any of the Defendants physically placed the calls at issue. This combination of each Defendant (that is, all six of them) having made the calls and having them made on their own behalves is the very illustration of implausibility that runs afoul of the Fed. R. Civ. P. 8(a) requirements of *Twombly* and *Iqbal* (much in the same vein as the Plaintiffs failing to allege even the basic elements of a TCPA claim, as explained above).

---

[51] *See Martin*, 2015 WL 4148704, at *2; *Johansen*, 2012 WL 6590551, at *3.
[52] Complaint, p. 19, ¶ 141.
[53] Complaint, p. 19, ¶ 142, 144.
[54] Complaint, p. 20, ¶ 145.
[55] *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014).

16

Further, this Court has held that this kind of pleading is a failure to develop an argument that "on behalf of" liability under 47 U.S.C. § 227(b)(1)(A)(iii) is equivalent to direct liability.[58]  To be sure, Plaintiffs fail to allege direct liability.

## 2.  Vicarious Liability

Merely *stating* Defendants have agents acting "on behalf of" HCL does not constitute factual allegations necessary to sustain a TCPA claim.[59]  Plaintiffs fail to plead the elements of any vicarious liability theory, such as actual authority,[60] apparent authority,[61] or ratification.[62]  Plaintiffs fail to show that a formal agency relationship existed between any of the six Defendants in connection with the calls allegedly made to the Plaintiffs, such that a particular Defendant was responsible for the calls made to both Plaintiffs.[63]  Instead, Plaintiffs plead conclusory statements about the alleged inner workings of the Defendants, but do not specifically

---

[58] *See Toney v. Quality Resources*, 2014 WL 6757978, *9 (N.E. Ill., Dec. 1, 2014) (plaintiff "fails to develop any argument, however, that 'on behalf of' liability under this provision is equivalent to direct liability, and thus waives the argument").

[59] *Cunningham v. Kondaur Capital*, 2014 WL 8335868, *3 (M.D. Tenn. 2014) ("the mere possibility that a defendant may be vicariously liable is not sufficient to state a claim for relief, and pleading facts that are merely consistent with liability is not enough"); *Golan v. Veritas Entertainment, LLC*, 2014 WL 2095310, *3 (E.D. Mo. 2014); *Thomas v. Taco Bell Corp.,* 582 Fed. Appx. 678, 679 (9th Cir. 2014); *Bank v. Philips Electronics N. Amer. Corp.*, 2015 WL 1650926, *3 (E.D.N.Y. 2015); *The Siding & Insulation Co. v. Alco Vending, Inc*., 2015 WL 1858935 (N.D. Ohio Apr. 22, 2015) (granting summary judgment in TCPA case because plaintiff failed to plead vicarious liability in complaint); *Jackson v. Caribbean Cruise Line, Inc.*, 2015 WL 667862, *7-8 (E.D.N.Y. 2015).

[60] "An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act."  *See* Restatement (Third) of Agency § 1.01 (2006).

[61] "Apparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief if reasonable and is traceable to a manifestation of the principal."  *Toney*, 2014 WL 6757978 at *12 (citing the Restatement (Third) of Agency § 2.03 cmt. c).

[62] "Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority."  *Toney*, 2014 WL 6757978 at *12 (citing the Restatement (Third) of Agency § 4.01(1)).

[63] *See Smith*, 30 F. Supp. 3d at 777 (citing *Sefton v. Toyota Motor Sales U.S.A.*, No. 09 C 3787, 2010 WL 1506709, at *3 (N.D.Ill. Apr. 14, 2010) (dismissing claim against purported principal where the plaintiff failed to plead "allegations concerning an actual agency relationship beyond purely conclusory statements")).

plead how these inner workings *are connected to the calls they received*.  For example, the Complaint fails to answer the most basic question when analyzing agency, that is:  *As between the six named Defendants, who is the principal and who is the agent?*

