**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANGEL BAKOV and JULIE HERRERA, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:15-cv-02980 |
| | ) | Hon. Harry D. Leinenweber |
| Plaintiffs, | ) | |
| v. | ) | Hon. Susan E. Cox |
| | ) | |
| CONSOLIDATED TRAVEL HOLDINGS GROUP, INC., a Florida corporation; CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, a Florida corporation; JAMES H. VERILLO, an individual; DANIEL E.LAMBERT, an individual; JENNIFER POOLE, an individual; and DONNA HIGGINS, an individual, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.
d/b/a HOLIDAY CRUISE LINE'S MOTION TO STAY**

Defendant Consolidated World Travel, Inc. d/b/a Holiday Cruise Line, a Florida corporation ("HCL")[1] file this Motion to Stay pending decisions by the United States Supreme Court in *Spokeo v. Robins*[2] and *Campbell-Ewald Co. v. Gomez*,[3] and in support thereof state the following.

---

1.    Defendants Consolidated Travel Holdings Group, Inc., James H. Verrillo, Daniel E. Lambert, Jennifer Poole, and Donna Higgins (the "PJ Defendants"), together with HCL, filed an Omnibus Motion to Dismiss the Consolidated Class Action Complaint on November 17, 2015 [D.E. 44] that is *sub judice*. The PJ Defendants raise personal jurisdiction arguments in the Omnibus Motion to Dismiss and reserve those arguments herein.

2.    135 S. Ct. 1892 (2015).

3.    135 S. Ct. 2311 (2015).

## I.     INTRODUCTION

In their Consolidated Class Action Complaint ("CCAC"), Plaintiffs Angel Bakov ("Plaintiff Bakov") and Julie Herrera ("Plaintiff Herrera") seek statutory damages under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"),[4] and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305/1, *et seq.* (the "ATDA").[5]   In addition, Plaintiffs merely allege that they suffered "actual harm" by virtue of receiving calls on their cellular telephones.  Plaintiffs do not otherwise allege that either of them suffered any type of harm or injury as a result of receiving these telephone calls.

Defendant HCL is prepared to make offers of judgment to Bakov and Herrera pursuant to Federal Rule of Civil Procedure 68 ("Rule 68"), offering Plaintiffs full and complete relief for their claims of $1,500.00 per telephone call under the TCPA, $500.00 per telephone call under the ATDA, recoverable costs, and injunctive relief in the form of not making calls to the Plaintiffs' cellular telephone numbers.  Additionally, HCL is prepared to make a non-Rule 68 settlement offer to the Plaintiffs for full and complete relief for their claims.

These events – Plaintiffs' allegation of no actual injury and HCL's intent to offer the Plaintiffs complete relief – implicate two potentially dispositive issues that are scheduled to be decided by the Supreme Court this Term.  In *Spokeo*, the Supreme Court will determine whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.[6]  The answer to *Spokeo*'s certified question directly impacts whether the Plaintiffs and the putative class members each have

---

4.     *See* CCAC [D.E. 31], ¶¶ 140–146.
5.     *See* CCAC, ¶¶ 147–156.
6.     Pet. for Writ of *Certiorari*, at I, *Spokeo, Inc. v. Robins*, 2014 WL 1802228 (U.S. May 1, 2015) (attached hereto as **Exhibit "A"**).

standing in this action under the TCPA by virtue of their bare statutory violations when they, similarly, have not suffered any concrete harm. This, in turn, affects the Plaintiffs' ability to certify their classes where individualized issues will predominate if each individual class member would need to show an actual injury beyond a mere statutory violation.

*Campbell-Ewald*, like this case, is a TCPA putative class action where the defendant offered the named plaintiff more than full satisfaction of his individual claims. The Supreme Court will decide whether a putative class action becomes moot when the named plaintiff receives an offer under Rule 68 of complete relief on his or her claim.[7] An answer in the affirmative would potentially bring an end to these proceedings as mooted, since HCL intends to offer both Plaintiffs complete relief (in fact, more than complete relief) on their TCPA (and ATDA) claims.

Accordingly, at this juncture in the proceedings, where HCL is prepared to serve an offer of judgment and/or a settlement offer providing Plaintiffs complete relief, a stay of the proceedings pending the outcomes in *Spokeo* and *Campbell-Ewald* is in the interests of judicial economy and the public welfare, and would not prejudice either Plaintiff in this action.

