## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL BAKOV and JULIE HERRERA, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:15-cv-02980 |
| Plaintiffs, | ) ) | Hon. Harry D. Leinenweber |
| v. | ) ) | Hon. Susan E. Cox |
| CONSOLIDATED TRAVEL HOLDINGS GROUP, INC., a Florida corporation, CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, a Florida corporation, JAMES H. VERRILLO, an individual, DANIEL E. LAMBERT, an individual, JENNIFER POOLE, an individual, and DONNA HIGGINS, an individual, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANT
## CONSOLIDATED WORLD TRAVEL, INC.'S MOTION TO STAY

Submitted By:

Jeffrey Grant Brown
*jeff@jgbrownlaw.com*
**JEFFREY GRANT BROWN, P.C.**
221 North LaSalle Street, Suite 1414
Chicago, IL 60601

Katrina Carroll
*kcarroll@litedepalma.com*
Kyle Shamberg
*kshamberg@litedepalma.com*
**LITE DEPALMA GREENBERG, LLC**
211 W. Wacker Drive
Suite 500
Chicago, IL 60606

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, Illinois 60602

Robert Ahdoot*
*rahdoot@ahdootwolfson.com*
Tina Wolfson*
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069

*Counsel For Plaintiffs And The Proposed Putative Class*

## **<u>TABLE OF CONTENTS</u>**

INTRODUCTION ..................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND...................................................................3

ARGUMENT ........................................................................................................................4

I.     An Adverse Ruling To The Plaintiff In
*Spokeo* Would Not Impact Plaintiffs' TCPA Claims ...........................................6

II.    The Supreme Court Is Unlikely To Hold, In *Cambell-Ewald*,
That Unaccepted Offers For Complete Relief Moot Class Actions. .................................9

III.   Further Delay Prejudices Plaintiffs And The Proposed Class. .........................................12

IV.   Defendant HCL Has Not Established A Clear Case Of Hardship ....................................13

CONCLUSION.....................................................................................................................14

# TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015) ........................................................ *passim*

*Clinton v. Jones*, 520 U.S. 681, 707-708 (1997) .................................................................. 12, 13

*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013).......................................... 1, 9, 10

*Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)....................................................................... 4, 13

*Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740, 744 (2012) ......................................................... 7

*Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015)...................................................................... *passim*

**UNITED STATES CIRCUIT COURT OF APPEALS CASES**

*Arnold Chapman & Paldo Sign & Display Co. v. Wagener Equities Inc.*,
747 F.3d 489, 491 (7th Cir. 2014) ............................................................................................... 6

*Chapman v. First Index, Inc.*,
796 F.3d 783, 786 (7th Cir. 2015) ............................................................................................. 10

*Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*,
375 F.3d 922, 926 (9th Cir. 2004) ............................................................................................. 12

*Gates v. Towery*,
430 F.3d 429, 431-32 (7th Cir. 2005) ....................................................................................... 11

*Gissendaner v. Ga. Dep't of Corr.*,
779 F.3d 1275, 1284 (11th Cir. 2015) ..................................................................................... 7, 9

*Imhoff Inv., L.L.C. v. Alfoccino, Inc.*,
792 F.3d 627, 633 (6th Cir. 2015) ............................................................................................... 7

*Ira Holtzman, C.P.A. v. Turza*,
728 F.3d 682, 684 (7th Cir. 2013)............................................................................................... 6

*Leyse v. Bank of Am. Nat. Ass'n*,
804 F.3d 316, 326 (3d Cir. 2015)............................................................................................. 7, 9

*Lockyer v. Mirant Corp.*,
398 F.3d 1098, 1110 (9th Cir.  2005)....................................................................................... 5, 13

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
676 F.3d 83, 97 (2d Cir. 2012) ........................................................................ 13

*McMahon v. LVNV Funding, LLC*,
744 F.3d 1010, 1018 (7th Cir. 2014) ................................................................ 11

*Owners Ins. Co. v. European Auto Works, Inc.*,
695 F.3d 814, 819 (8th Cir. 2012) ..................................................................... 7

*Palm Beach Gold Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*,
781 F.3d 1245, 1253 (11th Cir. 2015) ................................................................ 7

*Patriotic Veterans, Inc. v. State of Indiana*,
736 F.3d 1041, 1050 (7th Cir.2013) ................................................................... 6

*Radio Corp. of Am. v. Igoe*,
217 F.2d 218, 220 (7th Cir. 1954) ..................................................................... 4

*Robins v Spokeo, Inc.*,
742 F.3d 409 (9th Cir. 2014) ........................................................................... 6

*Scott v. Westlake Servs. LLC*,
740 F.3d 1124, 1126-27 (7th Cir. 2014) ........................................................... 11

*Senne v. Vill. of Palatine, Ill.*,
695 F.3d 617, 619 (7th Cir. 2012) ................................................................... 10

