IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL BAKOV and JULIE HERRERA, Individually and on Behalf of all others Similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>CONSOLIDATED TRAVEL HOLDINGS GROUP, INC., a Florida Corporation; CONSOLIDATED WORLD TRAVEL, INC, d/b/a HOLIDAY CRUISE LINE, a Florida Corporation; JAMES H. VERRILLO, an Individual; DANIEL E. LAMBERT, an Individual; JENNIFER POOLE, an Individual; and DONNA HIGGNS, an Individual,<br><br>        Defendants. | Case No. 15 C 2980<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

Plaintiffs Angel Bakov ("Bakov") and Julie Herrera ("Herrera") (collectively, the "Plaintiffs") filed separate class action complaints seeking injunctive relief and damages against Consolidated World Travel, Inc. d/b/a Holiday Cruise Line ("HCL") pursuant to the Telephone Consumer, Inc. Act, 42 U.S.C.§ 227, *et seq.* (the "TCPA") and seeking relief under the Illinois Automatic Telephone Dialers Act, 815 ILCS305/1, *et seq.*

(the "ATDA"). The two cases were deemed related, and by Order of the Court on September 17, 2015, a Consolidated Complaint was filed, which named additional Defendants Consolidated Travel Group Holdings ("CTH") and James H. Verrillo, Donna Higgins, Daniel Lambert, and Jennifer Poole (the "Individual Defendants"). The Individual Defendants and CTH have moved to dismiss for lack of jurisdiction pursuant to Rule 12(b)(2). All Defendants have moved to dismiss for failure to state a claim pursuant to Rule 12 (b)(6).

## II. <u>DISCUSSION</u>

### A. The Individual Defendants' Jurisdiction Motion

Because the TCPA does not authorize nationwide service of process, the court must look to Illinois law for the limitation on the exercise of personal jurisdiction. Its "long arm" statute (735 ILCS 5/2-209(C)) authorizes courts to exercise jurisdiction to the fullest extent allowed by the Illinois and federal constitutions. *Hyatt International Corp. v. Coco,* 302 F.3d 707. 713 (7th Cir. 2002). Jurisdiction can be general or specific. General jurisdiction exists only when a party's affiliation with a state is "constant and pervasive" and there is jurisdiction even if the specific action is unrelated to the contacts with the state. *Nicholson v. E-Telequote Insurance, Inc.,* 205 WL 5950659 (N.E. Ill., Oct. 13, 2015). Specific jurisdiction on the other hand must arise out of or is related

to a defendant's contacts with the forum. *Id.* Specific jurisdiction exists where a defendant has purposefully directed its activities at the forum state or purposefully availed itself of the privilege of conducting business in that state and the alleged injury arises out of the defendants' forum related activities. *N. Grain Marketing,, LLC v. Greving,* 743 F.3d 487, 492 (7th Cir. 2015). A plaintiff bears the burden of establishing personal jurisdiction when a defendant challenges it. *Id.* A plaintiff, however, need only make out a *prima facie* case to establish personal jurisdiction and the court must accept well pleaded facts as true. However, where a defendant challenges a fact alleged in the complaint by declaration, the plaintiff has an obligation to go beyond the pleadings and produce affirmative evidence supporting the exercise of jurisdiction. *United Airlines v. Zaman,* 2015 WL 2011720 (N.D. Ill., April 30, 2015).

In this case, Plaintiffs have alleged in their Complaint in support of specific jurisdiction that the Individual Defendants participated in a marketing campaign resulting in unsolicited robotic telephone calls to Plaintiffs on their cell phones in violation of the TCPA and the ATDA. They contend that each of the Individual Defendants participated by overseeing the operations of HCL's representatives and approving the use of third parties to make the calls to generate leads for HCL's

cruise line business.  The Individual Defendants countered the allegations in the Complaint by filing in support of their Motion to Dismiss their affidavits averring to a long list of "nevers" which stated clearly that none of the Individual Defendants ever had anything to do with the State of Illinois in any way, shape or form and specifically did not transact business or commit a tortious act in Illinois; and did not make or cause to be made the alleged illegal telephone calls in violation of the TCPA and/or in violation of the ATDA.

Plaintiffs attempt to counter these affidavits by filing in support of its Opposition Brief, the deposition transcripts of three of the Defendants (Jennifer Poole, Daniel Lambert, and Donna Higgins) taken in a case arising out of the Eastern District of New York entitled *Brian Jackson v. Caribbean Cruise Line, Inc., et al.,* CV 14 2485.  That case involved alleged violations of the TCPA by Caribbean Cruise Line, Inc., a predecessor corporation to HCL, by sending or directing to be sent on its behalf text messages without approval of the recipient.  The sum and substance of the deposition testimony in that case is that none of the deponents admitted to violating the law and testified that, if any unsolicited faxes were sent to the plaintiff, it was without authority or approval of HCL. There are the obvious distinctions between the two cases, *Jackson* involved unsolicited faxes and this case involves

unsolicited robotic phone calls, and the two cases involve different cruise lines. However, there are close similarities between these two cases and *Flexicorps, Inc. v. Benjamin & Williams Debt Collectors, Inc.,* 2007 WL 1560212 (N.D. Ill., May 29, 2007). In *Flexicorps,* the court pointed out that it was not enough just to show a violation of the TCPA, but there must be, in addition, some evidence that a non-resident defendant personally directed or participated in the violation in order to establish specific jurisdiction. It should also be noted that none of the Individual Defendants whose depositions were filed here were defendants in the Jackson case (at least at the time of their depositions), but only the cruise line and the ad agency who sent the faxes. Since the Plaintiffs have not countered the affidavit evidence produced by the Individual Defendants, they have not sustained their burden to demonstrate jurisdiction, their Motions to Dismiss for lack of jurisdiction are granted.

