**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ANGEL BAKOV, JULIE HERRERA, and KINAYA HEWLETT, individually and on behalf of all others similarly situated, | : : : | |
| | : | Case No. 1:15-cv-02980 |
| Plaintiffs, | : | *Consolidated with* |
| | : | Case No. 1:17-cv-973 |
| | : | |
| | : | Hon. Harry D. Leinenweber |
| v. | : | |
| | : | Hon. Susan E. Cox |
| CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, a Florida corporation, | : : : | |
| | : | |
| Defendant. | : | |

**PLAINTIFFS' MOTION TO CONTINUE THE MOTION FOR CLASS
CERTIFICATION**

The single issue presented in this motion is whether the placeholder motion for class certification, Dkt. 98, should be continued while Plaintiffs continue to diligently pursue discovery, including documents and depositions, from Defendant and third parties, which will be used to create a full record for class certification.

## I.    **BACKGROUND**

1.      On March 21, 2017, Plaintiffs filed a "placeholder" motion for class certification, Dkt. 98, in light of Judge Edmond Chang's ruling in *Fulton Dental, LLC v. Bisco, Inc.*, No. 15 C 11038, 2016 WL 4593825, at *16 (N.D. Ill. Sept. 2, 2016) *appeal pending* 16-3574 (7th Cir.). Judge Chang found that despite the Supreme Court's ruling in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016) and the Seventh Circuit's ruling in *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015), the filing of a protective motion for class certification was required to

prevent a pick-off—an attempt by a defendant to moot the claims of the plaintiff and the class. The Seventh Circuit has held oral argument in *Fulton Dental*, but no decision has been rendered.

2.     On March 30, 3017, the Court held a status hearing to address Plaintiffs' motion for class certification and other matters.  The Court continued the motion to May 16, 2017, ordered Defendant, Consolidated World Travel, Inc. d/b/a Holiday Cruise Line ("Defendant" or "CWT") to produce documents by April 13, 2017, and scheduled a status conference for May 16, 2017.  Dkt. 102.

3.     As described in detail below, Plaintiffs have been diligently pursuing discovery in this litigation, but require additional time in complete their efforts in order to properly prepare an amended – not just a placeholder – motion for class certification.

## II.     STATUS OF DISCOVERY

### A.     CWT'S PRODUCTION OF DOCUMENTS

4.     Prior to the March 30, 2017 status hearing, the parties had exchanged written discovery and engaged in various meet and confer sessions.  Plaintiffs completed their productions in January 2017; CWT produced only a minimal amount of documents by that same date (less than 300 pages, approximately 260 of which were contained in a single spreadsheet).

5.     Beginning on April 13, 2017, CWT began its production of documents in response to the Court's Order.  CWT continued to roll out its production of documents over several days, with its last production on April 19, 2017.

6.     Plaintiffs have been reviewing CWT's April 2017 production, but have not yet finished their review of the documents.

7.     Thus far, the production has revealed the identity of at least two other entities that necessitate service of subpoenas in Florida.  These Florida entities are associated with Clifford

2

Albright (who has been served with a subpoena, see below), and appear to be connected to the telemarketing campaign at issue as they appear on emails from Albright to CWT.

8.      Significantly, neither of the two Florida entities were disclosed by CWT in either its initial Rule 26 disclosures, or in its supplemental disclosures issued on April 27, 2017.

9.      The documents just produced by CWT also contain a limited list of telephone numbers[1] that were used by Virtual Voice Technologies, Inc. ("VVT") – the entity which placed outbound calls on behalf of CWT – to transfer consumers to CWT's call centers in connection with the relevant marketing campaign.  CWT has documents which identify the telephone numbers of consumers who were called by VVT and then transferred to a CWT call center, but contends that the production of such records is unduly burdensome. To avoid a motion to compel this issue at this time, Plaintiffs are preparing a subpoena to CWT's telephone carrier in an attempt to obtain the list of calls transferred by VVT to CWT.

**B.      THIRD PARTY DISCOVERY**

**Subpoenas to Clifford Albright, Vance Vogel,
and Entities Associated with Vogel**

10.      CWT identified three individuals and one entity as persons with relevant knowledge in its November 2016 Rule 26 disclosures:  Jennifer Poole, the former marketing director of CWT; Clifford Albright, asserted to have knowledge regarding VVT's technology platform and the calls at issue; Vance Vogel, asserted to have knowledge regarding VVT's technology platform and calls at issue; and VVT, which is headquartered in India (it has no presence in the United States).

