# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANGEL BAKOV, JULIE HERRERA, and KINAYA HEWLETT, individually and on behalf of all others similarly situated, | Case No. 1:15-cv-02980 |
| Plaintiffs, | *Consolidated with* Case No. 1:17-cv-973 |
| v. | Hon. Harry D. Leinenweber |
| CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, a Florida corporation, | Hon. Susan E. Cox |
| Defendant. | |

## PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF SUBPOENAS UPON VANCE VOGEL, THE MARKETING SOURCE, INC., MEDIA MONITORS, INC. AND TMS HOLDINGS GROUP, INC.

Plaintiffs Angel Bakov, Julie Herrera, and Kinaya Hewlett ("Plaintiffs"), by and through their undersigned counsel, respectfully request authority to serve third parties Vance Vogel ("Mr. Vogel") and related entities The Marketing Source, Inc., Media Monitors, Inc. and TMS Holdings Group, Inc. ("the Vogel Entities") with subpoenas to produce documents and things and subpoenas to attend and testify via (i) certified mail; (ii) first class mail; and (iii) electronic mail.

### Attempts at Personal Service on Mr. Vogel and the Vogel Entities

1. Mr. Vogel was identified by Defendant, Consolidated World Travel d/b/a Holiday Cruise Line ("CWT") as an individual with knowledge in its Rule 26 disclosures and provided an address of 12551 Indian Rocks Road, Suite 2, Largo, FL 33774.

**Error! No document variable supplied.**

2. The Vogel Entities were identified by Plaintiffs' counsel through public corporate record searches and other internet searches as entities with a business relationship to Mr. Vogel.[1]

3. Corporate records indicate that Mr. Vogel is the registered agent for, and an officer/director of, Media Monitors and The Marketing Source, both of which are located at 12551 Indian Rocks Road, Suite 2, Largo, FL 33774. *See* **Exhibit A** (corporate records of Media Monitors) and **Exhibit B** (corporate records of The Marketing Source). TMS Holdings is also located at the same Indian Rocks address, The Marketing Source is identified as the registered agent at that address, and Mr. Vogel is the officer/director. *See* **Exhibit C** (corporate records of TMS Holdings).

4. In December 2016, Plaintiffs attempted to serve Mr. Vogel and the Vogel Entities with subpoenas to produce documents. Process was unable to be effected because there was no response at the Indian Rocks address (blinds closed, doors locked, company name not on sign).

5. Plaintiffs made a second attempt to serve Mr. Vogel and the Vogel Entities in early April 2017 at the Largo address, this time with subpoenas to produce documents and with subpoenas to attend and testify. Despite counsel confirming the mailing address of The Marketing Source and Media Monitors via telephone, the process server was again unable to effect service at the Indian Rocks address.

6. Plaintiffs made a third attempt to serve Mr. Vogel and the Vogel Entities at an alternative address: 12600 S. Belcher Road, Suite 101D, Largo, FL 33773. *See* http://themarketingsource.com/contact.php. Again, the process server was unable to effect service (individuals at premises had no knowledge of the Vogel Entities or Mr. Vogel).

---

[1] None of the Vogel Entities were identified by CWT in its Rule 26 disclosures.

2
**Error! No document variable supplied.**

7. While Plaintiffs' third attempt at service was pending, Plaintiffs received a production of documents from CWT.

8. The documents[2] confirmed the connection of Mr. Vogel to The Marketing Source and the telemarketing scheme in this case, as well as identified at least one email address for Mr. Vogel at The Marketing Source (and confirmed the Indian Rocks address).

9. Although it does not appear that either Mr. Vogel or the Vogel Entities actually have a physical presence at the Indian Rocks address, 2017 corporate records indicate that is the place service on record for all of the Vogel Entities.

10. Mr. Vogel is designated as the agent of The Marketing Source and Media Monitors to receive service at that address, The Marketing Source is designated as the agent of TMS Holdings at that address, and Mr. Vogel is officer/director identified for the Vogel Entities at that address. Moreover, Plaintiffs have telephonic confirmation that The Marketing Source and Media Monitors are authorized to receive mail at the Indian Rocks address.

**Authorization to Serve Mr. Vogel and the Vogel Entities
Through Alternative Service is Appropriate**

11. Rule 45(b) provides for personal service of a subpoena.

12. However, many courts have authorized alternative service when (a) the party requesting the service has made diligent efforts to effect personal service of the subpoena and (b) the means of alternative service are designed to reasonably insure alternative service. *See, e.g., OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011) ("The Court is persuaded by and adopts the reasoning of the courts that interpret Rule 45 to allow service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort. The alternate means must be reasonably

---

[2] The parties are still reviewing the recent production of documents from CWT.

**Error! No document variable supplied.**

calculated to achieve actual delivery."); *Cartier v. Geneve Collections, Inc.,* No. CV 2007–0201, 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008) (alternative service is authorized if designed to reasonably insure the actual receipt of the subpoena by the witness); *Franklin v. State Farm Fire & Cas. Co.*, No. 09-10947, 2009 WL 3152993, at *2 (E.D. Mich. Sept. 9, 2009) ("Courts that have sanctioned alternative means of service under Rule 45 often have done so only after the party requesting the accommodation diligently attempted to effectuate personal service.").

13. Certified mail and first class mail have both been accepted as appropriate means of alternative service. *See, e.g., Halawani v. Wolfenbarger,* No. 07–15483, 2008 WL 5188813, at *3 (E.D. Mich. Dec. 10, 2008) (certified mail); *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011) (first class mail).

14. Plaintiffs propose serving Mr. Vogel and the Vogel Entities through (i) certified mail; (ii) first class mail; and (iii) electronic mail[3] to ensure the broadest service coverage.

WHEREFORE, Plaintiffs respectfully request the Court's authorization to serve Mr. Vogel and the Vogel entities through alternative service.

Date: May 9, 2017                                    Respectfully submitted,

                                                           **LITE DEPALMA GREENBERG, LLC**

By:    */s/ Katrina Carroll*
       Katrina Carroll
       kcarroll@litedepalma.com
       Kyle A. Shamberg
       kshamberg@litedepalma.com
       211 West Wacker Drive, Suite 500
       Chicago, IL 60606
       Telephone: (312) 750-1265

---

[3] Plaintiffs will utilize any electronic mail addresses that they discover in CWT's recent production of documents.

**Error! No document variable supplied.**

**JEFFREY GRANT BROWN, P.C.**
Jeffrey Grant Brown
*jeff@jgbrownlaw.com*
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
Telephone: (312) 789-9700

**SIPRUT PC**
Joseph J. Siprut
*jsiprut@siprut.com*
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Telephone: (312) 236-0000

**AHDOOT & WOLFSON, PC**
Robert Ahdoot (*pro hac*)
*rahdoot@ahdootwolfson.com*
Tina Wolfson (*pro hac*)
*twolfson@ahdootwolfson.com*
1016 Palm Avenue
West Hollywood, California 90069
Telephone: (310) 474-9111
***Counsel for Plaintiffs, Angel Bakov and Julie Herrera***

Yitzchak Kopel
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019
ykopel@bursor.com
Telephone: (646) 837-7127
Pro Hac Vice pending
***Counsel for Plaintiff, Kinaya Hewlett***

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing **Plaintiffs' Motion for Alternative Service of Subpoenas Upon Vance Vogel, The Marketing Source, Inc., Media Monitors, Inc. and TMS Holdings Group, Inc.** was filed electronically with the Clerk of the Court using the CM/ECF system this 8th day of May 2017 and served electronically on all counsel of record.

*/s/ Katrina Carroll*
Katrina Carroll