# EXHIBIT A

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
Eastern District of California

KINAYA HEWLETT

V.

CONSOLIDATED WORLD TRAVEL, INC., etc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:16-cv-713-WBS-AC

TO: MetroPCS Communications, Inc.,
Attn: Custodian of Records, 2250 Lakeside Boulevard,
Richardson, TX 75782
via e-mail: subpoenas@metropcs.com

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE | DATE AND TIME |
| --- | --- |
| Greenspoon Marder, P.A., 200 E. Broward Blvd., Suite 1800, Ft. Lauderdale, FL 33301 | 12/16/2016 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] - Attorney for Defendant | 12/1/2016 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Roy Taub, Esq., Greenspoon Marder, P.A., 200 E. Broward Blvd., Suite 1800, Ft. Lauderdale, FL 33301;
roy.taub@gmlaw.com

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
 The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

GREENSPOON MARDER, P.A.
RICHARD EPSTEIN (*admitted pro hac vice*)
Richard.Epstein@gmlaw.com
JEFFREY BACKMAN (*admitted pro hac vice*)
Jeffrey.Backman@gmlaw.com
ROY TAUB (*admitted pro hac vice*)
Roy.Taub@gmlawK.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 491-1120
Facsimile: (954) 333-4211

MANATT, PHELPS & PHILLIPS, LLP
CHRISTINE M. REILLY (SBN 226388)
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Tel: (310) 312-4237
Fax: (310) 996-7037
E-mail: creilly@manatt.com

*Attorneys for Defendant*
*Consolidated World Travel, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINAYA HEWLETT, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE,<br><br>Defendant. | Case No. 2:16-cv-00713-WBS-AC<br><br>**RIDER TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S SUBPOENA TO METROPCS COMMUNICATIONS, INC.** |

**INSTRUCTIONS**

1. The singular form of a noun or pronoun includes its plural form, and vice versa.

2. If any portion of any document is responsive to any request, then the entire document must be produced. All Documents produced pursuant to the Subpoena and Document Requests below shall be produced in the order in which they appear in your files and shall not be shuffled or otherwise rearranged.

3. In any written responses to the Document Requests below, preface each answer by restating the Request to which the answer is responsive.

4. For all Documents produced, identify the specific Request to which each document is responsive. If there are no Documents in your possession, custody or control which are responsive to a particular Request, so state so <u>in writing</u> and identify the Request.

5. You are required to produce a document or tangible thing if it is within your possession, custody, or control. Possession, custody or control includes constructive possession. If you have the right to compel the production from a third party, you have possession, custody or control and must obtain the document for production.

6. If any Documents responsive to a particular Request are known by you to exist but are not in your possession, custody or control, identify said Document(s) and the Person who has (or is last known to have had) possession, custody or control thereof.

7. For any Document requested that has been lost, discarded or destroyed, please identify each such Document as completely as possible and state the approximate date it was lost, discarded or destroyed, including the identities of all Persons involved in its creation and disposal; the reasons for disposing of the Document; the identities of all Persons with knowledge of its contents; and the identity of the last person known to have seen it or had it within their possession, custody or control.

8. Electronically stored information ("ESI") should be produced in native format with metadata. If you are unable to produce the information in its native format, you must contact the person that is serving this Subpoena upon you for further direction and specification of the ESI format for the production.

9.  Please mark each page of all produced Documents sequentially with a unique identifying number, such as a Bates Stamp number, or some other unique identifying mark that differentiates it from all others (e.g., MPCS 00001, MPCS 00002, etc.).

10. If any Document is withheld under claim of privilege, provide a list of each such document being withheld, and state with respect to each such document:

    a. the nature of the privilege being asserted

    b. the nature of the document or information (*e.g.*, letter, email, memorandum);

    c. a summary of the subject matter of the document or information;

    d. the date the document was dated or created, or information first generated; and

    e. the author(s) and recipient(s) of the document or information, and whether any of the authors or recipients are attorneys.

11. **WE ALSO REQUEST THAT YOU PROVIDE A DECLARATION AUTHENTICATING THE RECORDS AND/OR INFORMATION PRODUCED REFLECTING THAT THE DOCUMENTS ARE YOUR CORPORATE BUSINESS RECORDS AND KEPT IN THE REGULAR COURSE OF YOUR BUSINESS.**

## DEFINITIONS

The following definitions are incorporated by reference whenever applicable in these Requests.

1. "You," "your," and "MetroPCS" mean MetroPCS Communications, Inc. and all of its members, directors, affiliates, subsidiaries, related entities, affiliates, employees, servants, agents, representatives, consultants, agents, and/or other person or entity acting or purporting to act on its behalf.

2. "Plaintiff" means Kinaya Hewlett, the Plaintiff in this Action.

