**EXHIBIT B**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANGEL BAKOV and JULIE HERRERA, individually and on behalf of all others similarly situated, | Case No. 1:15-cv-02980 |
| Plaintiffs, | Hon. Harry D. Leinenweber |
| v. | Hon. Susan E. Cox |
| CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, a Florida corporation, | |
| Defendant. | |

### PLAINTIFF ANGEL BAKOV'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Angel Bakov ("Bakov"), by and through his attorneys, responds to Defendant Consolidated World Travel, Inc.'s ("CWT" or "Defendant") First Set Of Interrogatories ("Interrogatories"), as follows:

### GENERAL RESERVATIONS & STATEMENTS

Bakov reserves the right to move to quash or to seek a protective order on the grounds set forth in any Specific Objections and Responses or on any other basis at some future time.

Bakov has not concluded an investigation of the facts related to this case, formal discovery, or preparation for trial. Bakov provides these responses without waiving his right to later modify, supplement, or amend as additional information becomes available in the course of discovery, investigation, or preparation for trial.

Bakov reserves the right to produce evidence of any subsequently discovered facts, to alter or amend the responses, and otherwise to assert factual and legal contentions in the event that information that is presently in his possession is inadvertently omitted or mistakenly stated herein.

A response by Bakov to any specific Interrogatory is not, and shall not be construed as, an admission of the propriety of the specific Interrogatory.

Bakov's responses to the Interrogatories are made without waiving: (a) the right to object on the grounds of competency, relevancy, materiality, privilege or other grounds of admissibility of the matters disclosed as evidence for any purpose in any subsequent proceeding in this action or any other action; or (b) the right to object on any ground to other discovery requests involving or relating to the subject matter of these Interrogatories. Further, to the extent that Bakov provides information, he is doing so in an effort to expedite discovery in this action and not as an indication or admission by Bakov of relevancy, materiality, or admissibility, and Bakov preserves all objections to Defendant's use of such information.

## INTERROGATORY RESPONSES

1. State the name, current and past residential addresses, current business address and title for each person with whom you consulted and/or provided information or assistance to you, and all documents (including their date, author, addressees and recipients) upon which you relied or referred to in answering or attempting to answer any of the Interrogatories herein, identifying the Interrogatories to which each consultation and/or document relates.

**RESPONSE**: Bakov objects to this interrogatory because it is vague and ambiguous as to whether it seeks the identity of persons who consulted with or assisted Plaintiff, or persons who Plaintiff assisted; and Plaintiff objects to the extent it seeks information that is not calculated to lead to the discovery of relevant infomation, is overbroad, and invades the attorney-client privilege. Without waiving these objections, Plaintiff consulted with his counsel of record in this matter in preparing his responses to these interrogatories.

2. Provide a complete list of the names, addresses, telephone numbers, places of employment and job title(s) for each member of the putative class (including you) and/or each person with knowledge of any fact in this case and the specific knowledge he/she has concerning this case.

RESPONSE: Plaintiff objects to this interrogatory to the extent it seeks information not

in Plaintiff's possession or control, because it seeks hearsay information, and because it asks Plaintiff to speculate about what other people may know. Without waiving these objections, Plaintiff states that his current employer is Glen J. Dunn & Associates, Ltd., 221 North LaSalle Street, Chicago, Illinois 60601; and that he does not know the names, addresses telephone numbers, places of employment and job titles of each member of the putative class, nor each person with knowledge of the facts in this case. Plaintiff can be contacted through his counsel. Plaintiff is aware that Basia Urban may also have knowledge of unlawful telephone calls from Defendants during the class period. Ms. Urban may also be contacted through Plaintiff's counsel.

3. Identify and provide a detailed description of all alleged communications between CWT and each putative class member, including you, including but not limited to, the full contents and date of each alleged communication, the person or entity who initiated each communication, a description of the conversation that took place during the call, the name and a description of the person to whom you or a putative class member spoke, and whether you or a putative class member were asked any questions during the communications.

