# EXHIBIT C

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL BAKOV and JULIE HERRERA, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 1:15-cv-02980 |
| Plaintiffs, | ) ) | Hon. Harry D. Leinenweber |
| v. | ) ) | Hon. Susan E. Cox |
| | ) | |
| CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, a Florida corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF JULIE HERRERA'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Julie Herrera ("Herrera"), by and through her attorneys, responds to Defendant Consolidated World Travel, Inc.'s ("CWT" or "Defendant") First Set Of Requests For Production Of Documents ("Requests" or "RFP").

## GENERAL RESERVATIONS & STATEMENTS

1.      Herrera reserves the right to move to quash or to seek a protective order on the grounds set forth in any Specific Objections and Responses or on any other basis at some future time.

2.      Herrera's Responses to the Requests are made without waiving: (a) the right to object on the grounds of competency, relevancy, materiality, privilege or other grounds of admissibility to the introduction of any Response or document as evidence for any purpose in any subsequent proceeding in this action or any other action; or (b) the right to object on any ground to other discovery requests involving or relating to the subject matter of these Requests.

633172.1

Further, Herrera's production of documents is done in an effort to expedite discovery in this action and not as an indication or admission by Herrera of relevancy, materiality, or admissibility, and Herrera preserves all objections to Defendant's use of such documents.

3. Any statement that responsive documents will be produced is not a representation that such documents in fact exist, but is intended to mean that, if such documents exist, are responsive, are located after a reasonably diligent search and are not subject to any objection and/or privilege, they will be produced. Such documents will be produced within thirty days of these Responses.

4. Herrera reserves the right to amend, supplement, or correct these Responses if and when she discovers other or additional documents or grounds for further responses and objections.

5. Herrera reserves the right to make any use of, or to introduce at hearing or trial, documents responsive to the Requests discovered subsequent to the date of these Responses, including, without limitation, any documents obtained in discovery in this action.

<u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>

<u>**RFP No. 1:**</u>

All documents relating to and/or evidencing all telephone calls you allegedly received from CWT, including but not limited to telephone records, call logs, audio recordings, photographs and video recordings of caller ID or other telephone displays, computer or telephone screenshots, transcriptions, notes, emails, text or instant messages, correspondence and all other types of paper and electronic records.

   **Response:**

   Herrera objects on grounds that Defendant's request for "all documents relating to and/or evidencing all telephone calls . . . including . . . all . . . types of paper and electronic records"

2

exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "you" is overbroad, because producing each kind of document is disproportionate to the needs of the case where one kind of document is sufficient, because several kinds of documents requests, e.g., transcriptions and instant messages, are irrelevant to whether Defendant made a call to Herrera's cellular phone, because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing documents already in Defendant's possession.

Subject to these objections, Herrera will produce responsive documents sufficient to identify Defendant's calls to her cellular phone. Herrera will withhold all other documents.

**RFP No. 2:**

Documents reflecting all telephone numbers at which you allegedly have received telephone calls from CWT, the owner/subscriber of record for each of those telephone numbers, and bills with all call details sent by the telephone carrier or company relating to those telephone numbers.

**Response:**

Herrera objects on grounds that Defendant's request for "bills with all call details" exceeds the scope of discovery permitted by Rule 26(b)(1) because it seeks "all call details . . . relating to [all telephone numbers at which Herrera received calls from Defendant]" even though not all calls to those telephone numbers have any bearing on the calls made by Defendant, and because the definition "you" is overbroad.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold information reflecting calls to her telephone number not made by or to Defendant.

**RFP No. 3**:

All documents relating to and/or evidencing each of the putative class members' receipt of telephone calls from CWT, including but not limited to telephone records, call logs, audio recordings, photographs and video recordings of caller ID or other telephone displays, computer or telephone screenshots, transcriptions, notes, emails, text or instant messages, correspondence and all other types of paper and electronic records.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "putative class members" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to producing documents already in Defendant's possession. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents sufficient to identify Defendant's calls made to her to her cellular phone. Herrera will withhold all other documents.

