# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL BAKOV and JULIE HERRERA, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, a Florida corporation, ) ) ) ) Defendant. ) | Case No. 1:15-cv-02980<br><br>Hon. Harry D. Leinenweber<br><br>Hon. Susan E. Cox |

**PLAINTIFF JULIE HERRERA'S OBJECTIONS AND RESPONSES
TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY
CRUISE LINE'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Julie Herrera ("Herrera"), by and through her attorneys, responds to Defendant Consolidated World Travel, Inc.'s ("CWT" or "Defendant") First Set Of Interrogatories ("Interrogatories").

**GENERAL RESERVATIONS & STATEMENTS**

1.  Herrera reserves the right to move to quash or to seek a protective order on the grounds set forth in any Specific Objections and Responses or on any other basis at some future time.

2.  Herrera has not concluded an investigation of the facts related to this case, formal discovery, or preparation for trial. Herrera provides these responses without waiving her right to later modify, supplement, or amend as additional information becomes available in the course of discovery, investigation, or preparation for trial.

3.  Herrera reserves the right to produce evidence of any subsequently discovered

facts, to alter or amend the responses, and otherwise to assert factual and legal contentions in the event that information that is presently in her possession is inadvertently omitted or mistakenly stated herein.

4. A response by Herrera to any specific Interrogatory is not, and shall not be construed as, an admission of the propriety of the specific Interrogatory.

5. Herrera's responses to the Interrogatories are made without waiving: (a) the right to object on the grounds of competency, relevancy, materiality, privilege or other grounds of admissibility of the matters disclosed as evidence for any purpose in any subsequent proceeding in this action or any other action; or (b) the right to object on any ground to other discovery requests involving or relating to the subject matter of these Interrogatories. Further, to the extent that Herrera provides information, she are doing so in an effort to expedite discovery in this action and not as an indication or admission by Herrera of relevancy, materiality, or admissibility, and Herrera preserves all objections to Defendant's use of such information.

**SPECIFIC OBJECTIONS AND RESPONSES**

**Interrogatory No. 1**:

State the name, current and past residential addresses, current business address and title for each person with whom you consulted and/or provided information or assistance to you, and all documents (including their date, author, addressees and recipients) upon which you relied or referred to in answering or attempting to answer any of the Interrogatories herein, identifying the Interrogatories to which each consultation and/or document relates.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad, and because it seeks

633156.1

information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera states that she consulted with her attorneys, whose information appears in the signature block below, and reviewed the pleadings and documents produced by either party.

**Interrogatory No. 2**:

Provide a complete list of the names, addresses, telephone numbers, places of employment and job title(s) for each member of the putative class (including you) and/or each person with knowledge of any fact in this case and the specific knowledge he/she has concerning this case.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definitions of "you" and "putative class member" are overbroad, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera states she does not have a list of the information requested, but that Angel Bakov is another person in the putative class. Herrera further states that Defendant, Defendant's counsel, and her counsel have knowledge of facts of in this case.

**Interrogatory No. 3**:

Identify and provide a detailed description of all alleged communications between CWT and each putative class member, including you, including but not limited to, the full contents and date of each alleged communication, the person or entity who initiated each communication, a description of the conversation that took place during the call, the name and a description of the

633156.1

person to whom you or a putative class member spoke, and whether you or a putative class member were asked any questions during the communications.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definitions of "you" and "putative class member" are overbroad, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera refers Defendant to Paragraphs 50-58 of the complaint.

**Interrogatory No. 4**:

Identify and describe in detail the full telephone numbers at which CWT allegedly called each putative class member including you.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definitions of "you" and "putative class member" are overbroad, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera refers Defendant to Paragraph 53 of the Complaint. Herrera further states that she received a call from Defendant at her cellular phone number, (217) 721-7748.

**Interrogatory No. 5**:

Describe in specific detail all facts supporting Your allegation that the telephone calls alleged in the Complaint were made from or by an "automated telephone dialing system" as

633156.1

defined by 47 U.S.C. § 227(a)(1).

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "your" is overbroad, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera refers Defendant to the factual allegations in the Complaint.

**Interrogatory No. 6**:

Describe in specific detail all facts supporting Your allegation that the telephone calls alleged in the Complaint utilized an artificial or prerecorded voice.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "your" is overbroad, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera refers Defendant to the factual allegations in the Complaint.

