# EXHIBIT E

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINAYA HEWLETT, MAYRA GARCIA, and ZACHARY WERLHOF, on Behalf of Themselves and all Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, <br><br> Defendant. | Case No.  2:16-cv-00713-WBS-AC <br><br> **PLAINTIFF'S RESPONSES TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1  PROPOUNDING PARTY:    Defendant Consolidated World Travel, Inc.

2  RESPONDING PARTIES:    Plaintiff Kinaya Hewlett

3  SET NUMBER:                One

4          Pursuant to Rule 34 of the Federal Rule of Civil Procedures and all other applicable federal

5  and local rules, Plaintiff Kinaya Hewlett ("Plaintiff") hereby provides the following Objections and

6  Responses to Defendant Consolidated World Travel, Inc.'s First Set Of Requests For Production

7  Of Documents To Plaintiff ("Requests").  Plaintiff has not completed her investigation of the facts

8  relating to this case, discovery in this action, or preparation for trial.  Plaintiff provides these

9  responses only to the extent that she possesses relevant and responsive information.  Plaintiff

10  reserves all of her rights to supplement these responses should more information become available.

11  **PRELIMINARY STATEMENT**

12          All of the answers contained herein are based only on such information and documents that

13  are presently available to and specifically known to Plaintiff.  Further investigation and discovery

14  may supply additional facts, which may require these responses to be supplemented.  Thus, the

15  following responses are given without prejudice to Plaintiff's rights to supplement or amend them,

16  or to produce evidence of subsequently discovered facts that Plaintiff may recall or learn at a later

17  date.

18  **GENERAL OBJECTIONS**

19          Plaintiff incorporates by reference the following general objections into her responses to

20  each of the Requests, whether or not stated as a specific objection to each request.

21          1.      In responding to the Requests, Plaintiff does not concede that any of the information

22  requested or provided is relevant or material to the subject matter of this litigation or reasonably

23  calculated to lead to the discovery of admissible evidence.  Plaintiff reserves the right to object to

24  the admissibility at trial of any of the information or documents produced in response to these

25  Requests.

26          2.      Plaintiff objects to the Requests to the extent that they purport to impose any

27  obligations beyond the obligations imposed by the Federal Rules of Civil Procedure, the Federal

28  PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD
TRAVEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
2:16-cv-00713-WBS-AC            1

Rules of Evidence, and/or any applicable Local Rules or other court order.

3.     Plaintiff objects to the Requests, and each and every definition, instruction, and request therein, to the extent that the information and/or documents sought:  (a) contain privileged attorney-client communications; (b) constitute work product; (c) were prepared in anticipation of or in connection with litigation or trial; (d) disclose the mental impressions, conclusions, opinions or legal theories of any attorney for Plaintiff; (e) are subject to the common-interest or joint-defense privileges; or (f) are otherwise privileged or exempt from discovery (collectively, "privileged documents or information").  Plaintiff does not intend to produce any privileged documents.  Any disclosure of privileged or protected information or documents in response to any of the Requests is inadvertent and shall not be deemed waiver of any applicable privileges or protections, and Plaintiff requests that any such information or documents be returned promptly.

4.     Plaintiff objects to the Requests on the grounds and to the extent that they are overly broad, unduly burdensome, oppressive, and designed solely to harass Plaintiff or her counsel.

5.     Plaintiff objects to the Requests on the ground and to the extent they seek information that is not relevant to the subject matter of this action or not reasonably calculated to lead to the discovery of admissible evidence.

6.     Plaintiff objects to the Requests on the ground and to the extent they call for legal conclusions, or assume, or appear to assume, that any fact or event is true.  By responding to any such discovery request, Plaintiff does not concede the accuracy of any such conclusion or assumption.

7.     Plaintiff objects to the Requests on the grounds and to the extent that they are vague, ambiguous, and lacking particularity.

8.     Plaintiff objects to the Requests on the ground and to the extent that they are not limited to the time period relevant to this litigation.

9.     Plaintiff objects to the Requests on the ground and to the extent that they call for the production of documents that are equally available to Defendant or are in Defendant's possession.

10.     To the extent the Requests seek confidential business and proprietary information, trade secrets, personal, private, client, or sensitive private consumer financial information, other

confidential business, financial or otherwise commercially sensitive or commercially competitive information and documents, and/or documents protected from disclosure by law, including, but not limited to, banking laws, privacy laws, court orders, or confidentiality or nondisclosure agreements, Plaintiff objects to the production or disclosure of any such information and documents.

11.     Plaintiff objects to the Requests on the ground and to the extent that they are cumulative or duplicative of other Requests and/or to the extent that they seek information obtainable from other more convenient and less burdensome or expensive sources, including public sources.

