# EXHIBIT F

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINAYA HEWLETT, MAYRA GARCIA, and ZACHARY WERLHOF, on Behalf of Themselves and all Others Similarly Situated,<br><br>             Plaintiffs,<br><br>    v.<br><br>CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE,<br><br>             Defendant. | Case No. 2:16-cv-00713-WBS-AC<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S FIRST SET OF INTERROGATORIES** |

1  PROPOUNDING PARTY:   Consolidated World Travel, Inc.

2  RESPONDING PARTIES:   Plaintiff Kinaya Hewlett

3  SET NUMBER:                 One

4          Pursuant to Rule 33 of the Federal Rules of Civil Procedure and all other applicable federal

5  and local rules, Plaintiff Kinaya Hewlett ("Plaintiff") hereby provides the following Objections

6  And Responses To Defendant Consolidated World Travel, Inc.'s ("Defendant") First Set Of

7  Interrogatories To Plaintiff.  Plaintiff has not completed her investigation of the facts relating to

8  this case, discovery in this action, or preparation for trial.  Plaintiff provides these responses only to

9  the extent that she possesses relevant and responsive information.  Plaintiff reserves all of her

10  rights to supplement these responses should more information become available.

**<u>GENERAL OBJECTIONS</u>**

11

12          1.       In responding to Defendant's Interrogatories, Plaintiff does not concede that any of

13  the information provided is relevant or material to the subject matter of this litigation or reasonably

14  calculated to lead to the discovery of admissible evidence.  Plaintiff reserves the right to object to

15  the admissibility at trial of any of the information or documents produced in response to

16  Defendant's Interrogatories.

17          2.       Plaintiff objects to Defendant's Interrogatories to the extent that they purport to

18  impose any obligations upon them beyond the obligations imposed by the Federal Rules of Civil

19  Procedure, the Federal Rules of Evidence, and/or any applicable Local Rules or other court order.

20          3.       Plaintiff's responses made herein are solely for the purpose of this civil action.

21  Each response is subject to any and all objections to competency, relevancy, materiality, propriety,

22  and admissibility, and to any and all other objections and grounds that would require the exclusion

23  of any information identified herein if the information was asked of or disclosed by a witness

24  present and testifying in court, all of which objections and grounds are hereby expressly reserved

25  and may be interposed at a later date.

26          4.       Plaintiff objects to the Defendant's Interrogatories to the extent that the information

27  sought:  (a) contains privileged attorney-client communications; (b) constitutes work product; (c)

28  PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSILDATED WORLD TRAVEL,
INC.'S FIRST SET OF INTERROGATORIES
2:16-cv-00713-WBS-AC                    1

was prepared in anticipation of or in connection with litigation or trial; (d) discloses the mental impressions, conclusions, opinions or legal theories of any attorney for Plaintiff; (e) is subject to the common-interest or joint-defense privileges; or (f) are otherwise privileged or exempt from discovery (collectively, "privileged documents or information"). Plaintiff does not intend to provide any privileged information. Any disclosure of privileged or protected information in these responses is inadvertent and shall not be deemed waiver of any applicable privileges or protections, and Plaintiff requests that any such information be discarded and disregarded promptly.

5. Plaintiff objects to Defendant's Interrogatories on the ground and to the extent that they seek information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiff objects to Defendant's Interrogatories on the ground and to the extent that they are overly broad, burdensome, and oppressive.

7. Plaintiff objects to Defendant's Interrogatories on the ground and to the extent that they are vague, ambiguous, and lacking particularity.

8. Plaintiff objects to Defendant's Interrogatories on the ground and to the extent that they are not limited to the time period relevant to this litigation, on the ground that such requests seek information which is neither relevant to any issue in this action nor calculated to lead to the discovery of admissible evidence.

9. Plaintiff will respond to Defendant's Interrogatories based on her personal knowledge as of the date of the response and after a reasonable inquiry. Discovery is ongoing and Plaintiff's investigation continues. Plaintiff reserves the right to supplement, amend, and correct these responses, if necessary, based on information later obtained through investigation, discovery or otherwise.