Further, in *Toney v. Quality Resources*, this Court held that neither apparent authority nor ratification were sufficiently plead.  The plaintiff there failed to plead that she reasonably believed that the telemarketer was the seller's agent, and she also failed to trace any belief she may have had about the relationship between the telemarketer and the seller to a manifestation of the seller (the alleged principal), rather than a representation made by the telemarketer (the alleged agent).[64]  The *Toney* court also dismissed the plaintiff's ratification theory because she did not allege that the seller accepted any benefit from the telemarketer's telemarketing calls to the plaintiff, and also failed to allege that she did business with the seller as a result of the telemarketer's calls.[65]  Similarly, while the Plaintiffs may allege conclusions about regarding the alleged inner workings of the Defendants, the Plaintiffs nonetheless fail to connect those dots to the calls that were made to them.  Neither Plaintiff Bakov nor Plaintiff Herrera plead that they reasonably believed that, as a result of the calls that were made to them, one Defendant acting as the agent of another Defendant.  In fact, Plaintiffs do not allege that they spoke specifically with any of the Defendants.  Instead, Plaintiffs allege that all of the Defendants, together, made calls, or had them made on HCL's behalf, to the Plaintiffs.[66]  And, neither Plaintiff Bakov nor Plaintiff Herrera plead that they accepted any benefit from an alleged agent and subsequently did business with any Defendant as a result of ratification.

Indeed, Plaintiffs fail to allege any plausible basis to hold any of the Defendants liable under a ratification theory, much less under any other vicarious liability theory.

---

[64] *See Toney*, 2014 WL 6757978 at *11.
[65] *See id.* at *12.
[66] *See supra* notes 41 and 42.

### 3. Personal Liability

Plaintiffs fail to state any facts that would suffice to state a plausible claim for personal liability under the TCPA against the Individual Defendants. Absent an expression of contrary intent, "when Congress creates a tort action, it legislates against a legal background of ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules."[74] Under the general background principles of vicarious liability, "in the absence of special circumstances it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by its employees or agents."[75] "A corporate employee typically acts on behalf of the corporation, not its owner or officer."[76] This district has even held that, albeit at the summary judgment stage, that premising an employee's liability solely on his or her status as "the head of marketing" – as Plaintiffs attempt to do for Poole and Higgins – "would run afoul of the principle that a corporate officer may not be liable for corporate acts based purely on his or her status in the corporation."[77]

In *Savanna Grp., Inc.*, this Court cites to *Mais v. Gulf Coast Collection Bureau, Inc.*,[78] which is instructive here. In *Mais*, Jack W. Brown was named a defendant in a putative TCPA class action. Plaintiff alleged Brown was the "vice president and 20% owner of" Golf Coast, the corporate defendant, and the person who "controlled the policies and practices of Gulf Coast regarding the TCPA and who authorized those policies and practices complained of herein."[79] Although the case was at the summary judgment stage, the court pointed out that the complaint's "scant factual allegations as to [Brown's] role in the conduct complained of" precluded Plaintiff

---

[74] *Savanna Grp., Inc. v. Trynex, Inc.*, No. 10 C 7995, 2013 WL 4734004, at *7 (N.D. Ill. Sept. 3, 2013) (citing *Meyer v. Holley*, 537 U.S. 280, 285 (2003)).
[75] *See Meyer*, 537 U.S. at 285.
[76] *Id.* at 829.
[77] *Savanna Grp., Inc.*, 2013 WL 4734004, at *8.
[78] 11–61936–CIV–SCOLA, No. 11–cv–61936, 2013 WL 1283885, at *1 (S.D.Fla. Mar.27, 2013).
[79] *Id.* at *1 & 3 (quoting plaintiff's complaint) (brackets omitted).

from obtaining "any relief from Brown as a matter of law."[80]  Alternatively, the court awarded Brown summary judgment on the merits because, "[w]hile Brown is the person who allegedly authorized the use of Gulf Coast's dialer, there is no evidence of plainly violative conduct by Brown personally; indeed, there is no evidence that he had anything personally to do with the calls made to Plaintiff or any putative class member."[81]