## II. ARGUMENT

### A. Courts Routinely Stay Cases Under These Circumstances

Two pending Supreme Court decisions may each have a significant, if not dispositive, effect on threshold issues of standing and mootness and subject-matter jurisdiction in this case. There is substantial precedent for granting a stay under such circumstances. Courts sitting in the Seventh Circuit and elsewhere have routinely stayed proceedings in cases pending the Supreme Court's resolution of a related case that may be dispositive or significantly affect the case being

---

7. Pet. For Writ of *Certiorari*, at I, *Campbell-Ewald Co. v. Gomez*, 2015 WL 241891 (U.S. Jan. 16, 2015) (attached hereto as **Exhibit "B"**).

stayed.[8]  And, more specifically, a significant and increasing number of courts have stayed cases

on account of the very Supreme Court cases at issue here, *Spokeo* and/or *Campbell-Ewald*.[9]

While Plaintiffs may argue that Seventh Circuit precedent is in agreement with the Ninth

Circuit decision being appealed in *Campbell-Ewald* – that a class action plaintiff's "individual

claim is not mooted by an unaccepted Rule 68 offer of judgment"[10] – that fact does not preclude

a stay.  Indeed, a large number of the courts that have stayed proceedings pending rulings in

*Spokeo* and *Campbell-Ewald* are courts within the Ninth Circuit, the Circuit Court of Appeals

from which both appeals originated.

Moreover, while *Spokeo* involves the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

("FCRA"), and not the TCPA, its decision will nonetheless have a far reaching impact on all

cases in which a plaintiff seeks only statutory damages.[11]  The petition in *Spokeo* explains that

the question presented implicates claims brought under a wide range of federal statutes,

---

8.      *See Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1055 (S.D. Ill. 2006) (noting "such stays are entered quite routinely"); *Crosetto v. Heffernan*, 88 C 433, 1990 WL 32310, at *2 (N.D. Ill. Feb. 22, 1990) (granting defendant's motion to stay the proceedings until the Supreme Court "has had opportunity to consider and rule on the issues presented in the *Keller* case"); *Perrin v. Papa John's Int'l, Inc.*, 4:09-CV-01335-AGF, 2015 WL 3823142, at *4 (E.D. Mo. June 19, 2015) (holding that potentially dispositive impact of related case, combined with the efficiency of waiting for the Supreme Court's ruling, weighs heavily in favor of granting the stay); *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (granting stay where case on appeal to the Supreme Court had potential dispositive effect on the instant case); *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1247 (11th Cir. 2011) (noting the court had previously "stayed its . . . proceedings" in the case "'to await the Supreme Court's decision in *Vaden*, which raised a substantially similar jurisdictional question"); *Assoc. for Disabled Americans, Inc. v. Fla. Int'l Univ.*, 405 F.3d 954, 956 (11th Cir. 2005) (noting "appeal was stayed pending the Supreme Court's decision in *Tennessee v. Lane*").

9.      *See, e.g.*, *Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015); *Yaakov v. Varitronics, LLC*, No. CIV. 14-5008 ADM/FLN, 2015 WL 5092501 (D. Minn. Aug. 28, 2015); *Wolf v. Lyft, Inc.*, No. C 15-01441 JSW, 2015 WL 4455965 (N.D. Cal. July 20, 2015); *Provo v. Rady Children's Hosp.-San Diego*, No. 15CV0081 JM BGS, 2015 WL 6144029, *2 (S.D. Cal. July 29, 2015); *Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2015 WL 6159942, *2 (N.D. Cal. June 22, 2015).

10.     *See Webster v. Bayview Loan Servicing, LLC*, 15-1396, 2015 WL 6388907 (7th Cir. Oct. 21, 2015); *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015).

11.     *Duchene*, 2015 WL 5947669, *1 ("*Spokeo* itself deals with the Fair Credit Reporting Act, but a ruling in *Spokeo* would likely have a direct impact [on] other statutory damages cases, such as the present TCPA case.").

including the TCPA.[12] And, indeed, courts have stayed TCPA cases on the basis that *Spokeo* may directly apply.[13]  For example, the District Court for the Western District of Pennsylvania recently stayed a TCPA action pending the outcome in *Spokeo* because a ruling there "would likely have a direct impact [on] other statutory damages cases," such as its own.[14]  Additionally, the District Court for the Southern District of Florida imposed a stay in a TCPA action pending a decision in *Spokeo* because the court there found that the threshold issue of jurisdiction would impact whether that case could proceed at all.[15]  Similarly, in *Hillson v. Kelly Services, Inc.*,[16] the District Court for the Eastern District of Michigan held that "the Supreme Court's ruling in *Spokeo* has the high potential to directly impact this Court's anticipated class certification ruling, because it would appear to bear upon the issue of *whether the proposed class members have Article III standing*" under the FCRA.[17]   Such a decision would therefore require each putative class member to establish actual injury.  This would likely preclude class certification in these pure statutory damage cases, and, at the very least, would be an argument the court considering the class certification issue would need to analyze.