*Smith v. Greystone Alliance, LLC*,
772 F.3d 448, 449 (7th Cir. 2014) .............................................................. 10, 11

*Soppet v. Enhanced Recovery Co., LLC*,
679 F.3d 637, 638 (7th Cir. 2012) ..................................................................... 6

*Wright v. United States*,
139 F.3d 551, 553 (7th Cir.1998) .................................................................... 13

## UNITED STATES DISTRICT COURT CASES

*Abbott v. Lockheed Martin Corp.*,
No. 06-CV-0701-MJR, 2007 WL 3145017, at *1 (S.D. Ill. Oct. 25, 2007) ................... 5

*Birchmeier v. Caribbean Cruise Line, Inc.*,
302 F.R.D. 240, 246 (N.D. Ill. 2014)................................................................... 6

*Boatman v. Sullivan*, No. 78 C 299,
1989 WL 118227, at *2 (N.D. Ill. Sept. 26, 1989) ................................................ 4

*Boswell v. Panera Bread Co.*,
No. 4:14-CV-01833-AGF, 2015 WL 6445396, at *9 (E.D. Mo. Oct. 23, 2015) ...................... 5, 6

*Burks v. U.S. Postal Serv.*,
No. 08 C 5869, 2009 WL 1097508, at *3 n. 5 (N.D. Ill. Apr.17, 2009) ..................................... 13

*Chicago Reg'l Council of Carpenters Pension Fund v. Woodlawn Cmty. Dev. Corp.*,
No. 09 CV 3983, 2011 WL 6318605, at *4 (N.D. Ill. Dec. 15, 2011) ........................................ 13

*Citizens Banking Corp. v. Citizens First Bancorp, Inc.*,
No. 07-10985, 2007 WL 4239237, at *7 (E.D. Mich. Dec. 3, 2007) ..................................... 5, 13

*CMB Exp., LLC v. Atteberry*,
No. 4:13CV04051SLDJEH, 2014 WL 4099721, at *2 (C.D. Ill. Aug. 20, 2014) ........................ 4

*Coniglio v. Iqual Corp.*,
2015 WL 8521288, at *2, No. 8:15-cv-2406-T-33AEP (M.D.  Fla. Dec. 3, 2015) ...................... 5

*Doe v. Selection.com*,
No. 15-cv-02338-WHO, 2015 WL 5853700 (N.D. Cal. Oct. 8, 2015) ......................................... 5

*Dreher v. Experian Info. Solutions, Inc.*,
No. 3:11-CV-00624-JAG (E.D. Va. Apr. 30, 2015) ...................................................................... 6

*Helferich Patent Licensing, L.L.C. v. New York Times Co.*,
No. 10-CV-4387, 2012 WL 1813665, at *1 (N.D. Ill. May 8, 2012) .......................................... 8

*Huhn v. Consolidated Travel Holdings Group, Inc. et al.*,
No. 2:15-cv-2298 (D.N.J.) ......................................................................................................... 13

*King v. Time Warner Cable*,
No. 14-cv-02018-AKH, 2015 WL 4103689, at *7  (S.D.N.Y. July 7, 2015) ............................... 7

*Koyo Battery Co. v. Lunkes*,
No. CIV.A. 08 C 274, 2008 WL 5155724, at *1 (N.D. Ill. Dec. 5, 2008) .................................... 5

*Manuel v. Wells Fargo Bank*,
No. 3:14-cv-00238-REP-DJN (E.D. Va. Aug. 18, 2015) .............................................................. 6

*Morgan v. Kobrin Sec., Inc.*,
649 F. Supp. 1023, 1032 (N.D. Ill. 1986) ................................................................................... 4

*Peters v. Credit Prot. Ass'n LP*,
No. 2:13-CV-0767, 2015 WL 5216709, at *10 (S.D. Ohio Sept. 8, 2015) ................. 6, 11, 12, 13

*Ramirez v. Trans Union, LLC*,
No. 12-CV-00632-JSC, 2015 WL 6159942, *2 (N.D. Cal. June 22, 2015) ................................. 8

*Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*,
No. 1:11-CV-01074, 2011 WL 4005396, at *2 (N.D. Ohio Sept. 8, 2011)................................. 7

*Speer v. Whole Food Mkt. Grp.*,
No. 8:14–cv–3035–T–26TBM, 2015  WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015) ................. 5

*Stull v. YTB Int'l, Inc.*,
No. CIV 10-600-GPM, 2010 WL 3613939, at *2 (S.D. Ill. Sept. 8, 2010).............................. 5, 7

*Sunbeam Products, Inc. v. Hamilton Beach Brands, Inc.*,
No. 3:09CV791, 2010 WL 1946262, at *4 (E.D. Va. May 10, 2010) ......................................... 13

*The Youngbloods v. BMG Music*,
No. 07-cv-02394-GBD-, 2011 WL 43510, at *4 (S.D.N.Y. Jan. 6, 2011) .................................. 5