### B. The Jurisdiction Motion of Consolidated Travel Holdings Group, Inc.

The Defendant CTH also filed a Motion to Dismiss based on lack of jurisdiction. As Plaintiffs themselves state: to establish "personal jurisdiction over a non-resident holding company, the determinative question is whether the holding corporation is simply attempting to shield itself from lawsuits

by conducting its own business through the legal fiction of 'separate' subsidiaries and distribution networks." The Complaint alleges that HCL is a "mere instrumentality or alter ego of CTH" and that there is a lack of "corporate formality" between the two corporations. To counter these allegations CTH filed the affidavit of Daniel Lambert, one of CTH's directors. He averred that CTH is incorporated under the laws of Florida and maintains its principal and sole office in Fort Lauderdale, Florida; that it is a holding company of which HCL is a subsidiary; that it maintains a separate corporate existence from HCL; HCL and CTH have separate books and records; CTH does not exert control over HCL's daily affairs; CTH does not provide supplies to HCL; and CTH does not engage in any of the activities engaged in by HCL. He further averred that CTH has never transacted any business in the State of Illinois and has not performed any act that had any consequences Illinois. He then, on behalf of CTH, specifically denied that CTH performed any of the acts complained of by Plaintiffs in their Complaint. In response, Plaintiffs argue merely that HCL is the alter ego of CTH, citing *Old Orchard Urban Ltd. v. Harry Rosen, Inc.*, 389 Ill. App. 3d 58, 68 (1st Dist. 2009).

In Illinois when making a determination of whether there is such a unity of interest so that piercing the corporate veil in order to impose jurisdiction over a parent, there must be some

showing of fraud or injustice in the event the corporate veil is not pierced. Here the Plaintiffs have not shown any such evidence. There is no evidence before the Court, for example, that HCL is insolvent or that it is in any way unable to litigate the case with the Plaintiffs. Further, Plaintiffs have produced no evidence to counter facts set forth in the affidavit concerning the separate corporate existence. In short, there is nothing before the Court other than unsubstantiated allegations that HCL is the alter ego of CTH. This is insufficient. *Id., Old Orchard Ltd. V. Harry Rosen, Inc.* Accordingly, the Motion to Dismiss for lack of jurisdiction is granted.

**C.   The Motion to Dismiss Pursuant to Rule 12(B)(6)**

All Defendants, including HCL, have moved to dismiss both the TCPA and the ATDA counts for failure to state a cause of action under each statute. Since the Court has dismissed the Individual Defendants and CTH for lack of jurisdiction, the Motion is moot as to those Defendants and is dismissed as such. Since HCL did not move to dismiss on the basis of lack of jurisdiction, the Motion is ripe for decision relating to that Defendant. As HCL states, "[t]o satisfy the pleading requirements of Fed. R. Civ. P. 8(a), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

**1. The TCPA**

HCL argues that to establish a claim under the TCPA, a plaintiff must allege: (1) that a call was made; (2) using an ATDS or artificial or prerecorded voice; (3) the number called was assigned to cellular telephone service; and (4) the call was not made with the prior express consent of the recipient. It then argues that the Plaintiffs failed to allege sufficient facts to state such a claim. HCL's reasoning is that Bakov received three calls on his cell phone but only answered one of them and that Herrera received a garbled call which she returned the next day, via the telephone number left by the caller. HCL argues that she cannot therefore identify the equipment used to make the call. HCL also takes issue with what level of authority Plaintiffs are relying on in asserting liability to HCL.

In response, the Plaintiffs argue that under notice pleading what they have alleged is sufficient to state a claim under the TCPA. With respect to Bakov, one call is sufficient to state a claim under the TCPA, and it is not necessary to a violation of the Act that the call had to be answered. *Toney v. Quality Resources, Inc.,* 75 F.Supp.3d 727 (N.E. Ill. Dec. 1, 2014). With respect to Herrera, all that must be pled is that facts that "give context to [her] belief that defendant used prohibited equipment as part of its advertising campaign."

*Salem v. Lifewatch, Inc.,* 2014 WL 496094, (N.D, Ill., Sept. 22, 2014). The Court finds that the Plaintiffs have the better argument. All that is necessary at the pleading stage is to allege sufficient facts to alert the defendant of what the claim consists and that the claim has the appearance of plausibility. Plaintiffs certainly have done that. They allege they received unsolicited phone calls on their cell phones that were prerecorded. That is all that is necessary. They, of course, must come forward with sufficient facts at the summary judgment stage to fill out their claims, but that will come after discovery. With respect to authority, the Complaint clearly alleges that HCL authorized the offending telephone calls and that they were made for its benefit. *Chapman v. Wagener Equities, Inc.,* 2014 WL 540250 (N.D. Ill., Feb. 11, 2014). The Motion to Dismiss the TCPA count is denied.

### 2. The ATDA Claim

HCL makes the same arguments in seeking to have the ATDA claim dismissed that it made in seeking to dismiss the TCPA claim. For the same reasons, the Court is denying the Motion. Accordingly, the Motion to Dismiss the ATDA count is denied.

### III. <u>CONCLUSION</u>

For the reasons stated herein, the Motions to Dismiss the Individual Defendants and CTH for lack of jurisdiction are

granted.  The Motion to Dismiss the TCPA claim and the ATDA claim is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Harry D. Leinenweber*
　　　　　　　　　　　　　　　　　　　　　　　　　　————————————————————
　　　　　　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court

Dated: August 4, 2016