---

[1] CWT provided numbers that were in use by VVT as of December 1, 2015.  It did not provide telephone numbers in use before or after that date.

11. In December 2016, subpoenas were issued to Clifford Albright, Vance Vogel, and three entities associated with Vance Vogel, The Marketing Source, Inc., Media Monitors, Inc.; and TMS Holdings Group, Inc. (the "Vogel Entities").

12. None of the entities associated with Vogel were identified by CWT in its Rule 26 disclosures (either in their original or amended form), although Plaintiffs' review thus far of CWT's April 2017 production of documents indicates that at least The Marketing Source and Media Monitors are connected to the telemarketing campaign at issue. Plaintiffs have requested that CWT supplement its Rule 26 disclosures as to these entities but have not yet received a response.

13. Plaintiffs were unable to successfully serve Albright, Vogel, and the Vogel Entities in December 2016, but renewed their attempts in April 2017.

14. Plaintiffs successfully served Albright on April 12, 2017, with a subpoena to produce documents and a subpoena to testify. The return date to produce documents was April 28, 2017; Albright requested an extension on the due date until May 12, 2017 which Plaintiffs granted. His depositions was scheduled for May 4, but will be rescheduled.

15. Plaintiffs' second attempt to serve Vogel and the Vogel Entities in April 2017 did not succeed. However, Plaintiffs are making a third attempt to serve Vogel and the Vogel Entities at a new address, with the document subpoenas returnable on May 19, 2017, and the depositions scheduled for June 1, 2017. Plaintiffs will update on service the Court at the May 16 status conference.

## Subpoenas to Deborah Dillow and Dan Lambert

16.     Following CWT's April 2017 production, Plaintiffs (again) inquired as to the scope of the search conducted by CWT, including the custodians searched, keywords searched, and time period.

17.     On April 27, 2017, CWT identified the custodian files that were searched and the time period; CWT did not identify the keywords it used asserting, during the parties' meet-and-confers, those keywords are protected by the work-product doctrine  CWT identified that it had searched the emails of Deborah Dillow and Dan Lambert (among others).  Once again, CWT failed to identify Dillow or Lambert its Rule 26 disclosures or otherwise.

18.     Plaintiffs have requested that CWT again supplement its Rule 26 disclosures to provide Plaintiffs with the required information so that they may issue subpoenas to these individuals.

## Subpoena to Bandwidth.com

19.     On October 17, 2017, Plaintiff Hewlett served a subpoena on Bandwidth.com seeking information relating to the calls made in the Holiday Cruise Line campaign. Bandwidth.com is a communications technology company which owned several of the numbers which were leased out to CWT's agents for use in the Holiday Cruise Line campaign.

20.      Bandwidth.com and Plaintiff Hewlett agreed to delay their document production pending receipt of a list of outgoing phone numbers used in the Holiday Cruise Line campaign from CWT.

21.     CWT withheld this list of numbers for half a year.  Plaintiffs did not receive the list from CWT until April 13, 2017, following the Court's Order that CWT produce documents, and the list is incomplete.  *Supra* n.1.

22.     Plaintiffs are currently working to retrieve the needed information from Bandwidth.com now that they have received Defendant's production, but anticipate that it will take several weeks for Bandwidth.com to collect the information, and that additional subpoenas to third parties will likely be necessary based on information produced by Bandwidth.com in response to the subpoena.  Plaintiffs anticipate the process of pulling together the call information through Bandwith.com and CWT's carrier will take some time.

### Hague Convention Service on VVT

23.     Plaintiffs have attempted, through informal channels, to obtain information relevant to this litigation, such as the call lists used by VVT in connection with its telemarketing efforts on behalf of CWT.

24.     Plaintiffs have also attempted to obtain CWT's assistance in obtaining the call lists from VVT since it appears from the document production that VVT and the requests documents are within the control of CWT with regard to the telemarketing campaign at issue. CWT has denied Plaintiffs' request.