3. "Document" means, without limitation, all paper and electronic documentation, internal and external e-mail, letters, text messages, notes, memoranda, invoices, work-orders, calendars, schedules, books, records, and the like in both electronic and paper form, including preliminary drafts, however produced or reproduced, including all notes and notations.

RIDER TO DEF. CONSOLIDATED WORLD TRAVEL, INC.'S
SUBPOENA TO METROPCS COMMUNICATIONS, INC.

CASE NO. 2:16-CV-00713-WBS-AC

2

28649314:1 20581:0312

4. "Communications" means any oral or written statement, dialogue, colloquy, discussion, conversation and any other transfer of thoughts or ideas between persons that has been documented, and includes a transfer of data from one location to another by electronic or similar means.

5. "Relating to," "referring to," or "evidencing" mean directly or indirectly mentioning, describing, evidencing, regarding, concerning, pertaining to, referring to, being connected with, reflecting, arising out of, or having any logical or factual connection with a stated subject matter.

6. "Contract" means, without limitation, any agreement, contract, arrangement, settlement, promise, pact, bond, accord, covenant, deal, terms, conditions, terms and conditions, binding information, plan, customer agreement and/or terms of service.

7. "Policies" and "Procedures" means, without limitation, all document containing instructions, guidelines, protocols, rules, processes, commands, directions, orders, directives, practices, methods, tenets, strategies, procedures, programs, courses of action, approaches, conventions, customs, lessons, training instruction, codes or systems.

8. Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

9. For all terms that are not specifically defined in this section, the common dictionary definition and usage of the term should be applied as set forth in the Merriam-Webster dictionary or on www.dictionary.com.

**DOCUMENT REQUESTS**

You must produce the following documents dated, created or modified during the time period December 1, 2014 to the present.

1. All documents or communications referring or relating to Plaintiff, regardless of whether or not they relate to the telephone number (916) 807-3717.

2. All call detail and billing records for telephone number (916) 807-3717.

RIDER TO DEF. CONSOLIDATED WORLD TRAVEL, INC.'S
SUBPOENA TO MetroPCS COMMUNICATIONS, INC.

CASE NO. 2:16-CV-00713-WBS-AC

3

28649314:1 20581:0312

3. All contracts or agreements relating to telephone number (916) 807-3717, including all contract changes and/or amendments.

4. All documents and/or communications reflecting billing and/or payments received in connection with the customer account for telephone number (916) 807-3717, including documents reflecting the person(s) responsible for payment and all person(s) actually making payments on that account.

5. All documents and/or communications reflecting or resulting from usage billing and/or payments received in connection with the customer account for telephone number (916) 807-3717, including documents reflecting the person(s) responsible for payment and all person(s) actually making payments on that account.

6. Documents sufficient to evidence the process by which the mobile telephone application "Metro Block-it" functions on a user's mobile telephone.

7. All documents or communications reflecting use of the mobile telephone application "Metro Block-it" by Plaintiff or the telephone number (916) 807-3717.

8. All documents or communications generated by the mobile telephone application "Metro Block-it" related to Plaintiff or the telephone number (916) 807-3717.

9. All documents or communications referring or relating to information submitted to, and received by, the mobile telephone application "Metro Block-it" relating to Plaintiff or the telephone number (916) 807-3717.

10. All documents reflecting or generated by in connection with the customer account for telephone number (916) 807-3717, including documents reflecting the person(s) responsible for payment and all person(s) actually making payments on that account.

11. To the extent not provided in response to the above Requests, all documents or communications relating to telephone number (916) 807-3717, including but not limited to documents and/or communications reflecting the account owner(s), account managers, persons with access to the account and type of access, persons authorized to change plan services, account billing name and address, account subscriber(s), persons and/or entities included in any calling plan(s), account

RIDER TO DEF. CONSOLIDATED WORLD TRAVEL, INC.'S
SUBPOENA TO METROPCS COMMUNICATIONS, INC.
4
CASE NO. 2:16-CV-00713-WBS-AC

28649314:1 20581:0312

1  designation as residential or wireless, and all changes, transfers, suspensions, or closures of associated
2  accounts.

3     12.     All documents reflecting communications between MetroPCS and any other person or
4  entity regarding or relating to the lawsuit *Kinaya Hewlett v. Consolidated World Travel, Inc. d/b/a*
5  *Holiday Cruise Line*, Case No. 2:16-cv-00713-WBS-AC pending in the United States District Court
6  for the Eastern District of California, including but not limited to all other requests for documents
7  and/or information you have received related to that lawsuit, and the documents and information you
8  have produced or provided pursuant to those requests.

RIDER TO DEF. CONSOLIDATED WORLD TRAVEL, INC.'S
SUBPOENA TO METROPCS COMMUNICATIONS, INC.

CASE NO. 2:16-CV-00713-WBS-AC

5

28649314:1 20581:0312