RESPONSE: Plaintiff objects to this interrogatory to the extent it seeks information not in Plaintiff's possession or control, because it seeks hearsay information, and because it asks Plaintiff to speculate about what other people may know. Without waiving these objections, Plaintiff does not know the alleged communications between CWT and each putative class member. Plaintiff is aware that Defendant contacted Plaintiff as set forth in Plaintiff's Amended Complaint, Doc. # 19, ¶¶ 23-31, and as set forth in Plaintiff's Rule 26(a) disclosures.

4. Identify and describe in detail the full telephone numbers at which CWT allegedly called each putative class member including you.

RESPONSE: Plaintiff objects to this interrogatory to the extent it seeks information not in Plaintiff's possession or control, because it asks Plaintiff for each putative class members' phone number. Plaintiff also objects to this interrogatory because it seeks information already in Defendants' possession or control (since Defendants placed the calls to each putative class member). Without waiving these objections, the full telephone number at which CWT called

9

Plaintiff Bakov is 773 844 1521.

5. Describe in specific detail all facts supporting Your allegation that the telephone calls alleged in the Complaint were made from or by an "automated telephone dialing system" as defined by 47 U.S.C. § 227(a)(l ).

RESPONSE: Plaintiff Bakov refers Defendant to the factual allegations in the Complaint.

6. Describe in specific detail all facts supporting Your allegation that the telephone calls alleged in the Complaint utilized an artificial or prerecorded voice.

RESPONSE: Please see response to Interrogatory No. 5.

7. Describe in specific detail all facts reflecting or evidencing that CWT's conduct with or toward any of the putative class members, including you , was "knowing" and/or "willful ," as alleged in the Complaint.

RESPONSE: Please see response to Interrogatory No. 5. Defendant called Plaintiff after Plaintiff asked Defendant not to call Plaintiff.

8. Describe in specific detail all the alleged "actual harm" described in Paragraph 3 ("the aggravation and nuisance ") and all the alleged "actual damages" described in Paragraphs 145 and 156 ("monies paid to receive the calls on their cellular telephones"), that each putative class member (including you) sustained as a result of the telephone calls alleged in the Complaint.

RESPONSE: Please see response to Interrogatory No. 5. In addition, Bakov states that he was aggravated by the calls, and interrupted during the work day to answer nuisance calls; and pays monies to use his cellular phone, including "minutes" allocated under the wireless plan;,

9. Describe in specific detail all other lawsuits, regulatory, administrative, arbitration and/or quasi-judicial proceedings to which you have been a party (i.e. plaintiff, defendant, claimant, respondent , etc.), including but not limited to whether you served as a class representative in any of those actions, the name/style of the case, case number, jurisdiction , the nature of the dispute, the capacity in which you were a party, and the ultimate disposition

of each action.

RESPONSE:  None.

10. Describe in specific detail how you became a named plaintiff in this case, were selected to be a class representative for the putative class members, and ultimately retained each of your attorney(s) in this case, including but not limited to whether you or an attorney first initiated contact regarding filing this case, the person(s) who determined to pursue class action status for this case, who (if anyone) referred you to any of your attorneys in this case, whether you considered and/or interviewed any other attorney(s) to represent you in this case, the names and addresses of such attorney(s), whether there have been proposed class representatives other than yourself in this case and the name(s) of each such person.

RESPONSE:  Plaintiff objects to this request to the extent it calls for attorney-client privileged communications between Plaintiff and his counsel about their discussions relating to their strategy in litigating this matter.  Plaintiff became a named plaintiff following Defendants' unlawful calls to his cellular telephone.  Plaintiff received several of the illegal calls, then retained counsel.  Plaintiff did not consider or interview any other attorneys to represent him. Plaintiff does not know whether there have been proposed class representatives other than himself.

11. Describe in specific detail the nature of the relationship (including any familial relationship) between you and each of the attorneys who have ever represented you in this case.

RESPONSE:  Plaintiff objects to this Interrogatory because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.  Subject to these objections, Plaintiff Bakov states that he has no familial relationship with any of the attorneys who have ever represented him in this case.

12. Identify and describe in detail your reaction(s) to and action(s) immediately following your receipt of each of the telephone calls you alleged in the Complaint.