**RFP No. 4**:

Documents reflecting all telephone numbers at which each of the putative class members allegedly have received telephone calls from CWT, and the owner/subscriber of record for each of those telephone numbers.

4

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "putative class members" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing documents already in Defendant's possession. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents sufficient to identify the telephone numbers to which Defendant made calls to her and the owner/subscriber of said telephone numbers. Herrera will withhold all other documents.

**RFP No. 5:**

All documents reflecting and/or evidencing that any or all of the putative class members received telephone calls that are the same or similar to the telephone calls from CWT that Plaintiff alleges she received.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definitions of "Plaintiff" and "putative class members" are overbroad and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to producing

documents already in Defendant's possession. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents relating to the calls made by Defendant to her. Herrera will withhold all other documents.

**RFP No. 6:**

All documents that you are relying upon in support of the allegations in the Complaint.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to producing documents already in Defendant's possession. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege.

**RFP No. 7:**

All documents relating to and/or evidencing all telephone calls you have made to CWT, including but not limited to telephone records, call logs, audio recordings, photographs and video recordings of caller ID or other telephone displays, computer or telephone screenshots,

transcriptions, notes, emails, text or instant messages, correspondence and all other types of paper and electronic records.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to producing documents already in Defendant's possession. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents sufficient to identify the calls she made to Defendant. Herrera will withhold all other documents.

**RFP No. 8:**

Documents reflecting all telephone numbers from which you allegedly made telephone calls to CWT.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

7

Subject to these objections, Herrera will produce responsive documents sufficient to identify the numbers from which she called Defendant. Herrera will withhold all other documents.

**RFP No. 9:**

All documents relating to and/or evidencing all telephone calls each of the putative class members have made to CWT, including but not limited to telephone records, call logs, audio recordings, photographs and video recordings of caller ID or other telephone displays, computer or telephone screenshots, transcriptions, notes, emails, text or instant messages, correspondence and all other types of paper and electronic records.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "putative class members" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to producing documents already in Defendant's possession. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce documents sufficient to identify the calls she made to Defendant. Herrera will withhold all other documents.

**RFP No. 10:**

Documents reflecting all telephone numbers from which each of the putative class members allegedly made telephone calls to CWT.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "putative class members" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing documents already in Defendant's possession. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce documents sufficient to identify the calls she made to Defendant. Herrera will withhold all other documents.

**RFP No. 11:**

All documents relating to communications between you and CWT not called for or responsive to any the foregoing Requests.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to producing documents already in Defendant's possession.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege.

**RFP No. 12:**

All documents relating to communications between CWT and each putative class member not called for or responsive to any of the foregoing Requests.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "putative class members" is overbroad, because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege, and because producing "all" documents is unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to producing documents already in Defendant's possession. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege.

**RFP No. 13:**

All documents relating to and/or reflecting communications between you and each of the putative class members relating to the facts and/or allegations contained in the Complaint.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1), because the definitions of "you" and "putative class members" are overbroad and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege. Herrera

further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

**RFP No. 14:**

All documents exchanged by and/or between you and any and all of the putative class members relating to the facts and/or allegations contained in the Complaint.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1), because the definitions of "you" and "putative class members" are overbroad and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

**RFP No. 15:**

Telephone billing records for each telephone and telephone number (including but not limited to landline and cellular telephones) used by you to make or receive telephone calls and/or text-based messages within the relevant time period.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "you" is overbroad, because it seeks documents regarding Herrera's "landline" and phone numbers used to make or receive "text-based messages" which are not at issue in this litigation, because it seeks information regarding calls that are not made from or to Defendant, because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce telephone billing records for each telephone number she used to receive calls from or make calls to Defendant. Herrera will withhold all other documents.