**Interrogatory No. 7**:

Describe in specific detail all facts reflecting or evidencing that CWT's conduct with or toward any of the putative class members, including you, was "knowing" and/or "willful," as alleged in the Complaint.

633156.1

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera refers Defendant to the factual allegations in the Complaint.

**Interrogatory No. 8**:

Describe in specific detail all the alleged "actual harm" described in Paragraph 3 ("the aggravation and nuisance") and all the alleged "actual damages" described in Paragraphs 145 and 156 ("monies paid to receive the calls on their cellular telephones"), that each putative class member (including you) sustained as a result of the telephone calls alleged in the Complaint.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definitions of "you" and "putative class member" are overbroad, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera refers Defendant to the factual allegations in the Complaint. In addition, Herrera states that she received the call at 11:59 on a Sunday night on her cellular phone. She was sleeping at the time, but woke due to Defendant's call. Herrera does not normally receive such late calls on a Sunday. Further, Herrera, as an attorney, expected that a such a late call on Sunday from an unrecognized phone number must be an emergency. Herrera was aggravated by Defendant's call and spent time the next day trying to determine who called

her. Herrera further spent minutes of her cellular phone plan receiving Defendant's call, trying to determine who called her and why.

**Interrogatory No. 9**:

Describe in specific detail all other lawsuits, regulatory, administrative, arbitration and/or quasi-judicial proceedings to which you have been a party (i.e. plaintiff, defendant, claimant, respondent, etc.), including but not limited to whether you served as a class representative in any of those actions, the name/style of the case, case number, jurisdiction, the nature of the dispute, the capacity in which you were a party, and the ultimate disposition of each action.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera states she has not been a party to any such proceeding.

**Interrogatory No. 10**:

Describe in specific detail how you became a named plaintiff in this case, were selected to be a class representative for the putative class members, and ultimately retained each of your attorney(s) in this case, including but not limited to whether you or an attorney first initiated contact regarding filing this case, the person(s) who determined to pursue class action status for this case, who (if anyone) referred you to any of your attorneys in this case, whether you considered and/or interviewed any other attorney(s) to represent you in this case, the names and

633156.1

addresses of such attorney(s), whether there have been proposed class representatives other than yourself in this case and the name(s) of each such person.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definitions of "you", "your", and "putative class member" are overbroad, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the joint prosecution privilege, and the marital privilege.

Subject to these objections, Herrera states that, following Defendant's call, she consulted with her husband, Dan Herrera, who is also an attorney. Subsequently, Herrera retained the law firm of Lite DePalma Greenberg, LLC.

**Interrogatory No. 11**:

Describe in specific detail the nature of the relationship (including any familial relationship) between you and each of the attorneys who have ever represented you in this case.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera states that she has an attorney-client relationship with her counsel. Herrera has no other relationship with her counsel.

633156.1

**Interrogatory No. 12**:

Identify and describe in detail your reaction(s) to and action(s) immediately following your receipt of each of the telephone calls you alleged in the Complaint.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definitions of "you" and "your" are overbroad, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera refers Defendant to the factual allegations in the complaint. Herrera further states that she received Defendant's calls to her cellular phone on a Sunday near midnight. Herrera was further aggravated to learn that the call was not an emergency given the late hour of the call. The next morning, Herrera called a number she believed was associated with Defendant. Defendant then sent an email to Herrera.

**Interrogatory No. 13**:

Identify the number of notifications, whether by text, vibration, or ringer, that you received, on average, per day on your cellular telephone number for each month in which you allege in the Complaint you received a telephone call.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad, because it seeks information related to every call or text message Herrera received during May 2015, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

633156.1

Subject to these objections, Herrera states she received only one call from Defendant as alleged in the Complaint. Herrera further states that she cannot remember on average how many notifications she received in May 2015.

**Interrogatory No. 14**:

Identify and describe in detail the amount by which your cellular telephone bill increased as a result of receiving any of the telephone calls you alleged in the Complaint.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definitions of "you" and "your" are overbroad, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera states that she paid approximately $80 to use her cellular phone during May 2015, the time that Defendant made the call to her cellular phone.

**Interrogatory No. 15**:

Identify whether the ringer for your cellular telephone was on when you received each of the telephone calls you alleged in the Complaint.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definitions of "you" and "your" are overbroad, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera states her ringer was on.