12.     Plaintiff objects to the Requests to the extent that the burden or cost of the requested discovery outweighs its likely benefit and/or to the extent that the discovery is not reasonably accessible due to undue burden or cost.  Further, Plaintiff objects to each request to the extent it seeks electronically stored information ("ESI") not in accordance with the parties' ESI protocol.

13.     Plaintiff objects to the Requests to the extent that they constitute "contention" document requests on the grounds that such discovery is premature, unduly burdensome, and procedurally improper pursuant to Federal Rule of Civil Procedure 34(b)(1)(A), which requires that the propounding party reasonably particularize each category of item sought to be produced.

14.     Plaintiff incorporates each of these General Objections as though fully set forth in each and answer and response below.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to and/or evidencing all telephone calls you allegedly received from CWT, including but not limited to telephone records, call logs, audio recordings, photographs and video recordings of caller ID or other telephone displays, computer or telephone screenshots, transcriptions, notes, emails, text or instant messages, correspondence and all other types of paper and electronic records.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein.

Plaintiff objects that the request is vague and ambiguous, overbroad, and unduly burdensome.

Plaintiff also objects to the extent it seeks information already within the possession of Defendant.

Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff

states that she will produce any responsive call logs in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

Documents reflecting all telephone numbers at which you allegedly have received

telephone calls from CWT, and the owner/subscriber of record for each of those telephone

numbers.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein.

Plaintiff objects that the request is vague and ambiguous, overbroad, and unduly burdensome.

Plaintiff objects to the extent it seeks information already within the possession of Defendant.

Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff

states that she will produce any responsive call logs in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to and/or evidencing each of the putative class members' receipt of

telephone calls from CWT, including but not limited to telephone records, call logs, audio

recordings, photographs and video recordings of caller ID or other telephone displays, computer or

telephone screenshots, transcriptions, notes, emails, text or instant messages, correspondence and

all other types of paper and electronic records.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein.

Plaintiff objects that the request is vague and ambiguous, overbroad, and unduly burdensome.

Plaintiff objects to the extent it seeks information already within the possession of Defendant.

Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff

will produce any non-privileged documents in her possession, custody, and control that are

responsive to this request.

1

**REQUEST FOR PRODUCTION NO. 4:**

2

3    Documents reflecting all telephone numbers at which each of the putative class members

4    allegedly have received telephone calls from CWT, and the owner/subscriber of record for each of

those telephone numbers.

5

**RESPONSE:**

6    Plaintiff hereby incorporates the General Objections above as if fully stated herein.

7    Plaintiff objects that the request is vague and ambiguous, overbroad, and unduly burdensome.

8    Plaintiff objects to the extent it seeks information already within the possession of Defendant.

9    Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff

10   will produce any non-privileged documents in her possession, custody, and control that are

11   responsive to this request.

12

**REQUEST FOR PRODUCTION NO. 5:**

13   All documents reflecting and/or evidencing that any or all of the putative class members

14   received telephone calls that are the same or similar to the telephone calls from CWT that Plaintiff

15   alleges she received.

16

**RESPOSNE:**

17   Plaintiff hereby incorporates the General Objections above as if fully stated herein.

18   Plaintiff objects that the request is vague and ambiguous, overbroad, and unduly burdensome.

19   Plaintiff does not understand what is meant by "the same or similar" but is willing to meet and

20   confer to discuss what this request is seeking.

21

**REQUEST FOR PRODUCTION NO. 6:**

22   All documents that you referenced, relied upon or otherwise used to draft or provide

23   information for Plaintiff's Rule 26(a)(1) Initial Disclosures.

24

**RESPONSE:**

25   Plaintiff hereby incorporates the General Objections above as if fully stated herein.

26   Plaintiff objects that the request is vague and ambiguous, overbroad, and unduly burdensome.

27   Plaintiff directs Defendant to review its own response to Plaintiff's document request No. 1 in

28

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD
TRAVEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
2:16-cv-00713-WBS-AC          5

which Defendant refused to provide a substantive response to this same request.