10. Plaintiff incorporates each of these General Objections as though fully set forth in each and answer and response below.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S FIRST SET OF INTERROGATORIES
2:16-cv-00713-WBS-AC                    2

1

2

## SPECIFIC RESPONSES AND OBJECTIONS TO
## INTERROGATORIES

3

4

**INTERROGATORY NO. 1:**

5

State the name, current and part residential addresses, current business address and title for

6

each person with whom you consulted and/or provided information or assistance to you and all

7

documents (including their date, author, addresses and recipients) upon which you relied or

8

referred to in answering or attempting to answer any of the Interrogatories herein, identifying the

9

Interrogatories to which each consultation and/or document relates.

10

**RESPONSE:**

11

Plaintiff hereby incorporates the General Objections above as if fully stated herein.

12

Plaintiff objects that the request is vague and ambiguous, overbroad, and unduly burdensome.

13

Plaintiff also objects to the extent that this Interrogatory seeks privileged information and attorney

14

work product, as defined above. Subject to and without waiving the foregoing objections, Plaintiff

15

responds as follows: Plaintiff. Plaintiff may be contacted solely through counsel.

16

**INTERROGATORY NO. 2:**

17

Provide a complete list of the names, addresses, telephone numbers, places of employment

18

and job title(s) for each member of the putative class (including you) and specific knowledge

19

he/she has concerning this case.

20

**RESPONSE:**

21

Plaintiff hereby incorporates the General Objections above as if fully stated herein.

22

Plaintiff objects that the request is vague and ambiguous, overbroad, and unduly burdensome.

23

Plaintiff also objects to the Interrogatory on the grounds that it is not relevant and proportional to

24

the needs of the case. Plaintiff also objects on the ground that the information sought is already in

25

the possession of Defendant and that the Interrogatory was propounded solely to harass Plaintiff.

26

**INTERROGATORY NO. 3:**

27

Identify and provide a detailed description of all alleged communications between CWT

28

and each putative class member, including you, including but not limited to the full contents and

---

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD
TRAVEL, INC.'S FIRST SET OF INTERROGATORIES
2:16-cv-00713-WBS-AC          3

1   date of each of the alleged communication, and the person or entity who initiated each

2   communication.

3   **RESPONSE:**

4       Plaintiff hereby incorporates the General Objections above as if fully stated herein.

5   Plaintiff objects that the request is vague and ambiguous, overbroad, and unduly burdensome.

6   Plaintiff also objects to the Interrogatory on the grounds that it is not relevant and proportional to

7   the needs of the case.  Plaintiff also objects on the ground that the information sought is already in

8   the possession of Defendant and that the Interrogatory was propounded solely to harass Plaintiff.

9   Subject to and without waiving the foregoing objections, Plaintiff states as follows:  When Ms.

10  Hewlett answered calls from Defendant and/or its agents, she heard a pause or dead air before a

11  robotic-sounding recorded voice began, indicating use of an automatic telephone dialing system

12  and artificial or prerecorded voice.  After the robotic-sounding voice concluded, a live person came

13  onto the phone as well.  The agent attempted to sell Ms. Hewlett a "free cruise."

14  **INTERROGATORY NO. 4:**

15      Identify and describe in detail the full telephone numbers at which CWT allegedly called

16  each putative class member including you.

17  **RESPONSE:**

18      Plaintiff hereby incorporates the General Objections above as if fully stated herein.

19  Plaintiff objects that the request, which seeks details for millions of phones calls, is vague and

20  ambiguous, overbroad, and unduly burdensome. Plaintiff also objects to the Interrogatory on the

21  grounds that it is not relevant and proportional to the needs of the case.  Plaintiff also objects on the

22  ground that the information sought is already in the possession of Defendant.  Subject to and

23  without waiving the foregoing objections, Plaintiff states as follows:  (916) 807-3717.

24  **INTERROGATORY NO. 5:**

25      Describe in specific detail every fact that supports Your allegation that CWT made and/or

26  directed others to make telephone call(s) to each of the putative class members including you.

27  **RESPONSE:**

28  PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD
    TRAVEL, INC.'S FIRST SET OF INTERROGATORIES
    2:16-cv-00713-WBS-AC                        4

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects that the request, which seeks details for millions of phones calls, is vague and ambiguous, overbroad, and unduly burdensome. Plaintiff also objects to the Interrogatory on the grounds that it is not relevant and proportional to the needs of the case. Plaintiff also objects on the ground that the information sought is already in the possession of Defendant. Plaintiff also objects on the ground that this contention interrogatory is premature as discovery has just begun. Plaintiff will supply additional facts supporting her claims as they are revealed in discovery. Subject to and without waiving the foregoing objections, Plaintiff directs Defendant to the First Amended Class Action Complaint which states the underlying facts for her claims.