Here, Plaintiffs plead conclusory facts about, *inter alia*, the alleged inner workings of the Defendants, the alleged financial interests of Lambert and Verrillo, the control that Lambert, Verrillo, Poole, and Higgins allegedly had on the marketing decisions on behalf of HCL.[82]  But, like in *Mais*, Plaintiffs fail to show a connection between these allegations and the specific calls that were allegedly made to the Plaintiffs.  Indeed, Plaintiffs fail to allege facts sufficient to plausibly claim that any of the Individual Defendants (and which of them) were directly involved in the calls at issue or authorized them, let alone with the requisite knowledge that the authorized conduct clearly violates the TCPA.  At most, Plaintiffs' Count I consists of conclusory statements unadorned with any ***facts linking the acts of the Individual Defendants to the phone calls that were made to the Plaintiffs*** that fails to render the claim for relief plausible, requiring dismissal.[83]

### iv.  Plaintiffs Fail to State a Plausible Claim under the ATDA

To state a claim under the ATDA, a plaintiff must allege that (1) plaintiff is a telephone customer; (2) the defendant placed a call using an autodialer; (3) the defendant played a prerecorded message; (4) the call was not made with plaintiff's consent; and (5) plaintiff was

---

[80] *Id.* at *3.
[81] *Id.* at *4 (internal quotation omitted).
[82] Complaint, pp. 8–16, ¶¶ 59–129.
[83] *Twombly*, 550 U.S. at 555 (requiring "more than labels and conclusions," and noting that "a formulaic recitation of the elements of a cause of action will not do").

injured by the defendant's alleged violation.[84]   A with the TCPA count, Plaintiffs fail to plausibly plead which "Defendants and/or their agents made phone calls"[85] and "made the calls, or had them made on HCL's behalf"[86] to identify which Defendant is allegedly responsible for the calls allegedly made, thereby running afoul of *Twombly* and *Iqbal* at the outset of their ATDA claim.

Furthermore, Plaintiffs fail to plead sufficient facts to allege all of the necessary elements of an ATDA claim.  Plaintiff Bakov pleads that he received three (3) calls to his cellular phone, but only answered one of them.[87]   Thus, for the two other calls he alleges to have received, but apparently did not answer, he fails to plead sufficient facts showing that those two calls were placed using an autodialer and that they played a prerecorded message, thereby failing to state a claim under the ATDA.[88]   Further, Plaintiff Herrera pleads that she answered a call on her cellular phone but "could make out only muffled, indistinguishable voices."[89]   Then, the following day Plaintiff Herrera ***dialed the number herself*** and heard a prerecorded message.[90] Plaintiff Herrera fails to plead that she was on the receiving end of a prerecorded message – and, in fact, appears to have consented to hear the alleged prerecorded message by dialing the telephone number herself – thereby failing to state a claim under the ATDA.[91]   Furthermore,

---

[84] *Thrasher-Lyon*, 861 F.Supp.2d at 905.

[85] Complaint, p. 20, ¶ 149.

[86] Complaint, p. 20, ¶ 150.

[87] Complaint, p. 5–6

[88] *See Thrasher-Lyon*, 861 F. Supp. 2d at 907 ("Accordingly, Plaintiff's [ATDA] claim against [defendant] is dismissed because Plaintiff fails to sufficiently allege that she suffered any damages or that [defendant] placed telephone calls using a 'recorded message' or an 'autodialer' as those terms are defined in the [ATDA].").

[89] Complaint, p. 7, ¶ 52.

[90] Complaint, p. 7, ¶ 53.