## B.  Legal Standard

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

12.    Ex. A at 16-19.

13.    *See, e.g., In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, Case No. 1:15-cv-00161-IMK (N.D.W. Va. Sept. 16, 2015) (granting stay in TCPA class action pending decisions in *Campbell-Ewald* and *Spokeo*) ) (a true and correct copy of the Order Staying Case is attached hereto as **Exhibit "C"**); *see Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433 (S.D. Fla. July 6, 2015) (granting stay in TCPA class action pending decisions in *Campbell-Ewald* and *Spokeo*); *Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*, CV 15-04767-AB (JCX), 2015 WL 6579779, at *2 (C.D. Cal. Oct. 19, 2015) (granting stay in TCPA case pending resolution of *Campbell-Ewald* and *Spokeo*).

14.    *See Duchene,* 2015 WL 5947669, *1.

15.    *See Boise*, 2015 WL 4077433, *5.

16.    No. 2:15-CV-10803, 2015 WL 4488493, *1 (E.D. Mich. July 15, 2015).

17.    *Id.* (emphasis added).

counsel, and for litigants.[18]  A district court may stay a case in order to allow a higher court in a separate case to settle issues of law that have a bearing on the matter to be stayed.[19]  Courts in this District consider three factors in determining whether a stay is appropriate:  (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court.[20]  The proponent of a stay has the burden of proving such a discretionary stay is justified.[21]  Here, a stay of the proceedings pending the decisions in *Spokeo* and *Campbell-Ewald* is warranted because the decisions will bear on whether the claims of the Plaintiffs and the putative class members in this action are mooted, as well as whether they have standing to even bring claims seeking only statutory damages under the TCPA and, for purposes of class certification, if they have the same injury that can be shown by common evidence.

### 1.  Either *Spokeo* or *Campbell-Ewald*  May Have Dispositive Effects on this Action

If the Supreme Court finds in *Spokeo* that alleging statutory damages is not enough to confer standing under Article III, then this Court will lack subject matter jurisdiction over this case.  This result undercuts Plaintiffs' entire case, which seeks recovery of only statutory damages.  Indeed, the *Spokeo* decision might require an immediate dismissal by this Court.[22]  And a decision in *Campbell-Ewald* that a named plaintiff's receipt of an offer of complete relief

---

18.    *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936).

19.    *Beydoun v. Holder*, No. 14-CV-13812, 2015 WL 631948, *2 (E.D. Mich. Feb. 13, 2015).

20.    *See Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (citing *Tap Pharmaceutical Prods., Inc. v. Atrix Laboratories, Inc.,* 03 C 7822, 2004 WL 422697, at *1 (N.D.Ill. Mar. 3, 2004).

21.    *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

22.    *See Duchene*, 2015 WL 5947669, *3 (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (holding that "an actual controversy must be extant at all stages of review," so "if an intervening circumstances deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during the litigation, the action can no longer proceed and must be dismissed as moot.")).

moots not only their individual claim, but perhaps the class action as well, would also effectively bring the case to a close. Awaiting a decision in *Spokeo* and *Campbell-Ewald* before requiring the parties or the Court to engage in any further proceedings that may be rendered unnecessary would be in line with how a number of other district courts have decided to handle the potentially dispositive effect of either *Spokeo* or *Campbell-Ewald* (or both).[23]

### 2. Staying this Action and Awaiting *Spokeo and Campbell-Ewald*'s Dispositive Decisions Will Save Judicial Economy

A stay is appropriate at this time because of *Spokeo* and *Campbell-Ewald*'s potentially dispositive consequences for the case at hand. Indeed, there is a real possibility that *Spokeo* and *Campbell-Ewald* will result in this Court losing jurisdiction to hear the case before it. If that happens, any judicial resources spent on this matter between now and then would have been wasted.[24] Accordingly, it is in the best interests of this Court's judicial economy to conserve its resources for those actions in which there is not a risk that an imminent decision from the Supreme Court will undo any Court decisions, and make costly and extensive motion practice, briefing, and discovery conducted by the litigants all for naught. As the District Court noted in