*Travelers Cas. & Sur. Co. of Am. V. Dipizio Constr. Co.*,
No. 14-cv-576A(Sr.), 2015 WL 2151828, at *3 (W.D.N.Y. May 7, 2015)................................... 5

*Wiederhold v. Consolidated World Travel, Inc.*,
No. 2:15-cv-828 (C.D. Cal.) ...................................................................................................... 13

*Woods v. Caremark PHC, LLC*,
No. 4:15-cv-00535-SRB, 2015 WL 6742124 (W.D. Mo. Nov. 2,  2015) .................................... 5

## STATUTES AND FEDERAL RULES

15 U.S.C §1681 ......................................................................................................................... 1

29 U.S.C. §216 .......................................................................................................................... 1

47 U.S.C. §227 .......................................................................................................................... 1

815 ILCS 305/1 ......................................................................................................................... 4

815 ILCS 305/30 ..................................................................................................................... 11

Federal Rule of Civil Procedure 12 .......................................................................................... 4

Pub. L. No. 102-243, 105 Stat. 2394, Section 2....................................................................... 7

Plaintiffs Angel Bakov ("Bakov") and Julie Herrera ("Herrera") (collectively, "Plaintiffs"), via their counsel of record, hereby oppose the motion to stay (the "Motion" or "Motion To Stay") filed by Defendant Consolidated World Travel, Inc. d/b/a Holiday Cruise Line ("HCL").

## **INTRODUCTION**

For at least four reasons, HCL has not and cannot meet the high burden required to obtain a stay. *First*, HCL argues that this case should be stayed until such times as the Supreme Court rules in the case of *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015). *Spokeo* asks whether a statutory violation of the Fair Credit Reporting Act, 15 U.S.C §1681 *et seq.* ("FCRA")—alone—is sufficient grounds for Article III standing. Even if the Supreme Court answers that question in the negative, the Plaintiffs in this case would still have Article III standing for their claims brought under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), because they suffered concrete harms. Thus, there is no indication that *Spokeo* will have any impact on this litigation.

*Second*, HCL contends that this case should be stayed pending a ruling by the Supreme Court in *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015), a case involving whether an offer for complete relief can moot a proposed class action. (Def. Br. at 6-7.) But, in the 2013 Supreme Court case of *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), the majority limited pick-off attempts to *collective* actions under the Fair Labor Standards Act, 29 U.S.C. § 216 ("FLSA")—stating that Rule 23 class actions are "fundamentally different" from collective actions.[1]  Importantly, ***none*** of the Justices disagreed with Justice Kagan's dissent, joined by three other Justices, which stated that unaccepted offers ***do not moot class actions***. Therefore, any pick-

---

[1] Pick-off attempts refer to "the tactic—indulged in by many (too many) . . . defendants—of making an individual offer that can trigger dismissal of the individual named plaintiff and, in turn, dump the entire class action on mootness grounds as well." *Falls v. Silver Cross Hosp. & Med. Centers*, No. 13 C 695, 2013 WL 2338154, at *1 (N.D. Ill. May 24, 2013).

off attempt made by HCL cannot succeed. Additionally, when the Supreme Court decides *Campbell-Ewald* it could base its ruling on one of the parties' arguments that have nothing to do with HCL's pick-off attempt: the doctrine of derivative immunity. Further, the outcome of *Campbell-Ewald* is irrelevant to this case, because HCL has never offered Plaintiffs complete relief. Hence, the pendency of *Campbell-Ewald* does not warrant a stay.

*Third*, the staying of this case would unfairly prejudice Plaintiffs and the proposed Classes. HCL's violations of the TCPA began no later than February 2, 2015. *See Moran v. Consolidated World Travel d/b/a Holiday Cruise Line*, No. 15-cv-60482, Dkt. No. 1 ¶12 (M.D. Fla.). Almost a year has passed since HCL's call-campaign began. With each passing day the memories of witnesses are fading. Also, as time goes by, the likelihood that evidence will be lost or inadvertently destroyed by HCL and third parties increases. Further, a stay would give HCL's officers the opportunity to deplete the company's assets. Waiting another seven months for the Supreme Court to rule in *Spokeo* and *Campbell-Ewald* would unfairly prejudice Plaintiffs and the Classes.

*Fourth*, HCL has failed to establish how, in the absence of this Court granting a stay, it would suffer a clear case of hardship or inequity. HCL merely points to "motion practice" to support its argument. (Def. Br. at 7.) Litigation expenses, however, are not harms under the law. HCL argues a stay is necessary to conserve the resources of the parties and the Court. (*Id.*) But HCL has waited nearly seven months to seek a stay, despite the fact that the Supreme Court granted certiorari in *Spokeo* on April 27, 2015, and in *Campbell-Ewald* on May 18, 2015. During those seven months, HCL filed two answers and sets of affirmative defenses. During this same time period, the parties were actively litigating a petition for consolidation before the Judicial Panel on Multidistrict Litigation ("JPML") (*See* Dkt. Nos. 13, 23.) HCL will not suffer a clear case of hardship or inequity in the absence of a stay, and its belated reliance on a conservation-of-resources argument is

disingenuous.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 3, 2015, Plaintiff Bakov filed a class action complaint against Defendants HCL and Donna Higgins ("Higgins"). (Dkt. No. 1.) Plaintiff Bakov asserted that, beginning in February 2015, HCL and Higgins violated the TCPA by making calls to his wireless telephone without obtaining prior express consent of the people being called.