25.     Because of CWT's refusal to request documents from VVT, Plaintiffs intend to initiate Hague Convention Service upon VVT as well as move to compel CWT to use its best efforts to obtain the call lists and related materials from VVT directly.

### Florida Public Records Act Request

26.     On March 31, 2017, Plaintiff Herrera requested documents and information from the Florida Department of Agriculture and Consumer Services ("FDACS") pursuant to Article I, section 24 of the Florida Constitution, and Chapter 119, F.S. ("Records Request").  FDACS licenses and oversees telemarketing and the sale of travel activities in the State of Florida.

678742.1

27.     Plaintiffs' Records Request sought license applications submitted to FDACS by CWT and its parent company, Consolidated Travel Holdings Group, Inc., as well as certain related materials.

28.     On April 7, 2017, Plaintiffs received materials responsive to the Records Request.

29.     Following a review of the April 7 production, Plaintiffs informally requested additional information and materials from FDACS concerning CWT.

30.     On April 17 and 18, 2017, Plaintiffs received additional materials related to the Records Request.

31.     On April 30, 2017, Plaintiffs produced to CWT all materials obtained from and correspondence with FDACS, approximately 350 pages of material.

### Depositions of Plaintiffs

32.     The depositions of Plaintiffs have been scheduled for early May in Chicago (Plaintiffs Bakov and Herrera).

## III.     REQUEST FOR CONTINUANCE

33.     Plaintiffs have been diligently pursuing discovery in this litigation, however, much of the discovery is mid-stream including, *inter alia*:

   a.      Responses to the subpoenas to Albright;

   b.      Service of subpoenas upon entities related to Albright;

   c.      Service of subpoena upon CWT"s telephone carrier;

   d.      Service of subpoenas upon Vogel and entities related to Vogel;

   e.      Supplemental Rule 26 disclosures from CWT to enable service upon Dillow and Lambert;

678742.1

f.     Production of documents from Bandwith.com and service of additional subpoenas based upon that production; and

g.     Hague Convention service on VVT.

34.     Once Plaintiffs obtain the foregoing discovery, and based on current information, they intend to notice at least the following depositions:

a.     30(b)(6) deposition of CWT;

b.     Deposition of Jennifer Poole;

c.     Depositions of Deborah Dillow and Dan Lambert;

d.     Depositions of Clifford Albright and entities related to Albright; and

e.     Depositions of Vance Vogel and related entities.

35.     In order to complete this discovery, Plaintiffs request that this Court continue the placeholder motion for class certification for 90 days.

36.     At the next status hearing on the continued motion, Plaintiffs will provide the Court with an update on the status of discovery. Plaintiffs further propose that they be permitted to file a status report 7 days prior to the next hearing.

WHEREFORE, Plaintiffs, individual and behalf of the proposed class, respectfully request that the Court enter an Order:

A.     Granting this motion;

B.     Continuing Plaintiffs' placeholder motion for class certification, Dkt. 98, for 90 days after granting this Motion;

C.     Directing Plaintiffs to file a status report within 7 days prior to the next status hearing; and

D.     Granting such further relief this Court deems equitable and just.

8

678742.1

Date: May 1, 2017

Respectfully submitted,

By:      */s/ Katrina Carroll*
Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
**LITE DEPALMA GREENBERG, LLC**
211 West Wacker Drive
Suite 500
Chicago, IL 60606
Telephone: (312) 750-1265

Jeffrey Grant Brown
*jeff@jgbrownlaw.com*
**JEFFREY GRANT BROWN, P.C.**
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
Phone: 312.789.9700

Joseph J. Siprut
*jsiprut@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000

Robert Ahdoot (*pro hac*)
*rahdoot@ahdootwolfson.com*
Tina Wolfson (*pro hac*)
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Phone: 310.474.9111
***Counsel for Plaintiffs, Angel Bakov and Julie Herrera***

Yitzchak Kopel
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019
ykopel@bursor.com
(646) 837-7127
Pro Hac Vice pending
***Counsel for Plaintiff, Kinaya Hewlett***

9

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that the foregoing **Plaintiffs' Motion To Continue The Motion For Class Certification** was filed electronically with the Clerk of the Court using the CM/ECF system this 1st day of May 2017 and served electronically on all counsel of record.

*/s/ Katrina Carroll*