RESPONSE: Please see response to Interrogatory No. 5. Bakov further states that he was aggravated by Defendant's calls.

13. Identify the number of notifications, whether by text, vibration, or ringer, that you received, on average, per day on your cellular telephone number for each month in which you allege in the Complaint you received a telephone call.

RESPONSE: Plaintiff objects to this interrogatory, because it seeks irrelevant information. Without waiving this objection, please see phone records produced in response to Defendant's requests for production of documents.

14. Identify and describe in detail the amount by which your cellular telephone bill increased as a result of receiving any of the telephone calls you alleged in the Complaint.

RESPONSE: Please see phone records produced in response to Defendant's requests for production of documents

15. Identify whether the ringer for your cellular telephone was on when you received each of the telephone calls you alleged in the Complaint.

RESPONSE: Plaintiff objects to the term "ringer" as vague and ambiguous. Without waiving this objection, Plaintiff states that he was notified of the calls by his phone as the calls were received by him.

16. Identify and describe in detail the amount, on average, of unwanted telephone calls that you received on your cellular telephone for each month in which you allege in the Complaint you received a telephone call.

RESPONSE: Plaintiff objects to this request because it seeks information which is not calculated to lead to the discovery of, relevant information. Without waiving these objections, Plaintiff states that he cannot describe in detail how many unwanted calls he received during the period described in the Complaint.

17. Identify and describe in detail your typical reaction(s) to receiving an unwanted telephone call to your cellular telephone.

RESPONSE: Plaintiff objects to this request because it seeks information which is not

calculated to lead to the discovery of, relevant information, an because it assumes a fact that has not been established, there was a "typical" response.

18. Identify any applications/"apps" that you use on any of your telephones m connection with telemarketing or telephone solicitation calls that you receive.

RESPONSE    Plaintiff objects to this request because it is vague and ambiguous; and because Bakov states that he does not understand what information Defendant is requesting. To the extent Defendant is asking whether Bakov uses software to make telemarketing calls, Bakov states that he does not make such calls.

19. For each telephone number for which you and every other putative class member are/were the telephone account subscriber or primary user, describe in specific detail: 1) the telephone carrier or company (i.e., AT&T, Verizon, etc.); 2) dates of service or use of that telephone number; 3) whether the telephone number is/was associated with a cellular phone, residential landline, satellite phone or other phone type; 4) whether the telephone number was switched between phone types (i.e. residential landline to cellular, etc.) and the specific phone types that were switched; 5) the make, model and year of each telephone identified; 6) the type of calling and data plan associated with each telephone number; and 7) whether the calling and/or data plan associated with the telephone number permits instant and/or SMS text messages .

RESPONSE:   Plaintiff objects to these interrogatories, because they are vague and ambiguous, and lack an appropriate or contextual temporal scope; and because they seek information which is not calculated to lead to the discovery of relevant information.  Subject to these objections, Plaintiff responds to each subpart of Interrogatory No. 19 as follows:  1) AT&T; 2) Plaintiff is not certain of the beginning date of wireless service for the telephone number in question; the number is in current and continuous use since then; 3) yes; 4) it was not; 5) Plaintiff does not understand what information is sought by this request, since no telephone has been identified; 6) Plaintiff does not understand what information is sought by this subpart by "type" of "calling and data plan" or "each telephone number"; 7) Plaintiff's current calling or data plan

permits text messaging.

Date: December 31, 2016               By:     /s/ Jeffrey Grant Brown

Jeffrey Grant Brown
*jeff@jgbrownlaw.com*
**JEFFREY GRANT BROWN, P.C.**
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
Phone: 312.789.9700

Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
**LITE DEPALMA GREENBERG, LLC**
211 West Wacker Drive
Suite 500
Chicago, IL 60606
Telephone: (312) 750-1265

Joseph J. Siprut
*jsiprut@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000

Robert Ahdoot (*pro hac*)
*rahdoot@ahdootwolfson.com*
Tina Wolfson (*pro hac*)
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Phone: 310.474.9111

***Counsel for Plaintiffs
and the Proposed Class***