**RFP No. 16:**

Telephone billing records for each telephone and telephone number (including but not limited to landline and cellular telephones) used by each of the putative class members to make or receive telephone calls and/or text-based messages within the relevant time period.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "putative class members" is overbroad, because it seeks documents regarding "landline[s]" and phone numbers used to make or receive "text-based messages" which are not at issue in this litigation, because it seeks information regarding calls that are not made from or to Defendant, because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege..

Subject to these objections, Herrera will produce telephone billing records for each telephone number she used to receive calls from or make calls to Defendant. Herrera will withhold all other documents.

**RFP No. 17:**

All documents evidencing the amount(s) you were charged and that you paid each month for your cellular telephone bills for the relevant time period.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents sufficient to identify the amounts she paid for her ability to receive calls from and make calls to Defendant. Herrera will withhold all other documents.

**RFP No. 18:**

All documents evidencing the terms and conditions of the cellular telephone plan that you hold with your provider, including, but not limited to, information regarding how much you pay for texting, talking on the phone, and use of cellular data, for the relevant time period.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

**RFP No. 19:**

All documents evidencing all of the cellular telephone calls you received, made, did not answer, and sent directly to voicemail for the relevant time period.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad, because it seeks documents for "all of the cellular telephone calls" unrelated to the calls made by Defendant to Herrera or vice versa, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce documents sufficient to identify the calls she received from or made to Defendant. Herrera will withhold all other documents.

**RFP No. 20:**

All documents evidencing the substance of all of the telephone calls you alleged you received in the Complaint.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege.

**RFP No. 21:**

All documents relating to, reflecting, or otherwise evidencing use of a predictive dialer and/or an automated telephone dialing system as alleged in the Complaint.

**Response:**

Herrera objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice and to producing documents already within Defendant's possession.

Subject to these objections, Herrera will produce responsive documents that have not been previously produced by Defendant.

**RFP No. 22:**

All documents exchanged by or between you and any third party relating to the facts and/or allegations contained in the Complaint.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege.

**RFP No. 23:**

All documents reflecting and/or supporting the economic damages and/or harm to you that is alleged in the Complaint and your attempts to mitigate such damages.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege.

**RFP No. 24:**

All documents reflecting and/or supporting the economic damages and/or harm to each of the putative class members that is alleged in the Complaint in Paragraph 3 ("actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited calls, and the monies paid to their cellular carriers for the receipt of such calls"), Paragraph 145 ("actual damages in the form of monies paid to receive the calls on their cellular telephones"),

and Paragraph 156 ("actual damages in the form of monies paid to receive the calls on their cellular telephones") and their attempts to mitigate such damages.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "putative class members" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to producing documents already in Defendant's possession. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents supporting her claim for damages and/or harm. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege.

**RFP No. 25:**

All documents evidencing your allegation that CWT caused you as alleged in Paragraph 3 of the Complaint.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the phrase "that CWT caused you" is vague, because, assuming Defendant seeks documents evidencing Herrera's allegation that Defendant "caused [her harm]," the definition of "you" is overbroad, and because it seeks documents protected by

the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to producing documents already in Defendant's possession. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents supporting her claim for damages and/or harm. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege.

**RFP No. 26:**

All documents supporting the Complaint allegations that CWT knowingly and willfully violated 47 U.S.C. § 227 or otherwise violated the Telephone Consumer Protection Act.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because producing "all" documents is unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to producing documents already in Defendant's possession. Herrera further objects to producing documents available in the public record in cases alleging violations of the Telephone Consumer Protection Act 47, U.S.C. § 227 ("TCPA"), where Defendant or any related entities were named defendants.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents already in the possession of Defendant or its employees and publicly available to Defendant.

**RFP No. 27:**

All documents reflecting Plaintiff's and/or each putative class member's purchase(s) of and/or payments for products, services, travel, or benefits as a result of, or arising from, any and all alleged CWT telephone calls in the Complaint.