633156.1

**Interrogatory No. 16**:

Identify and describe in detail the amount, on average, of unwanted telephone calls that you received on your cellular telephone for each month in which you allege in the Complaint you received a telephone call.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definitions of "you" and "your" are overbroad, because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera states that cannot describe in detail how many unwanted calls she received during May 2015. Herrera further states that she does not recall ever receiving an unwanted call on a Sunday, near midnight, other than the call made by Defendant.

**Interrogatory No. 17**:

Identify and describe in detail your typical reaction(s) to receiving an unwanted telephone call to your cellular telephone.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definition of "you" is overbroad, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera states that she normally ignores unwanted calls, but answered Defendant's call given the late hour on a Sunday and the nature of Herrera's work as an attorney.

633156.1

**Interrogatory No. 18**:

Identify any applications/"apps" that you use on any of your telephones in connection with telemarketing or telephone solicitation calls that you receive.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1) because the definition of "you" is overbroad, because the phrase "applications/ 'apps' that [Herrera] use[s] . . . in connection with telemarketing or telephone solicitation calls" is vague, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these responses, Herrera states that she does not understand what information Defendant is requesting. To the extent Defendant is asking whether Herrera uses software to receive telemarketing calls, Herrera does not use any special or unique software to receive calls, other than the software that is part of her phone's normal ability to receive calls.

**Interrogatory No. 19**:

For each telephone number for which you and every other putative class member are/were the telephone account subscriber or primary user, describe in specific detail: 1) the telephone carrier or company (i.e., AT&T, Verizon, etc.); 2) dates of service or use of that telephone number; 3) whether the telephone number is/was associated with a cellular phone, residential landline, satellite phone or other phone type; 4) whether the telephone number was switched between phone types (i.e. residential landline to cellular, etc.) and the specific phone types that were switched; 5) the make, model and year of each telephone identified; 6) the type

633156.1

of calling and data plan associated with each telephone number; and 7) whether the calling and/or data plan associated with the telephone number permits instant and/or SMS text messages.

**Response:**

Herrera objects on grounds that Defendant's Interrogatory exceeds the scope of discovery permitted by Rule 26(b)(1), because the definitions of "you" and "putative class member" are overbroad, because whether Herrera's cellular data plan permits text messages is irrelevant to whether Defendant called Herrera, and because it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and the joint prosecution privilege.

Subject to these objections, Herrera states: (1) Sprint; (2) ongoing for approximately 13 years; (3) yes; (4) no; (5) does not remember which specific phone she had during May 2015; (6) Everything Data 1500 Shared Anytime Minutes, Total Equipment Protection, Premium Data, Premium Visual Voice; and (7) yes.

633156.1

| | |
|---|---|
| Date: December 30, 2016 | By: /s/ Katrina Carroll |

Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
**LITE DEPALMA GREENBERG, LLC**
211 West Wacker Drive
Suite 500
Chicago, IL 60606
Telephone: (312) 750-1265

Jeffrey Grant Brown
*jeff@jgbrownlaw.com*
**JEFFREY GRANT BROWN, P.C.**
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
Phone: 312.789.9700

Joseph J. Siprut
*jsiprut@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000

Robert Ahdoot (*pro hac*)
*rahdoot@ahdootwolfson.com*
Tina Wolfson (*pro hac*)
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Phone: 310.474.9111

*Counsel for Plaintiffs
and the Proposed Class*

633156.1

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing was served on the following individuals this 30th day of December 2016 via electronic mail:

/s/ Katrina Carroll

Richard W. Epstein, Esq.
FL BAR NO. 229091
Jeffrey A. Backman, Esq.
FLA. BAR NO. 662501
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-491-1120
Fax: 954-213-0140
Email: richard.epstein@gmlaw.com
Email: jeffrey.backman@gmlaw.com

Timothy Hudson, Esq.
TABET, DIVITO & ROTHSTEIN LLC
FIRM NO. 38234
209 South LaSalle Street, 7th Floor
Chicago, IL 60604
Phone: 312-762-9476
Fax: 312-762-9451
Email: thudson@tdrlawfirm.com

***Attorneys for Consolidated World Travel, Inc. d/b/a Holiday Cruise Line***

633156.1

## **CERTIFICATION**

I certify that the foregoing responses in **Plaintiff Julie Herrera's Objections And Responses To Defendant Consolidated World Travel, Inc. d/b/a Holiday Cruise Line's First Set Of Interrogatories** are true to the best of my knowledge, information, and belief. I am aware that, if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

_____
Julie Herrera