**REQUEST FOR PRODUCTION NO. 7:**

All documents that you are relying upon in support of the allegations in the Complaint.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects to the extent it seeks information already within the possession of Defendant. Plaintiff objects to the extent that this Request seeks privileged documents or information and attorney work product, as defined above. Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff will produce any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to and/or evidencing all telephone calls you have made to CWT, including but not limited to telephone records, call logs, audio recordings, photographs and video recordings of caller ID or other telephone displays, computer or telephone screenshots, transcriptions, notes, emails, text or instant messages, correspondence and all other types of paper and electronic records.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects that the request is vague and ambiguous, overbroad, and unduly burdensome. Plaintiff objects to the extent it seeks information already within the possession of Defendant. Plaintiff further objects on the ground that this request is not relevant to the subject matter of this action and proportional to the needs of the case. Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff states that she does not have any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

Documents reflecting all telephone numbers from which you allegedly made telephone calls to CWT.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects that the request is vague and ambiguous, overbroad, and unduly burdensome. Plaintiff objects to the extent it seeks information already within the possession of Defendant. Plaintiff further objects on the ground that this request is not relevant to the subject matter of this action and proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to and/or evidencing all telephone calls each of the putative class members have made to CWT, including but not limited to telephone records, call logs, audio recordings, photographs and video recordings of caller ID or other telephone displays, computer or telephone screenshots, transcriptions, notes, emails, text or instant messages, correspondence and all other types of paper and electronic records.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Plaintiff also objects on the ground that this request seeks documents already within Defendant's possession.

**REQUEST FOR PRODUCTION NO. 11:**

Documents reflecting all telephone numbers from which each of the putative class members allegedly made telephone calls to CWT.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Plaintiff also objects on the ground that this request seeks documents already within Defendant's possession.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to communications between you and CWT not called for or responsive to any the foregoing Requests.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Plaintiff also objects on the ground that this request seeks documents already within Defendant's possession. Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff will produce any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to communications between CWT and each putative class member not called for or responsive to any of the foregoing Requests.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Plaintiff also objects on the ground that this request seeks documents already within Defendant's possession. Subject to and without waiving the foregoing objections, Plaintiff states that she does not have any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to and/or reflecting communications between you and each of the putative class members relating to the facts and/or allegations contained in the Complaint.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully

set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Subject to and without waiving the foregoing objections, Plaintiff states that she does not have any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

All documents exchanged by and/or between you and any and all of the putative class members relating to the facts and/or allegations contained in the Complaint.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Subject to and without waiving the foregoing objections, Plaintiff states that she does not have any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

Telephone billing records for each telephone and telephone number (including but not limited to landline and cellular telephones) used by you to make or receive telephone calls and/or text-based messages within the relevant time period.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Subject to and without waiving the foregoing objections, Plaintiff states that she does not have any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

Telephone billing records for each telephone and telephone number (including but not limited to landline and cellular telephones) used by each of the putative class members to make or receive telephone calls and/or text-based messages within the relevant time period.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Subject to and without waiving the foregoing objections, Plaintiff states that she does not have any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**

All documents evidencing the amount(s) you were charged and that you paid each month for your cellular telephone bills for the relevant time period.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 19:**

All documents evidencing the terms and conditions of the cellular telephone plan that you hold with your provider, including, but not limited to, information regarding how much you pay for texting, talking on the phone, and use of cellular data, for the relevant time period.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 20:**

All documents evidencing all of the cellular telephone calls you received, made, did not answer, and sent directly to voicemail for the relevant time period.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 21:**

All documents evidencing the substance of all of the telephone calls you alleged you received in the Complaint.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Subject to and without waiving the foregoing objections, Plaintiff states that she does not have any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All documents relating to, reflecting or otherwise evidencing use of a predictive dialer and/or an automated telephone dialing system (ATDS) as alleged in Paragraphs 1, 2, 16, and 26 of the Complaint.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects on the ground that this request seeks documents already within Defendant's possession. Subject to and without waiving the foregoing objections, following

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
2:16-cv-00713-WBS-AC                    11

a reasonable search, Plaintiff will produce any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to, reflecting or otherwise evidencing that CWT caused telephone calls to be made to you by or through a subsidiary, agent and/or other third-party.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects on the ground that this request seeks documents already within Defendant's possession. Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff will produce any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:**

All documents relating to, reflecting or otherwise evidencing that CWT caused telephone calls to be made to each of the putative class members by or through a subsidiary, agent and/or other third-party.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects on the ground that this request seeks documents already within Defendant's possession. Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff will produce any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**

All documents exchanged by or between you and any third party relating to the facts and/or allegations contained in the Complaint.

**RESPONSE:**

1
2
3
4
5
6
7

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Plaintiff objects to the extent that this Request seeks privileged documents or information and attorney work product, as defined above. Subject to and without waiving the foregoing objections, Plaintiff states that she does not have any non-privileged documents in her possession, custody, and control that are responsive to this request.

8

**REQUEST FOR PRODUCTION NO. 26:**

9
10

All documents reflecting and/or supporting the economic damages and/or harm to you that is alleged in the Complaint and your attempts to mitigate such damages.