**INTERROGATORY NO. 6:**

Describe in specific detail all facts supporting Your allegation that the telephone calls alleged in the Complaint were made from or by an "automated telephone dialing system" as defined by 47 U.S.C. § 227(a)(1).

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects that the request, which seeks details for millions of phones calls, is vague and ambiguous, overbroad, and unduly burdensome. Plaintiff also objects to the Interrogatory on the grounds that it is not relevant and proportional to the needs of the case. Plaintiff also objects on the ground that the information sought is already in the possession of Defendant. Plaintiff also objects on the ground that this contention interrogatory is premature as discovery has just begun. Plaintiff will supply additional facts supporting her claims as they are revealed in discovery. Subject to and without waiving the foregoing objections, Plaintiff states as follows:

In March 2016, Defendant called Ms. Hewlett's cellular telephone nearly daily using an automatic telephone dialing system and artificial or prerecorded voice.

The following chart details a call Defendant made to Ms. Hewlett:

| Date | Time | Number Calling | Caller Identification |
| --- | --- | --- | --- |

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S FIRST SET OF INTERROGATORIES
2:16-cv-00713-WBS-AC                5

| 3/14/16 | 1:35 PM | (916) 340-8242 | Holiday Cruise Line |
|---------|---------|----------------|---------------------|

Ms. Hewlett has never consented in writing, or otherwise, to receive these autodialed telephone calls from Defendant. She never had any contact with Defendant prior to the calls at issue.

Ms. Hewlett has also received autodialed and robotic telephone calls from Defendant originating from telephone numbers other than (916) 340-8242.

When Ms. Hewlett answered calls from Defendant and/or its agents, she heard a pause or dead air before a robotic-sounding recorded voice began, indicating use of an automatic telephone dialing system and artificial or prerecorded voice. After the robotic-sounding voice concluded, a live person came onto the phone as well. The agent attempted to sell Ms. Hewlett a "free cruise."

Ms. Hewlett has repeatedly made requests to Defendant and/or its agent for the calls to stop. But the calls continued despite these requests.

Online consumer complaints regarding Defendant's unsolicited robocalls and autodialed calls are abundant:

- "Type of Call: Prerecorded Voice
  Intention of Call: Solicitation
  Selling: Free Cruise"[1]

- "Kept rushing me to give them my credit card info just so I can get a free cruise."[2]

- "They are scammers offering free Cruz [sic]."[3]

**INTERROGATORY NO. 7:**

Describe in specific detail all facts supporting Your allegation that the telephone calls alleged in the Complaint utilized an artificial or prerecorded voice.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects that the request, which seeks details for millions of phones calls, is vague and ambiguous, overbroad, and unduly burdensome. Plaintiff also objects to the Interrogatory on the

---

[1] http://westoptelemarketers.com/numbers/9163408242
[2] *Id.*
[3] http://www.directorywiki.info/us/phone-numbers/424-322-9560/

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S FIRST SET OF INTERROGATORIES
2:16-cv-00713-WBS-AC                6

grounds that it is not relevant and proportional to the needs of the case.  Plaintiff also objects on the ground that the information sought is already in the possession of Defendant.  Plaintiff also objects on the ground that this contention interrogatory is premature as discovery has just begun.  Plaintiff will supply additional facts supporting her claims as they are revealed in discovery.  Subject to and without waiving the foregoing objections, Plaintiff states as follows:

In March 2016, Defendant called Ms. Hewlett's cellular telephone nearly daily using an automatic telephone dialing system and artificial or prerecorded voice.

The following chart details a call Defendant made to Ms. Hewlett:

| Date | Time | Number Calling | Caller Identification |
|---|---|---|---|
| 3/14/16 | 1:35 PM | (916) 340-8242 | Holiday Cruise Line |

Ms. Hewlett has never consented in writing, or otherwise, to receive these autodialed telephone calls from Defendant.  She never had any contact with Defendant prior to the calls at issue.