[91] Although affirmative defenses are generally not appropriate grounds for dismissal at the complaint stage because plaintiffs are not required to plead facts in the complaint to anticipate and defeat affirmative defenses, where a plaintiff's complaint sets out all of the elements of an affirmative defense, dismissal under Fed. Civ. P. 12(b)(6).  *See Thrasher-Lyon*, 861 F. Supp. 2d at 904 (citations omitted).  Here, the

neither Plaintiff sufficiently alleges the actual injury suffered under the ATDA – aside from the conclusory and vague description of "monies paid" to their cellular carriers for the receipt of such calls[92] – thereby requiring dismissal of the ATDA count.[93]

### III.  CONCLUSION

This Court does not have personal jurisdiction over Defendants CTH, Verrillo, Lambert, Poole, and Higgins, and the Plaintiffs fail to sufficiently plead a prima facie case of personal jurisdiction over these Defendants, under either general or specific jurisdiction theories.  Further, Plaintiffs' TCPA and ATDA claims are not plausibly stated against Defendants HCL, CTH, Verrillo, Lambert, Poole, and Higgins, and are supported only by generalized, conclusory allegations that do no more than connect scant plead facts specific to the two Plaintiffs to threadbare recitals of legal elements in the two counts.  Accordingly, the Consolidated Class Action Complaint should be dismissed with prejudice.

---

only thing Plaintiff Herrera has plausibly plead is an affirmative defense for the Defendants that she consented to hear a prerecorded message.

[92] Complaint, p. 2, ¶ 3, p. 12, ¶ 95, p. 20, ¶ 145, p. 21, ¶ 156.

[93] *See Thrasher-Lyon*, 861 F. Supp. 2d at 906 ("[A]ctual injury or damages are an element of [an ATDA] claim . . .. Nowhere in [plaintiff's] complaint, however, does she detail the precise injury she suffered or how she was damaged or injured by [defendant's] alleged violations of the [ATDA's] recorded messages provision.").

DATED: <u>November 17, 2015</u>

Respectfully Submitted,

<u>/s/ Jeffrey A. Backman</u>
Richard W. Epstein, Esq.
FL BAR NO. 229091
Jeffrey A. Backman, Esq.
FLA. BAR NO. 662501
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-491-1120
Fax: 954-213-0140
Email: richard.epstein@gmlaw.com
Email: jeffrey.backman@gmlaw.com
*PRO HAC VICE*

-and-

Timothy Hudson, Esq.
TABET, DIVITO & ROTHSTEIN LLC
FIRM NO. 38234
209 South LaSalle Street, 7th Floor
Chicago, IL  60604
Phone: 312-762-9476
Fax: 312-762-9451
thudson@tdrlawfirm.com

*Attorneys for Consolidated World Travel, Inc. d/b/a Holiday Cruise Line, Consolidated Travel Holdings Group, Inc., Donna Higgins, Daniel E. Lambert, Jennifer Poole, and James H. Verrillo*

23

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2015, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

*/s/ Jeffrey Backman*
Jeffrey Backman, Esq.

## SERVICE LIST

**Jeffrey Grant Brown**
JEFFREY GRANT BROWN, P.C.
221 North LaSalle Street, Suite 1414
Chicago, Illinois 60601
Tel: 312.789.9700 xt.1
Fax: 312.789.9702
Email: Jeff@jgbrownlaw.com

**Richard W. Epstein, Esq.**
**Jeffrey A. Backman, Esq.**
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-491-1120
Fax: 954-213-0140
Email: richard.epstein@gmlaw.com
Email: jeffrey.backman@gmlaw.com

**Joseph J. Siprut, Esq.**
**Ismael T. Salam, Esq.**
Siprut PC
12 N. Suite St., Suite 1600
Chicago, IL 60602
Tel: 312-236-0000
Fax: 312-878-1342
Email: jsiprut@siprut.com
Email: isalam@siprut.com

**Robert R. Ahdoot, Esq.**
**Tina Wolfson, Esq.**
Ahdoot & Wolfson, PC
1016 Palm Avenue
West Hollywood, CA 90069
Email: rahdoot@ahdootwolfson.com
Email: twolfson@ahdootwolfson.com