---

23.     *See, e.g.*, *In re: Monitronics Int'l, Inc.*, Case No. 1:15-cv-00161-IMK (granting parties' stipulation for stay pending the rulings of the Supreme Court of the United States in *Campbell-Ewald* and *Spokeo* for good cause shown); *Stone v. Sterling Infosystems, Inc.*, No. 2:15-CV-00711-MCE, 2015 WL 4602968, *1 (E.D. Cal. July 29, 2015) ("Defendant requests that this case be stayed pending the Supreme Court's decision in order to conserve judicial and party resources. The Court agrees that this is the most prudent approach."); *Boise*, 2015 WL 4077433, *6 ("Either of these two cases [*Ewald-Campbell* or *Spokeo*] may conclusively determine whether this Court has the subject matter jurisdiction to hear Plaintiff's claims at all. Therefore, . . . the significant 'time, expense, and resources required to litigate this case on the merits will be for naught if the Supreme Court rules either that plaintiffs like Boise lack Article III standing or that Boise's claims are moot (or both).'"); *Larson v. Trans Union, LLC*, No. 12-CV-05726-WHO, 2015 WL 3945052, *8 (N.D. Cal. June 26, 2015) ("The competing interests in this case favor a stay. Larson and the class will not be materially harmed by a stay pending resolution of the *Spokeo* appeal. The Supreme Court is likely to issue a decision in the case within one year."); *Syed v. M-I LLC*, No. 1:14-CV-00742-WBS, 2015 WL 3630310 (E.D. Cal. May 29, 2015) (granting parties' stipulation for stay pending decision in *Spokeo*) *Eric B. Fromer Chiropractic, Inc.*, 2015 WL 6579779, *2 ("Neither Plaintiff nor the class will be materially harmed by a stay pending resolution of *Campbell-Ewald* and *Spokeo*); *Wolf*, 2015 WL 4455965, *3 (granting defendant's motion to stay pending decision in *Campbell-Ewald*).

24.     *Duchene*, 2015 WL 5947669, *4 (citing *Hillson*, 2015 WL 4488493, *1).

*Fromer Chiropractic*, "if the case is not stayed, the Court, the parties, and the absent class members (who would soon receive class notice if the case were to go forward) would all face the risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary."[25] Here, the Court and the parties face the same risk, and a stay will serve to protect all interests.

### 3. No Party Will Suffer a Hardship or Prejudice While Awaiting the *Spokeo* and *Campbell-Ewald* Decisions

None of the parties will be harmed or prejudiced by the brief stay requested herein because this action was filed in May 2015,[26] Plaintiff Bakov's and Plaintiff Herrera's actions were consolidated in September 2015,[27] and Defendants filed their Omnibus Motion to Dismiss on November 17, 2015.[28] While Plaintiffs may argue they have the right to the speedy resolution of their claims, "having to wait eight to nine months to continue litigation is not, itself, sufficiently prejudicial to outweigh the very plain benefits of staying the case, particularly when the issues pending at the Supreme Court go to this Court's power to hear the case."[29] In finding that a stay would not be prejudicial to a plaintiff, the Southern District of Florida held, "[i]t is also important that the length of the stay is neither indefinite nor immoderate."[30] Here, oral arguments have already taken place, with decisions to be rendered by the end of this Term of the Supreme Court, which is less than eight months from now. The Plaintiffs will not suffer any real harm in staying these proceedings, and any harm the Plaintiffs may arguably face is substantially outweighed by the importance that a decision in *Spokeo* and/or *Campbell-Ewald* likely will have

---

25. 2015 WL 6579779, *2.
26. [D.E. 1].
27. [D.E. 30].
28. [D.E. 44]; *see also Duchene*, 2015 WL 5947669, *3 (emphasis in original) ("Initially, it should be noted that the considerable resources spent litigating the case to this point are of little consequence to the present decision. The relevant inquiry is when considering a stay is the marginal harm that a plaintiff *will incur* if a stay is imposed, not the harm that a litigant *has already incurred* up to this point. These past costs are already sunk for all parties.").
29. *Duchene*, 2015 WL 5947669, *4.
30. *Boise*, 2015 WL 4077433, *6.

on this litigation, and the benefits to be realized by placing the litigation on hold while these cases are decided.[31]