On April 27, 2015, the Supreme Court granted certiorari in *Spokeo*. On May 4, 2015, HCL and Higgins filed their answer and thirty-one affirmative defenses. (Dkt. No. 8.) HCL did not indicate in any of its thirty-one affirmative defenses that it would seek a stay pending the resolution of *Spokeo*. (*Id.*)

On May 6, 2015, a petition for centralization concerning several class actions, including Plaintiff Bakov's case, was filed before the JPML. (Dkt. 13.) Also, on May 6, 2015, Plaintiff Herrera filed a class action complaint against HCL alleging that HCL violated the TCPA by calling her wireless phone. (No. 15-cv-4030, Dkt. No. 1)

On May 18, 2015, the Supreme Court granted certiorari in *Campbell-Ewald*. On May 27, 2015, Plaintiff Bakov filed an amended complaint naming co-defendants. (Dkt. No. 19.) On June 10, 2015, over five weeks after *Spokeo* and *Campbell-Ewald* were before the Supreme Court, Defendant HCL filed its answer and thirty-two affirmative defenses to the amended complaint. (Dkt. No. 21.) Again, HCL did not state that it would seek a stay pending resolution of *Spokeo* or *Campbell-Ewald*. (*Id.*)

On August 7, 2015, the JPML denied centralization of the various TCPA class actions pending against Defendants. (Dkt. No. 23.) On August 27, 2015, Plaintiff Herrera moved to consolidate her action with this action. (Dkt. No. 27.) On September 3, 2015, this Court

consolidated the two actions. (Dkt. No. 30.)

On September 17, 2015, Plaintiffs filed an Amended Consolidated Class Action Complaint against HCL and its co-defendants (the "Complaint"). (Dkt. No. 31.) The Complaint states that HCL violated and continues to violate the TCPA and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305/1, *et seq.* ("ATDA"). (Dkt. No. 31.)

On November 17, 2015, HCL and its co-defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(2) and (b)(6). (Dkt. No. 46.) On November 20, 2015, after litigating this case for over six months, HCL filed its Motion To Stay. (Dkt. No. 48.)

## ARGUMENT

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *Radio Corp. of Am. v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1954) (finding no abuse of discretion by district court denying motion for stay); *CMB Exp., LLC v. Atteberry*, No. 4:13CV04051SLDJEH, 2014 WL 4099721, at *2 (C.D. Ill. Aug. 20, 2014) ("Granting of a stay 'is the exception, not the rule[.]'"); *Morgan v. Kobrin Sec., Inc.*, 649 F. Supp. 1023, 1032 (N.D. Ill. 1986) ("[A] stay should be granted only under exceptional circumstances.").

"[The party moving] for a stay must make out a clear case of hardship or inequity in being required to go forward, [even if there is only] a fair *possibility* that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255 (emphasis added); *Boatman v. Sullivan*, No. 78 C 299, 1989 WL 118227, at *2 (N.D. Ill. Sept. 26, 1989) ("[B]ecause of the delay parties must suffer before obtaining a disposition of their case when a stay is imposed, courts should grant a stay only when it is clearly necessary."). Being required to defend against a lawsuit, alone, does not amount to a clear case of hardship or inequity. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110

-4-

(9th Cir. 2005) (stay vacated); *Citizens Banking Corp. v. Citizens First Bancorp, Inc.*, No. 07-10985, 2007 WL 4239237, at *7 (E.D. Mich. Dec. 3, 2007). "[I]n considering a motion to stay, the Court weighs the potential prejudice or hardship to the parties [and] the interest of judicial economy." *Boswell v. Panera Bread Co.*, No. 4:14-CV-01833-AGF, 2015 WL 6445396, at *9 (E.D. Mo. Oct. 23, 2015); *Koyo Battery Co. v. Lunkes*, No. CIV.A. 08 C 274, 2008 WL 5155724, at *1 (N.D. Ill. Dec. 5, 2008) (denying stay); *Abbott v. Lockheed Martin Corp.*, No. 06-CV-0701-MJR, 2007 WL 3145017, at *1 (S.D. Ill. Oct. 25, 2007) (same); *see also The Youngbloods v. BMG Music*, Case No. 07-cv-02394-GBD-, 2011 WL 43510, at *4 (S.D.N.Y. Jan. 6, 2011) (same); *Travelers Cas. & Sur. Co. of Am. V. Dipizio Constr. Co.*, Case No. 14-cv-576A(Sr.), 2015 WL 2151828, at *3 (W.D.N.Y. May 7, 2015) (same).