    **Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definitions of "Plaintiff" and "putative class members" are overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to producing documents already in Defendant's possession. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

    Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

**RFP No. 28:**

All documents reflecting how and when you retained your attorney(s) in this lawsuit, including but not limited to all engagement letters and retainer letters.

    **Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definitions of "Plaintiff" and "putative class members" are overbroad, and because it seeks documents protected by the attorney-client privilege, the

work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice.

Subject to these objections, Herrera states she retained her attorneys prior to filing her lawsuit against Defendant. Herrera will withhold responsive documents.

**RFP No. 29:**

Documents reflecting all of your attorney(s)' prior lawsuits and class representation that evidence their ability to adequately represent the putative class in this lawsuit.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "your" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege. Herrera further objects to producing documents already in possession of Defendant or publicly available to Defendant.

Subject to these objections, Herrera will produce the resume of the firms that represent her, and she refers Defendant to publicly available information for each of her attorneys. Herrera further states that she is not aware of any documents that suggest her attorneys are inadequate to represent the putative class. Herrera will withhold all other documents.

**RFP No. 30:**

All documents relating to lawsuits (other than this lawsuit) in which you are/were an individual Plaintiff and/or the representative of a class at any time.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definitions of "you" and "Plaintiff" are overbroad, because the time period of "any time" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the doctor-patient privilege. Herrera further objects to producing documents already in possession of Defendant or publicly available to Defendant. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the doctor-patient privilege.

**RFP No. 31:**

All documents related to testimony you have provided under oath including, but not limited to, affidavits, depositions, discovery responses, or in-court testimony, in the last 10 years.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "you" is overbroad, because the period of time is overbroad, because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege. Herrera further objects to producing documents already in possession of Defendant or publicly available to Defendant. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice.

Subject to these objections, Herrera states that she is not aware of any responsive documents. Herrera will withhold any documents responsive to this Request that relate to her role as an attorney.

**RFP No. 32:**

All documents relating to any and all instances in which you were convicted of a crime involving a felony, dishonesty or false statement in the last 10 years.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "you" is overbroad, because the period of time is overbroad, because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege. Herrera further objects to producing documents already in possession of Defendant or publicly available to Defendant. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice.

Subject to these objections, Herrera is not aware of any responsive documents. Herrera will withhold any documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege.

**RFP No. 33:**

Documents sufficient to identify all putative class members.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "putative class members" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine,

the common interest doctrine, and the joint prosecution privilege. Herrera further objects to producing documents already in possession of Defendant or publicly available to Defendant.

Subject to these objections, Herrera will produce responsive documents not available to Defendant. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

**RFP No. 34:**

Documents reflecting the number of putative class members that may fall within the proposed class.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "putative class members" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege. Herrera further objects to producing documents already in possession of Defendant or publicly available to Defendant.

Subject to these objections, Herrera will produce responsive documents not available to Defendant. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

**RFP No. 35:**

All documents that you intend to rely upon to support your request for class certification for the putative class.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definitions of "you" and "your" are overbroad, and

because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege. Herrera further objects to producing documents already in possession of Defendant or publicly available to Defendant.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

**RFP No. 36:**

All documents that support your contention that the proposed class is capable of being certified, including but not limited to, documents supporting that the class is numerous enough for certification, has common issues that will predominate over individual issues, has typical issues, and has adequate representation.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "your" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege. Herrera further objects to producing documents already in possession of Defendant or publicly available to Defendant. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

**RFP No. 37:**

All documents that support or otherwise relate to your contention in the Complaint that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy and any individual putative class member's claims.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definitions of "your" and "putative class member" are overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege. Herrera further objects to producing documents already in possession of Defendant or publicly available to Defendant. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

**RFP No. 38:**

All documents evidencing your reaction(s) to receiving the telephone calls you alleged in the Complaint.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definitions of "you" is overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects

to producing documents already in possession of Defendant or publicly available to Defendant. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege.