11

**RESPONSE:**

12
13
14
15
16
17
18
19

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects on the ground that this request seeks documents already within Defendant's possession. Moreover, to the extent that such documents are expert opinions and/or analysis subject to discovery pursuant to Fed. R. Civ. P. 26(a)(2), they will be produced at the appropriate time. Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff will produce any non-privileged documents in her possession, custody, and control that are responsive to this request.

20

**REQUEST FOR PRODUCTION NO. 27:**

21
22
23

All documents reflecting and/or supporting the economic damages and/or harm to each of the putative class members that is alleged in the Complaint and their attempts to mitigate such damages.

24

**RESPONSE:**

25
26
27

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects on the ground that this request seeks documents already

28

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
2:16-cv-00713-WBS-AC          13

within Defendant's possession.  Moreover, to the extent that such documents are expert opinions and/or analysis subject to discovery pursuant to Fed. R. Civ. P. 26(a)(2), they will be produced at the appropriate time.  Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff will produce any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 28:**

All documents supporting the Complaint allegations that CWT knowingly and willfully violated 47 U.S.C. § 227 or otherwise violated the Telephone Consumer Protection Act.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects on the ground that this request seeks documents already within Defendant's possession.  Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff will produce any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 29:**

All documents reflecting Plaintiff's and/or each putative class member's purchase(s) of and/or payments for products, services, travel, or benefits as a result of, or arising from, any and all alleged CWT telephone calls in the Complaint.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case.  Plaintiff also objects on the ground that this request seeks documents already within Defendant's possession.

**REQUEST FOR PRODUCTION NO. 30:**

All documents reflecting how and when you retained your attorney(s) in this lawsuit.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Plaintiff objects to the extent that this Request seeks privileged documents or information and attorney work product, as defined above.

**REQUEST FOR PRODUCTION NO. 31:**

Documents reflecting all of your attorney(s)' prior lawsuits and class representation that evidence their ability to adequately represent the putative class in this lawsuit.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Plaintiff objects to the extent that this Request seeks privileged documents or information and attorney work product, as defined above. Subject to and without waiving the foregoing objections, Plaintiff will produce a copy of her counsel's firm resume.

**REQUEST FOR PRODUCTION NO. 32:**

All documents relating to lawsuits (other than this lawsuit) in which you are/were an individual Plaintiff and/or the representative of a class at any time.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Plaintiff objects to the extent that this Request seeks privileged documents or information and attorney work product, as defined above. Subject

to and without waiving the foregoing objections, Plaintiff states that she does not have any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All documents related to testimony you have provided under oath including, but not limited to, affidavits, depositions, discovery responses, or in-court testimony, in the last 10 years.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Plaintiff objects to the extent that this Request seeks privileged documents or information and attorney work product, as defined above. Subject to and without waiving the foregoing objections, Plaintiff states that she does not have any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:**

All documents relating to any and all instances in which you were convicted of a crime involving a felony, dishonesty or false statement in the last 10 years.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Plaintiff objects to the extent that this Request seeks privileged documents or information and attorney work product, as defined above. Subject to and without waiving the foregoing objections, Plaintiff states that she does not have any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 35:**

Documents sufficient to identify all putative class members.

**RESPONSE:**

1          Plaintiff incorporates by reference the General Objections set forth above as though fully

2   set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad and

3   unduly burdensome. Plaintiff also objects on the ground that this request seeks documents already

4   within Defendant's possession.  Moreover, to the extent that such documents are expert opinions

5   and/or analysis subject to discovery pursuant to Fed. R. Civ. P. 26(a)(2), they will be produced at the

6   appropriate time.  Subject to and without waiving the foregoing objections, following a reasonable

7   search, Plaintiff will produce any non-privileged documents in her possession, custody, and control

8   that are responsive to this request.

9   **REQUEST FOR PRODUCTION NO. 36:**

10        Documents reflecting the number of putative class members that may fall within the

11   proposed class.

12   **RESPONSE:**

13        Plaintiff incorporates by reference the General Objections set forth above as though fully

14   set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad and

15   unduly burdensome. Plaintiff also objects on the ground that this request seeks documents already

16   within Defendant's possession.  Moreover, to the extent that such documents are expert opinions

17   and/or analysis subject to discovery pursuant to Fed. R. Civ. P. 26(a)(2), they will be produced at the

18   appropriate time.  Subject to and without waiving the foregoing objections, following a reasonable

19   search, Plaintiff will produce any non-privileged documents in her possession, custody, and control

20   that are responsive to this request.

21   **REQUEST FOR PRODUCTION NO. 37:**

22        All documents that you intend to rely upon to support your request for class certification for

23   the putative class.