Ms. Hewlett has also received autodialed and robotic telephone calls from Defendant originating from telephone numbers other than (916) 340-8242.

When Ms. Hewlett answered calls from Defendant and/or its agents, she heard a pause or dead air before a robotic-sounding recorded voice began, indicating use of an automatic telephone dialing system and artificial or prerecorded voice.  After the robotic-sounding voice concluded, a live person came onto the phone as well.  The agent attempted to sell Ms. Hewlett a "free cruise."

Ms. Hewlett has repeatedly made requests to Defendant and/or its agent for the calls to stop.  But the calls continued despite these requests.

Online consumer complaints regarding Defendant's unsolicited robocalls and autodialed calls are abundant:

- "Type of Call:  Prerecorded Voice
  Intention of Call:  Solicitation
  Selling:  Free Cruise"[4]

---

[4] http://westoptelemarketers.com/numbers/9163408242

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S FIRST SET OF INTERROGATORIES
2:16-cv-00713-WBS-AC                    7

- "Kept rushing me to give them my credit card info just so I can get a free cruise."[5]
- "They are scammers offering free Cruz [sic]."[6]

**INTERROGATORY NO. 8:**

Describe in specific detail all facts reflecting or evidencing that CWT's conduct with or toward any of the putative class members, including you, was "knowing" and/or "willful," as alleged in the Complaint.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects that the request, which seeks details for millions of phones calls, is vague and ambiguous, overbroad, and unduly burdensome. Plaintiff also objects to the Interrogatory on the grounds that it is not relevant and proportional to the needs of the case. Plaintiff also objects on the ground that the information sought is already in the possession of Defendant. Plaintiff also objects on the ground that this contention interrogatory is premature as discovery has just begun. Plaintiff will supply additional facts supporting her claims as they are revealed in discovery. Subject to and without waiving the foregoing objections, Plaintiff states as follows:

In March 2016, Defendant called Ms. Hewlett's cellular telephone nearly daily using an automatic telephone dialing system and artificial or prerecorded voice.

The following chart details a call Defendant made to Ms. Hewlett:

| Date | Time | Number Calling | Caller Identification |
|------|------|----------------|-----------------------|
| 3/14/16 | 1:35 PM | (916) 340-8242 | Holiday Cruise Line |

Ms. Hewlett has never consented in writing, or otherwise, to receive these autodialed telephone calls from Defendant. She never had any contact with Defendant prior to the calls at issue.

Ms. Hewlett has also received autodialed and robotic telephone calls from Defendant originating from telephone numbers other than (916) 340-8242.

---

[5] *Id.*
[6] http://www.directorywiki.info/us/phone-numbers/424-322-9560/

When Ms. Hewlett answered calls from Defendant and/or its agents, she heard a pause or dead air before a robotic-sounding recorded voice began, indicating use of an automatic telephone dialing system and artificial or prerecorded voice. After the robotic-sounding voice concluded, a live person came onto the phone as well. The agent attempted to sell Ms. Hewlett a "free cruise."

Ms. Hewlett has repeatedly made requests to Defendant and/or its agent for the calls to stop. But the calls continued despite these requests.

Online consumer complaints regarding Defendant's unsolicited robocalls and autodialed calls are abundant:

- "Type of Call: Prerecorded Voice
  Intention of Call: Solicitation
  Selling: Free Cruise"[7]

- "Kept rushing me to give them my credit card info just so I can get a free cruise."[8]

- "They are scammers offering free Cruz [sic]."[9]

## INTERROGATORY NO. 9:

Interrogatory No. 9 omitted by CWT.

## RESPONSE:

n/a.

## INTERROGATORY NO. 10:

Describe in specific detail all the alleged damages described in Paragraph 23 ("multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy"), that each putative class member (including you) sustained as a result of the telephone calls alleged in the Complaint.