Further, even if Plaintiffs argue that *Spokeo* does not entirely undercut their case by virtue of the presence of their ATDA claims, courts have imposed stays even where an impending decision would resolve "at least *some* of the claims before the Court," finding that such an effect "weighs in favor of granting a stay."[32]  In the event the holding or rationale of *Spokeo* does not apply to Plaintiffs' ATDA claims, as the ATDA claim presumably applies to only a relatively small subset of the putative nationwide class, the equities still weigh heavily in favor of staying the proceedings by virtue of the disproportionately greater, potentially dispositive effect the ruling in *Spokeo* may have on the TCPA claims asserted on behalf of the putative class in this case. Nevertheless, as this Court's subject matter jurisdiction over the ATDA is purely supplemental to its exercise of federal question jurisdiction over Plaintiffs' TCPA claim, without the TCPA claim the Court loses its supplemental jurisdiction to rule on the state law ATDA claim.[33]  In other words, if the Plaintiffs lose their standing and, in turn, this Court loses subject matter jurisdiction over this action due to *Spokeo*, this Court would simultaneously likely lose jurisdiction over the ATDA claim, as well.  This consequence militates in favor of a stay.

---

31.     *See Salvatore v. Microbilt, Corp.,* No. 4:14–CV–1848, 2015 WL 50088561, *2. (M.D. Pa. August 20, 2015).

32.     *Beydoun*, 2015 WL 631948, at *4 (emphasis added).

33.     *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to  exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction[.]"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (a federal district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate).

### III.    CONCLUSION

Plaintiffs will not suffer any prejudice in light of this brief delay, and, in fact, holding this case in abeyance while the Supreme Court renders a decision in *Spokeo* and *Campbell-Ewald* would lessen the Court's and the parties' litigation burden, especially in light of the risk the Court and the parties run by continuing to litigate this action in the face of just one of two Supreme Court decisions that could dispose of or moot this action entirely.  It is in the best interests of this Court's available judicial resources and the parties' respective litigation burdens to await decisions from the Supreme Court in *Spokeo* and *Campbell-Ewald* to ascertain the decisions' dispositions upon this action. Accordingly, Consolidated World Travel, Inc. d/b/a Holiday Cruise Line, respectfully requests that this Court enter an Order granting this Motion to Stay pending the Supreme Court's decisions in *Spokeo v. Robins* and *Gomez v. Campbell-Ewald*, and ordering such further relief as this Court deems just and proper.

DATED:  November 20, 2015                         Respectfully Submitted,

/s/ *Jeffrey A. Backman*
Richard W. Epstein, Esq.
FL BAR NO. 229091
Jeffrey A. Backman, Esq.
FLA. BAR NO. 662501
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel:  954-491-1120
Fax: 954-213-0140
Email: richard.epstein@gmlaw.com
Email: jeffrey.backman@gmlaw.com
*PRO HAC VICE*

-and-

Timothy Hudson, Esq.
TABET, DIVITO & ROTHSTEIN LLC
FIRM NO. 38234
209 South LaSalle Street, 7th Floor

Chicago, IL  60604
Phone: 312-762-9476
Fax: 312-762-9451
thudson@tdrlawfirm.com
*Attorneys for Consolidated World Travel, Inc. d/b/a Holiday Cruise Line, Consolidated Travel Holdings Group, Inc., Donna Higgins, Daniel E. Lambert, Jennifer Poole, and James H. Verrillo*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 17, 2015, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

*/s/ Jeffrey Backman*
Jeffrey Backman, Esq.

## <u>SERVICE LIST</u>

**Jeffrey Grant Brown**
JEFFREY GRANT BROWN, P.C.
221 North LaSalle Street, Suite 1414
Chicago, Illinois 60601
Tel: 312.789.9700 xt.1
Fax: 312.789.9702
Email: Jeff@jgbrownlaw.com

**Richard W. Epstein, Esq.**
**Jeffrey A. Backman, Esq.**
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-491-1120
Fax: 954-213-0140
Email: richard.epstein@gmlaw.com
Email: jeffrey.backman@gmlaw.com

**Joseph J. Siprut, Esq.**
**Ismael T. Salam, Esq.**
Siprut PC
12 N. Suite St., Suite 1600
Chicago, IL 60602
Tel: 312-236-0000
Fax: 312-878-1342
Email: jsiprut@siprut.com
Email: isalam@siprut.com

**Robert R. Ahdoot, Esq.**
**Tina Wolfson, Esq.**
Ahdoot & Wolfson, PC
1016 Palm Avenue
West Hollywood, CA 90069
Email: rahdoot@ahdootwolfson.com
Email: twolfson@ahdootwolfson.com