HCL's argument is essentially that, any time an appeal that relates to lower court cases is pending, the lower courts should stay all of the related cases. (Def. Br. at 6-7.) HCL's proposed rule does not exist. Further, if it did, it "would substantially reduce the amount of judicial business conducted by [courts]," and further clog courts' dockets. *Stull v. YTB Int'l, Inc.*, No. CIV 10-600-GPM, 2010 WL 3613939, at *2 (S.D. Ill. Sept. 8, 2010). Consistent therewith, six different courts, on eight different occasions have refused to grant motions to stay that were based on the pending rulings in *Spokeo* and *Campbell-Ewald*. In each of these cases, the courts rejected essentially the same arguments that HCL makes here. *See Coniglio v. Iqual Corp.*, 2015 WL 8521288, at *2, No. 8:15-cv-2406-T-33AEP (M.D. Fla. Dec. 3, 2015) (denying motion to stay pending a Supreme Court decision in *Spokeo*); *Woods v. Caremark PHC, LLC*, No. 4:15-cv-00535-SRB, 2015 WL 6742124 (W.D. Mo. Nov. 2, 2015) (same); *Doe v. Selection.com*, No. 15-cv-02338-WHO, 2015 WL 5853700 (N.D. Cal. Oct. 8, 2015) (same); *Speer v. Whole Food Mkt. Grp.*, No. 8:14–cv–3035–T–26TBM, 2015 WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015) (same); *Dreher v. Experian Info.*

*Solutions, Inc.*, No. 3:11-CV-00624-JAG (E.D. Va. Apr. 30, 2015) (same); *Manuel v. Wells Fargo Bank*, No. 3:14-cv-00238-REP-DJN (E.D. Va. Aug. 18, 2015) (same); *see also Boswell*, 2015 WL 6445396, at *9 (denying motion to stay pending a Supreme Court decision in *Campbell-Ewald*); *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-0767, 2015 WL 5216709, at *10 (S.D. Ohio Sept. 8, 2015) (same).

## I. An Adverse Ruling To The Plaintiff In *Spokeo* Would Not Impact Plaintiffs' TCPA Claims.

HCL greatly exaggerates the impact that *Spokeo* will have on this case. (Def. Br. at 4.) In *Spokeo*, the Supreme Court granted a writ of certiorari with respect to a single, narrow constitutional issue: whether Congress may confer Article III standing upon a plaintiff who suffers *no concrete harm* and who, therefore, could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute. *Spokeo*, 135 S. Ct. 1892; *Robins v Spokeo, Inc*., 742 F.3d 409 (9th Cir. 2014). However, it is well-settled in this Circuit that plaintiffs who endure the annoyance, distraction, and inconvenience that accompanies unwanted calls and text messages *have suffered concrete harms*. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012) ("An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance."); *see also Arnold Chapman & Paldo Sign & Display Co. v. Wagener Equities Inc.*, 747 F.3d 489, 491 (7th Cir. 2014) (holding standing exists under the TCPA based on the user of a fax machine being "annoyed, distracted, or otherwise inconvenienced"); *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013) ("Even a recipient who gets the fax on a computer and deletes it without printing suffers some loss: the value of the time necessary to realize that the inbox has been cluttered by junk."); *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 246 (N.D. Ill. 2014) (citing *Patriotic Veterans, Inc. v. State of Indiana*, 736 F.3d 1041, 1050 (7th Cir. 2013) (referring to "Congress's

goal" in enacting TCPA "to protect the privacy of citizens against unsolicited telephone calls")).[2]

Until and unless the Supreme Court issues a ruling that changes the law, this Court is duty bound to apply binding Seventh Circuit precedent. *See Gissendaner v. Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) ("[W]e are duty-bound to apply this Court's precedent and to use it and any existing decisions of the Supreme Court to measure the likelihood of a plaintiff's success on the merits."); *Woods*, 2015 WL 6742124, at *3 (denying stay based on Eighth "Circuit's clear directive"); *Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-CV-01074, 2011 WL 4005396, at *2 (N.D. Ohio Sept. 8, 2011) (denying stay based on Sixth Circuit precedent); *see also Stull*, 2010 WL 3613939, at *2 (denying stay, in part, because the court can adjudicate the claims through application of existing law).