**RFP No. 39:**

All documents evidencing your action(s) immediately following your receipt of the telephone calls you alleged in the Complaint.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "you" and "your" are overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to producing documents already in possession of Defendant or publicly available to Defendant. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege.

**RFP No. 40:**

All documents evidencing where you were and what you were doing on the days you received the calls you alleged in the Complaint.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "you" is overbroad, because "where [Herrera] [was] and what [she] [was] doing" is irrelevant and not proportional to whether Defendant made the calls in violation of the TCPA, because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, a the joint prosecution privilege, and the marital privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to producing documents already in possession of Defendant or publicly available to Defendant. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce documents sufficient to identify the date and time of the calls she received from and made to Defendant. Herrera will withhold all other documents..

**RFP No. 41:**

All documents evidencing any research you conducted about the telephone calls you alleged you received in the Complaint following your receipt of the telephone calls.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definitions of "you" and "your" are overbroad, and

because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to producing documents already in possession of Defendant or publicly available to Defendant. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege.

**RFP No. 42:**

All documents relating to or generated by any applications/"apps" that you use on any of your telephones in connection with telemarketing or telephone solicitation calls that you receive.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definitions of "you" and "your" are overbroad, because the phrase "applications/ 'apps' that [Herrera] use[s] . . . in connection with telemarketing or telephone solicitation calls" is vague, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice.

Subject to these responses, Herrera will agree to meet and confer on what documents Defendant is requesting. Until such time, Herrera will withhold responsive documents.

**RFP No. 43:**

All documents you relied upon in preparing your responses to CWT's First Set of Interrogatories to Plaintiffs dated December 1, 2016.

**Response:**

Herrera objects on grounds that Defendant's Request exceeds the scope of discovery permitted by Rule 26(b)(1) because the definitions of "you" and "your" are overbroad, and because it seeks documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege. Herrera further objects to producing "all" documents as unduly burdensome, when a limited amount of such information will suffice. Herrera further objects to producing documents already in possession of Defendant or publicly available to Defendant. Herrera further objects to this Request on the basis that it seeks documents already called for production by other Requests.

Subject to these objections, Herrera will produce responsive documents. Herrera will withhold documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege.

Date: December 30, 2016         By:    /s/ Katrina Carroll
                                  Katrina Carroll
                                  kcarroll@litedepalma.com
                                  Kyle A. Shamberg
                                  kshamberg@litedepalma.com
                                  **LITE DEPALMA GREENBERG, LLC**
                                  211 West Wacker Drive
                                  Suite 500
                                  Chicago, IL 60606
                                  Telephone: (312) 750-1265

Jeffrey Grant Brown
*jeff@jgbrownlaw.com*
**JEFFREY GRANT BROWN, P.C.**
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
Phone: 312.789.9700

Joseph J. Siprut
*jsiprut@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000

Robert Ahdoot (*pro hac*)
*rahdoot@ahdootwolfson.com*
Tina Wolfson (*pro hac*)
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Phone: 310.474.9111

***Counsel for Plaintiffs***
***and the Proposed Class***

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing

was served on the following individuals this 30th day of December 2016 via electronic mail:


/s/ Katrina Carroll


Richard W. Epstein, Esq.
FL BAR NO. 229091
Jeffrey A. Backman, Esq.
FLA. BAR NO. 662501
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-491-1120
Fax: 954-213-0140
Email: richard.epstein@gmlaw.com
Email: jeffrey.backman@gmlaw.com

Timothy Hudson, Esq.
TABET, DIVITO & ROTHSTEIN LLC
FIRM NO. 38234
209 South LaSalle Street, 7th Floor
Chicago, IL 60604
Phone: 312-762-9476
Fax: 312-762-9451
Email: thudson@tdrlawfirm.com

***Attorneys for Consolidated World Travel, Inc. d/b/a
Holiday Cruise Line***

633172.1