24   **RESPONSE:**

25        Plaintiff incorporates by reference the General Objections set forth above as though fully

26   set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad and

27   unduly burdensome. Plaintiff also objects on the ground that this request seeks documents already

28

within Defendant's possession.  Moreover, to the extent that such documents are expert opinions and/or analysis subject to discovery pursuant to Fed. R. Civ. P. 26(a)(2), they will be produced at the appropriate time.  Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff will produce any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All documents that support your contention that the proposed class is capable of being certified, including but not limited to, documents supporting that the class is numerous enough for certification, has common issues that will predominate over individual issues, has typical issues, and has adequate representation.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects on the ground that this request seeks documents already within Defendant's possession.  Moreover, to the extent that such documents are expert opinions and/or analysis subject to discovery pursuant to Fed. R. Civ. P. 26(a)(2), they will be produced at the appropriate time.  Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff will produce any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 39:**

All documents that support or otherwise relate to your contention in the Complaint that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy and any individual putative class member's claims.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects on the ground that this request seeks documents already

within Defendant's possession.  Moreover, to the extent that such documents are expert opinions and/or analysis subject to discovery pursuant to Fed. R. Civ. P. 26(a)(2), they will be produced at the appropriate time.  Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff will produce any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 40:**

All documents evidencing your allegation that CWT caused you harm in the form of "multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy," as alleged in Paragraph 23 of the Complaint.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects on the ground that this request seeks documents already within Defendant's possession.  Moreover, to the extent that such documents are expert opinions and/or analysis subject to discovery pursuant to Fed. R. Civ. P. 26(a)(2), they will be produced at the appropriate time.  Subject to and without waiving the foregoing objections, following a reasonable search, Plaintiff will produce any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 41:**

All documents evidencing your reaction(s) to receiving the telephone calls you alleged in the Complaint.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome. Plaintiff also objects on the ground that this request seeks documents already within Defendant's possession.  Plaintiff objects to the extent that this Request seeks privileged documents or information and attorney work product, as defined above.  Subject to and without

waiving the foregoing objections, Plaintiff states that she does not have any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 42:**

All documents evidencing your action(s) immediately following your receipt of the telephone calls you alleged in the Complaint.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Plaintiff also objects to the extent that this Request seeks privileged documents or information and attorney work product, as defined above.

**REQUEST FOR PRODUCTION NO. 43:**

All documents evidencing where you were and what you were doing on the days you received the calls you alleged in the Complaint.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Plaintiff also objects to the extent that this Request seeks privileged documents or information and attorney work product, as defined above.

**REQUEST FOR PRODUCTION NO. 44:**

All documents evidencing any research you conducted about the telephone calls you alleged you received in the Complaint following your receipt of the telephone calls.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this

action and proportional to the needs of the case. Plaintiff also objects to the extent that this Request seeks privileged documents or information and attorney work product, as defined above. Subject to and without waiving the foregoing objections, Plaintiff states that she does not have any non-privileged documents in her possession, custody, and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 45:**

All documents relating to or generated by any applications/"apps" that you use on any of your telephones in connection with telemarketing or telephone solicitation calls that you receive.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Plaintiff also objects to the extent that this Request seeks privileged documents or information and attorney work product, as defined above. Subject to and without waiving the foregoing objections, Plaintiff will produce a copy of a call log.

**REQUEST FOR PRODUCTION NO. 46:**

All documents you relied upon in preparing your responses to CWT's First Set of Interrogatories to Plaintiff Kinaya Hewlett dated September 27, 2016.

**RESPONSE:**

Plaintiff incorporates by reference the General Objections set forth above as though fully set forth herein at length. Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and that it seeks information that is not relevant to the subject matter of this action and proportional to the needs of the case. Plaintiff directs Defendant its own response to Plaintiff's document request No. 2, in which Defendant refused to provide a substantive response to the same request.

Dated: October 4, 2016          **BURSOR & FISHER, P.A.**

By:   */s/ L. Timothy Fisher*
                L. Timothy Fisher

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
2:16-cv-00713-WBS-AC          21

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email: ltfisher@bursor.com
        apersinger@bursor.com
        ykrivoshey@bursor.com

**BURSOR & FISHER, P.A**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

---

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD
TRAVEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
2:16-cv-00713-WBS-AC                    22

1

## <u>CERTIFICATE OF SERVICE</u>

2

    **I HEREBY CERTIFY** that on October 4, 2016 a true and correct copy of the foregoing

3

document was served electronically upon all counsel of record.

4

5

                    By:    /s/ *Yitzchak Kopel*
                                Yitzchak Kopel

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28