## RESPONSE:

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects that the request, which seeks details for millions of phones calls, is vague and ambiguous, overbroad, and unduly burdensome. Plaintiff also objects to the Interrogatory on the

---

[7] http://westoptelemarketers.com/numbers/9163408242
[8] *Id.*
[9] http://www.directorywiki.info/us/phone-numbers/424-322-9560/

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S FIRST SET OF INTERROGATORIES
2:16-cv-00713-WBS-AC                    9

grounds that it is not relevant and proportional to the needs of the case. Plaintiff also objects on the ground that the information sought is already in the possession of Defendant. Plaintiff also objects on the ground that this contention interrogatory is premature as discovery has just begun. Plaintiff will supply additional facts supporting her claims as they are revealed in discovery. Subject to and without waiving the foregoing objections, Plaintiff states as follows:

Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

Among other things, Plaintiff was forced to incur the cost and burden of starting a new phone plan to avoid illegal calls from Defendant.

**INTERROGATORY NO. 11:**

Describe in specific detail all other lawsuits, regulatory, administrative, arbitration and/or quasi-judicial proceedings to which you have been a party (i.e. plaintiff, defendant, claimant, respondent, etc.), including but not limited to whether you served as a class representative in any of those actions, the name/style of the case, case number, jurisdiction, the nature of the dispute, the capacity in which you were a party, and the ultimate disposition of each action.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects that the request is vague and ambiguous, overbroad, and unduly burdensome. Plaintiff also objects to the extent that this Interrogatory seeks privileged information and attorney work product, as defined above. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: None.

**INTERROGATORY NO. 12:**

Describe in specific detail how you became a named plaintiff in this case, were selected to be a class representative for the putative class members, and ultimately retained each of your attorney(s) in this case, including but not limited to whether you or an attorney first initiated

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S FIRST SET OF INTERROGATORIES
2:16-cv-00713-WBS-AC                    10

1  contact regarding filing this case, the person(s) who determined to pursue class action status for

2  this case, who (if anyone) referred you to any of your attorneys in this case, whether you

3  considered and/or interviewed any other attorney(s) to represent you in this case, the names and

4  addresses of such attorney(s), whether there have been proposed class representatives other than

5  yourself in this case and the name(s) of each such person.

6  **RESPONSE:**

7       Plaintiff hereby incorporates the General Objections above as if fully stated herein.

8  Plaintiff objects that the request is vague and ambiguous, overbroad, and unduly burdensome.

9  Plaintiff also objects to the extent that this Interrogatory seeks privileged information and attorney

10  work product, as defined above.  Plaintiff also objects to the Interrogatory on the grounds that it is

11  not relevant and proportional to the needs of the case.  Plaintiff also objects on the ground that the

12  information sought is already in the possession of Defendant and that the Interrogatory was

13  propounded solely to harass Plaintiff.  Plaintiff also objects because this Interrogatory contains 9

14  discrete subparts which exceeds the maximum allowable number of Interrogatories under Fed. R.

15  Civ. P. 33(a)(1).

16  **INTERROGATORY NO. 13:**

17       Describe in specific detail the nature of the relationship (including any familial

18  relationship) between you and each of the attorneys who have ever represented you in this case.

19  **RESPONSE:**

20       Plaintiff hereby incorporates the General Objections above as if fully stated herein.

21  Plaintiff objects that the request is overbroad and unduly burdensome. Plaintiff also objects to the

22  extent that this Interrogatory seeks privileged information and attorney work product, as defined

23  above.  Plaintiff also objects to the Interrogatory on the grounds that it is not relevant and

24  proportional to the needs of the case and was propounded solely to harass Plaintiff.  Subject to and

25  without waiving the foregoing objections, Plaintiff responds as follows:  None.

26  **INTERROGATORY NO. 14:**

27       Identify and describe in detail your reaction(s) to and action(s) immediately following

28  _____
PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD
TRAVEL, INC.'S FIRST SET OF INTERROGATORIES
2:16-cv-00713-WBS-AC            11

your receipt of each of the telephone calls you alleged in the Complaint.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects that the request is vague and ambiguous. Plaintiff also objects to the Interrogatory on the grounds that it is not relevant and proportional to the needs of the case. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff was aggravated by Defendant's unsolicited and harassing phone calls. Plaintiff was also forced to incur the cost and burden of starting a new phone plan to avoid illegal calls from Defendant.

**INTERROGATORY NO. 15:**

Identify the number of notifications, whether by text, vibration, or ringer, that you received, on average, per day on your cellular telephone number for each month in which you allege in the Complaint you received a telephone call.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects that the request is overbroad and unduly burdensome. Plaintiff also objects to the Interrogatory on the grounds that it is not relevant and proportional to the needs of the case and was propounded solely to harass Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff does not know the answer to this interrogatory at this time.