Congress made clear that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy," Pub. L. No. 102-243, 105 Stat. 2394, Section 2(5) (1991), and "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy." *Id*. at Section 2(13); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740, 744 (2012) (noting Congress enacted the TCPA to prevent "intrusive nuisance calls" to consumers' telephones that it determined were "invasive of privacy"); *King v. Time Warner Cable*, No. 14-cv-02018-AKH, 2015 WL 4103689, at *7 (S.D.N.Y. July 7, 2015) ("The legislative history of the TCPA makes clear that the provision against autodialing was drafted to protect 'consumers who pay additional fees

---

[2] Other Circuit Courts of Appeals hold the same. *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 326 (3d Cir. 2015) ("[I]nterest in privacy" conferred standing); *Palm Beach Gold Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1253 (11th Cir. 2015) ("Because Palm Beach Golf has suffered a cognizable, particularized, and personal injury, it has Article III standing."); *Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 633 (6th Cir. 2015) ("Congress intended to remedy a number of problems . . . [including] the difficulty of the recipient's telephone line being tied up."); *Owners Ins. Co. v. European Auto Works, Inc.*, 695 F.3d 814, 819 (8th Cir. 2012) ("[V]iolations of the TCPA are " ' invasions of privacy' under [the] ordinary, lay meaning[ ] of the[ ] phrase [ ].").

for cellular phones, pagers, or unlisted  numbers [and] *are inconvenienced* and even charged for receiving unsolicited calls from automatic dialer systems.'") (emphasis added) (citing H.R. Rep. No. 102-317, at 24 (1991)). Thus, *regardless of whether the Spokeo Court determines that a statutory violation of FCRA alone satisfies Article III*, Plaintiffs have standing to pursue their claims under the TCPA. In sum, *Spokeo* will have no impact on the adjudication of this case and a stay pending its resolution would serve no purpose. *See Helferich Patent Licensing, L.L.C. v. New York Times Co.*, No. 10-CV-4387, 2012 WL 1813665, at *1 (N.D. Ill. May 8, 2012) (denying stay, in part, because the stay would not simplify the issues and streamline the trial). Accordingly, HCL has not met its high burden for obtaining a stay of this action.

The cases cited by HCL to the contrary are distinguishable.  (Def. Br. at p.4, n.9, p.5.) In *Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2015 WL 6159942, *2 (N.D. Cal. June 22, 2015), the plaintiffs raised FCRA claims, the exact same claims at issue in *Spokeo*, and also found that "Defendant has modified the conduct about which Plaintiff complains so there is no need to proceed with trial to obtain immediate injunctive relief and staunch the harm." 2015 WL 6159942, *2. Plaintiffs' TCPA claims, however, are materially different from the FCRA claims in *Ramirez*. Unlike the plaintiff in *Ramirez*, regardless of the Supreme Court's ruling in *Spokeo*, Plaintiffs have standing for the concrete harms they suffered in the form of the annoyance and expense that accompanies unwanted text messages. Also, unlike in *Ramirez*, HCL here has not modified its conduct and, thus, there is an urgent need to obtain an injunction in this case.

In *Boise v. Ace USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433, at *5-6 (S.D. Fla. July 6, 2015), which did involve a TCPA claim, the court failed to adequately consider or address the fact that TCPA violations result in concrete harms, which make such violations distinct from the FCRA violations in *Spokeo*. Further, the trial court essentially ignored Circuit precedent requiring the court

-8-

to apply existing law until the Supreme Court changes the law. *Id.* at *6 (not addressing the *Gissendaner*, 779 F.3d at 1284, line of cases requiring courts to apply existing law until the law changes). The court in *Boise* also failed to address the unlikelihood that the Supreme Court would reverse course from *Genesis Healthcare*. *See infra*, Part II.

In *Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577, 2015 WL 5947669, at *1 (W.D. Pa. Oct. 13, 2015), like *Boise*, the court failed to appreciate the fact that *Spokeo* is unlikely to affect TCPA cases since such cases involve concrete harms. The court concluded that the plaintiff's standing to assert a TCPA claim was currently based on a mere statutory violation. *Id.* However, the court did not have the benefit of a binding Third Circuit opinion issued *one day* later that clearly stated violating an "interest in privacy" confers standing under the TCPA. *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 326 (3d Cir. 2015) (decided October 14, 2015.) Also, the *Duchene* court overlooked the fact that the Supreme Court has stated that pick-off attempts can moot "collective actions," but not class actions. *See infra*, Part II. Furthermore, the *Duchene* court relied on "the bulk of discovery [having] been completed . . . including depositions securing witness testimony," when it found that granting a stay would not prejudice the plaintiffs. 2015 WL 5947669, at *3. Here, the parties have not begun taking discovery. Therefore, the risk that oral and written evidence will be lost or destroyed is extremely serious.

## II. The Supreme Court Is Unlikely To Hold, In *Campbell-Ewald*, That Unaccepted Offers For Complete Relief Moot Class Actions.