**INTERROGATORY NO. 16:**

Identify and describe in detail the amount by which your cellular telephone bill increased as a result of receiving any of the telephone calls you alleged in the Complaint.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects that the request is overbroad and unduly burdensome. Plaintiff also objects to the Interrogatory on the grounds that it is not relevant and proportional to the needs of the case and was propounded solely to harass Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff states that she was harmed by drainage of her cell phone

battery and because she was forced to incur the cost and burden of starting a new phone plan to avoid illegal calls from Defendant. Apart from this, Plaintiff cannot quantify any increase in her telephone bill as a result of receiving calls from Defendant at this time.

**INTERROGATORY NO. 17:**

Identify whether the ringer for your cellular telephone was on when you received each of the telephone calls you alleged in the Complaint.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects that the request is overbroad and unduly burdensome. Plaintiff also objects to the Interrogatory on the grounds that it is not relevant and proportional to the needs of the case and was propounded solely to harass Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Yes.

**INTERROGATORY NO. 18:**

Identify and describe in detail the amount, on average, of unwanted telephone calls that you received on your cellular telephone for each month in which you allege in the Complaint you received a telephone call.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects that the request is overbroad and unduly burdensome. Plaintiff also objects to the Interrogatory on the grounds that it is not relevant and proportional to the needs of the case and was propounded solely to harass Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff does not know the answer to this interrogatory at this time.

**INTERROGATORY NO. 19:**

Identify and describe in detail your typical reaction(s) to receiving an unwanted telephone call to your cellular telephone.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S FIRST SET OF INTERROGATORIES
2:16-cv-00713-WBS-AC                13

Plaintiff objects that the request is overbroad and unduly burdensome. Plaintiff also objects to the Interrogatory on the grounds that it is not relevant and proportional to the needs of the case and was propounded solely to harass Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff experiences aggravation as a result of unwanted phone calls.

**INTERROGATORY NO. 20:**

Identify any applications/"apps" that you use on any of your telephones in connection with telemarketing or telephone solicitation calls that you receive.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects that the request is overbroad and unduly burdensome. Plaintiff also objects to the Interrogatory on the grounds that it is not relevant and proportional to the needs of the case and was propounded solely to harass Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Metro Block-it.

**INTERROGATORY NO. 21:**

For each telephone number for which you and every other putative class member are/were the telephone account subscriber or primary user, describe in specific detail: 1) the telephone carrier or company (i.e., AT&T, Verizon, etc.); 2) dates of service or use of that telephone number; 3) whether the telephone number is/was associated with a cellular phone, residential landline, satellite phone or other phone type; 4) whether the telephone number was switched between phone types (i.e. residential landline to cellular, etc.) and the specific phone types that were switched; 5) the make, model and year of each telephone identified; 6) the type of calling and data plan associated with each telephone number; and 7) whether the calling and/or data plan associated with the telephone number permits instant and/or SMS text messages.

**RESPONSE:**

Plaintiff hereby incorporates the General Objections above as if fully stated herein. Plaintiff objects that the request is vague and ambiguous, overbroad, and unduly burdensome.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CONSOLIDATED WORLD TRAVEL, INC.'S FIRST SET OF INTERROGATORIES
2:16-cv-00713-WBS-AC                14

Plaintiff also objects to the Interrogatory on the grounds that it is not relevant and proportional to the needs of the case.  Plaintiff also objects on the ground that the information sought is already in the possession of Defendant and that the Interrogatory was propounded solely to harass Plaintiff. Plaintiff also objects because this Interrogatory contains 7 discrete subparts which exceeds the maximum allowable number of Interrogatories under Fed. R. Civ. P. 33(a)(1).

Dated:  October 4, 2016

**BURSOR & FISHER, P.A.**

By:___*/s/ L. Timothy Fisher*_____
        L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email: ltfisher@bursor.com
        apersinger@bursor.com
        ykrivoshey@bursor.com

**BURSOR & FISHER, P.A**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 4, 2016 a true and correct copy of the foregoing document was served electronically upon all counsel of record.

By: ___/s/ *Yitzchak Kopel*___
Yitzchak Kopel