*Campbell-Ewald* is unlikely to reverse the Supreme Court's ruling, of 2013, in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013). In *Genesis Healthcare*, the majority ruled that pick-off attempts, such as HCL's in this case, could moot "collective actions" under the FLSA, but not class actions under Rule 23, which are "**fundamentally different**" therefrom. *Genesis Healthcare*, 133 S. Ct. at 1529 (emphasis added). Furthermore, as recently explained by the

Seventh Circuit, "Justice Kagan's dissent [in *Genesis Healthcare*] (joined by Ginsburg, Breyer & Sotomayor, JJ.), shows that an expired (and unaccepted) offer of a judgment does not satisfy the Court's definition of mootness, because relief remains possible." *Chapman v. First Index, Inc.*, 796 F.3d 783, 786 (7th Cir. 2015) (citing *Genesis Healthcare*, 133 S. Ct. at 1523). "***None*** of the other Justices in *Genesis Healthcare* disagreed with Justice Kagan's analysis; instead the majority thought that the issue had not been presented for decision." *Id.* at 786 (emphasis added). And every "[c]ourt of appeals that [has] considered this issue since *Genesis Healthcare* uniformly agree[s] with Justice Kagan." *First Index*, 796 F.3d at 786. Simply put, the Supreme Court would have to make an about-face from *Genesis Healthcare* in order to hold in *Campbell-Ewald*, that unaccepted offers render Rule 23 class actions for statutory violations with sum-certain damages, such as the TCPA, moot. Because such a holding is extremely unlikely, HCL's request for a stay should be denied. *See Senne v. Vill. of Palatine, Ill.*, 695 F.3d 617, 619 (7th Cir. 2012) (denying motion to stay mandate because there was not a reasonable possibility that five Justices would reverse the Seventh Circuit's ruling). What is more, the Supreme Court *may not even decide* the mootness issue in *Campbell-Ewald*. If the Supreme Court accepts the defendant's derivative immunity argument, then the case against it will be dismissed.

Even if the Supreme Court were to hold that pick-off attempts could moot TCPA class actions, this case should still be allowed to proceed, because HCL has not made an offer for ***complete*** relief. "A controversy exists when the plaintiff wants more, or different, relief than the defendant is willing to provide." *Smith v. Greystone Alliance, LLC*, 772 F.3d 448, 449 (7th Cir. 2014). In HCL's brief, it states that it is "prepared" to offer: "$1,500.00 per telephone call under the TCPA, $500.00 per telephone call under the ATDA, recoverable costs, and injunctive relief." (Def. Br. at 2.) Conspicuously missing from HCL's non-existent offer is Plaintiffs' request for

-10-

attorneys' fees. (*See* Compl. ¶¶4, 156, Prayer For Relief "D".) *See* 815 ILCS 305/30(c) (allowing recovery of attorneys' fees). This is fatal. Unless the HCL actually "gives [Plaintiffs] everything [they] requested," a controversy persists. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1018 (7th Cir. 2014). HCL's belief that its hypothetical offer (which it has not even made) provides everything Plaintiffs asked for is insufficient grounds to hold that Plaintiffs' claims are susceptible to a pick-off. *Smith*, 772 F.3d at 451 ("An offer that the defendant or the judge believes sufficient, but which does not satisfy the plaintiff's demand, does not justify dismissal."). Indeed, HCL is barred from arguing that Plaintiffs cannot recover attorneys' fees in order to assert lack of jurisdiction. *Scott v. Westlake Servs. LLC*, 740 F.3d 1124, 1126-27 (7th Cir. 2014) ("To hold otherwise would imply that any reasonable settlement offer moots the plaintiff's case or that long-shot claims are moot rather than unlikely to succeed. 'That's not the way things work: A bad theory (whether of liability or of damages) does not undermine federal jurisdiction.'") (citing *Gates v. Towery*, 430 F.3d 429, 431-32 (7th Cir. 2005)).

For these reasons, courts have denied motions to stay pending the resolution of *Campbell-Ewald*. *Boswell v. Panera Bread Co.*, No. 4:14-CV-01833-AGF, 2015 WL 6445396, at \*9 (E.D. Mo. Oct. 23, 2015) ("Even if the Supreme Court were to hold that an unaccepted offer of complete relief on a named plaintiff's individual claim moots a putative class action, the decision would not alter this Court's jurisdiction because, as discussed above, Panera has not offered Plaintiffs complete relief on their individual claims."); *Peters*, 2015 WL 5216709, at \*9 ("[T]he *Gomez* petition for certiorari presumes that the Rule 68 offer of judgment tendered to the plaintiff included all the individual relief which the plaintiff sought. Thus, the decision in *Gomez* likely will not be controlling in the present case.").

### III. Further Delay Prejudices Plaintiffs And The Proposed Class.

Plaintiffs have the burden at trial and, therefore, the most to lose if: (a) memories fade; (b) evidence is not preserved; and (c) assets that would fund a class recovery are dissipated. Every day that passes increases the likelihood of each. *Peters*, 2015 WL 5216709, at *10 (refusing to stay claims pending decision in class TCPA case pending before the Supreme Court "as evidence may be lost, and the memories of those with pertinent information may be lost"); *Clinton v. Jones*, 520 U.S. 681, 707-708 (1997) (finding stay improper because it would "increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party"); *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (finding district court did not abuse discretion when it held that delay in judgment would allow defendant to move and hide assets).

A stay would prevent Plaintiffs from timely obtaining evidence. Defendants James Verrillo ("Verrillo") and Daniel Lambert ("Lambert") have a practice of creating sham companies to make a quick-buck through illegal telemarketing, before shuttering a company's doors to avoid paying damages. (*See* Compl. ¶¶59-108.) Should Verrillo and Lambert turn HCL into *another* shell company like "Imperial Majesty Cruise Lines, LLC" or "Caribbean Cruise Line, Inc." (*id.* ¶¶70-108) before Plaintiff can take adequate discovery, millions of class members will be without a means to gather the evidence needed to prove their case and, worse, face losing the opportunity to secure a meaningful remedy against HCL and its co-defendants. Allowing another seven months for memories, evidence, and assets to be lost, while the Supreme Court decides *Spokeo* and *Campbell-Ewald*, is not warranted given the danger of prejudice to Plaintiffs and the proposed Classes.

## IV.    Defendant HCL Has Not Established A Clear Case Of Hardship.

The party seeking a stay bears the burden of establishing that it would suffer hardship or inequity unless a stay is imposed. *Jones*, 520 U.S. at 708 (stay should not have been granted). Being required to defend a suit, without more, does not constitute a clear case of hardship or inequity which might require a stay.  *Lockyer*, 398 F.3d at 1110 (stay vacated); *Peters*, 2015 WL 5216709, at *10 (denying stay); *Sunbeam Products, Inc. v. Hamilton Beach Brands, Inc.*, No. 3:09CV791, 2010 WL 1946262, at *4 (E.D. Va. May 10, 2010) (same); *Citizens Banking*, 2007 WL 4239237, at *7 (same). A movant's failure to identify the clear case of hardship in its motion results in waiver. *See also Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998) (arguments in support of a motion that are raised for the first time in a reply brief are waived); *Chicago Reg'l Council of Carpenters Pension Fund v. Woodlawn Cmty. Dev. Corp.*, No. 09 CV 3983, 2011 WL 6318605, at *4 (N.D. Ill. Dec. 15, 2011) (rejecting argument raised for the first time in reply brief); *Burks v. U.S. Postal Serv.*, No. 08 C 5869, 2009 WL 1097508, at *3 n. 5 (N.D. Ill. Apr.17, 2009) ("[I]t is well settled that parties waive arguments raised for the first time in reply.").

Other than the expense of litigation, HCL fails to identify a single reason why a stay  would cause it hardship. HCL loses for this reason alone. *Landis*, 299 U.S. at 255 (requiring a "clear" showing of hardship); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) ("[A]bsent a showing of undue prejudice upon defendant . . . there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim."). Moreover, HCL has waived its argument to seek a stay, because it has been actively litigating this case, as well as other class actions asserting TCPA violations, long after the Supreme Court granted certiorari in *Spokeo* and *Campbell-Ewald*. *See Wiederhold v. Consolidated World Travel, Inc.*, No. 2:15-cv-828 (C.D. Cal.); *Huhn v. Consolidated Travel Holdings Group, Inc. et al.*, No. 2:15-cv-2298 (D.N.J.).

HCL contends that it is in the interest of the Court and the parties to conserve their resources via a stay. But if that were true, then HCL should have moved to stay this case (and all of the other class actions for that matter) six months ago. It did not. Instead, HCL chose to twice respond to complaints in this case, litigate a JPML proceeding, and then wait more than two months after the operative Complaint was filed before moving for a stay. Such gamesmanship should not be rewarded.

## **CONCLUSION**

HCL has not and cannot meet its high burden of establishing hardship or inequity sufficient to justify its request for a stay. For the foregoing reasons, Plaintiffs respectfully request that the Court deny HCL's Motion To Stay.

Dated: January 4, 2016

Respectfully submitted,

By: */s/ Joseph J. Siprut*

Jeffrey Grant Brown
*jeff@jgbrownlaw.com*
**JEFFREY GRANT BROWN, P.C.**
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
Phone: 312.789.9700
Fax: 312.789.9702

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.241.1260

Robert Ahdoot*
*rahdoot@ahdootwolfson.com*
Tina Wolfson*
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Phone: 310.474.9111
Fax: 310.474.8585

Katrina Carroll
*kcarroll@litedepalma.com*
Kyle Shamberg
*kshamberg@litedepalma.com*
**LITE DEPALMA GREENBERG, LLC**
211 W. Wacker Drive
Suite 500
Chicago, IL 60606
Phone: 312.750.1592

*Admitted *pro hac vice*

***Counsel For Plaintiffs
And The Proposed Putative Class***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that the foregoing **Plaintiffs' Opposition To Defendant Consolidated World Travel, Inc.'s Motion To Stay** was filed electronically with the Clerk of the Court using the CM/ECF system on this 4th day of January 2016 and served electronically on all counsel of record.


_s/ Joseph J. Siprut_

4815-0086-1484, v. 6