# EXHIBIT K

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:   ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINAYA HEWLETT, MAYRA GARCIA, and ZACHARY WERLHOF, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br>CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiffs Kinaya Hewlett, Mayra Garcia, and Zachary Werlhof ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following on information and belief, except that Plaintiffs' allegations as to their own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Between February and March 2016 Consolidated World Travel, Inc. d/b/a Holiday Cruise Line ("Defendant" or "Holiday") made unsolicited and harassing telemarketing calls to Plaintiffs on their cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice. Plaintiffs did not give Holiday prior express written consent to make these calls.

2. Plaintiffs bring this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiffs and class members on their telephones using an autodialer and/or artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

3. Plaintiff Kinaya Hewlett is, and at all times mentioned herein was, a resident of Sacramento, California, and a citizen of the State of California.

4. Plaintiff Mayra Garcia is, and at all times mentioned herein was, a resident of Hawthorne, California, and a citizen of the State of California.

5. Plaintiff Zachary Werlhof is, and at all times mentioned herein was, a resident of, Oakdale, California, and a citizen of the State of California.

6. Defendant Consolidated World Travel, Inc. d/b/a Holiday Cruise Line is a Florida corporation with its principal place of business located at 2121 W. Oakland Park Blvd., Suite 1, Fort Lauderdale, Florida 33311.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28

CLASS ACTION COMPLAINT                                                                                          1

U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

8. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

9. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District, Plaintiffs Hewlett and Werlhof reside within this District, and a substantial part of the events giving rise to Plaintiffs' claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.  The Telephone Consumer Protection Act Of 1991**

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

12. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

13. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

CLASS ACTION COMPLAINT  2

### B. Defendant's Robocalls to Plaintiffs and Class Members

**Plaintiff Kinaya Hewlett**

14. In March 2016, Defendant called Ms. Hewlett's cellular telephone nearly daily using an automatic telephone dialing system and/or artificial or prerecorded voice.

15. The following chart details a call Defendant made to Ms. Hewlett:

| Date | Time | Number Calling |
|---|---|---|
| 3/14/16 | 1:35 PM | (916) 340-8242 |

16. Ms. Hewlett has never consented in writing, or otherwise, to receive these autodialed telephone calls from Defendant. She never had any contact with Defendant prior to the calls at issue.

17. Ms. Hewlett has also received autodialed and/or robotic telephone calls from Defendant originating from telephone numbers other than (916) 340-8242.

18. When Ms. Hewlett answers calls from Defendant, she hears a pause or dead air before a recorded voice begins, indicating use of an automatic telephone dialing system.

19. Ms. Hewlett has repeatedly made requests to Defendant for the calls to stop. Defendant's calls continued despite these requests.

**Plaintiff Mayra Garcia**

20. In February 2016, Defendant called Ms. Garcia's cellular telephone repeatedly using an automatic telephone dialing system and/or artificial or prerecorded voice.

21. The following chart details two of the calls made by Defendant to Ms. Garcia:

| Date | Time | Number Calling |
|---|---|---|
| 2/16/16 | 12:15 PM | (424) 322-9560 |
| 2/17/16 | 2:47 PM | (424) 322-9560 |

22. Ms. Garcia has never consented in writing, or otherwise, to receive these autodialed telephone calls from Defendant. She never had any contact with Defendant prior to the calls at issue.

CLASS ACTION COMPLAINT     3

23. Ms. Garcia has also received autodialed and/or robotic telephone calls from Defendant originating from telephone numbers other than (424) 322-9560.

24. When Ms. Garcia answers calls from Defendant, she hears a pause or dead air before a recorded voice begins, indicating use of an automatic telephone dialing system.

25. Ms. Garcia asked Defendant to stop calling her. Defendant's calls continued despite her request.

**Zachary Werlhof**

26. In March 2016, Defendant called Mr. Werlhof's cellular telephone at least 20 times using an automatic telephone dialing system and/or artificial or prerecorded voice.

27. The following chart details three of the calls made by Defendant to Mr. Werlhof:

| Date   | Time    | Number Calling |
|--------|---------|----------------|
| 3/4/16 | 5:09 PM | (209) 442-6629 |
| 3/5/16 | 9:45 AM | (209) 442-6629 |
| 3/7/16 | 2:00 PM | (209) 442-6629 |

28. Mr. Werlhof has never consented in writing, or otherwise, to receive these autodialed telephone calls from Defendant. He never had any contact with Defendant prior to the calls at issue.

29. Mr. Werlhof has also received autodialed and/or robotic telephone calls from Defendant originating from telephone numbers other than (209) 442-6629.

30. When Mr. Werlhof answers calls from Defendant, he hears a pause or dead air before a recorded voice begins, indicating use of an automatic telephone dialing system.

**CLASS ACTION ALLEGATIONS**

31. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated.

32. Plaintiffs propose the following Class definition, subject to amendment as appropriate:

CLASS ACTION COMPLAINT 4

All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system and/or artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

33. Plaintiffs represent, and are a member of, the proposed Class. Excluded from the proposed Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

34. Plaintiffs do not know the exact number of members in the proposed Class, but reasonably believes based on the scale of Defendant's business, and the number of online complaints, that the class is so numerous that individual joinder would be impracticable.

35. Plaintiffs and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

36. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed Class can be identified easily through records maintained by Defendant.

37. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed Class. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b. Whether Defendant made telephone calls to class members using an automatic telephone dialing system;

    c. Whether Defendant's conduct was knowing and/or willful;

CLASS ACTION COMPLAINT     5

d. Whether Defendant is liable for damages, and the amount of such damages, and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

38. As a persons who received numerous and repeated calls on their telephones through the use of an autodialer and/or artificial or prerecorded voice, without their prior express written consent, Plaintiffs assert claims that are typical of each member of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class, and have no interests which are antagonistic to any member of the proposed Class.

39. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

40. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

41. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate. Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

42. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

44. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

45. Plaintiffs and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

46. Plaintiffs and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

47. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

49. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the Class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Plaintiffs and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

51. Plaintiffs and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all members of the proposed Class the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiffs and the proposed Class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate class, finding that Plaintiffs are proper representatives of the class, and appointing the lawyers and law firm representing Plaintiffs as counsel for the class;

f. Such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated: April 5, 2016        **BURSOR & FISHER, P.A.**

By:    */s/ L. Timothy Fisher*
          L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Email: ltfisher@bursor.com
        apersinger@bursor.com
        ykrivoshey@bursor.com

CLASS ACTION COMPLAINT        8

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

-----ooOoo-----

| | |
|---|---|
| KINAYA HEWLETT, ET AL., <br> Plaintiff, <br> vs. <br> CONSOLIDATED WORLD TRAVEL, INC., <br> Defendants. | 2:16-CV-00713-WBS-AC <br><br> ORDER RE: STATUS (PRETRIAL SCHEDULING) CONFERENCE |

-----ooOoo-----

This action has been assigned to the undersigned judge. **Failure to comply with the requirements enumerated in this Order may result in sanctions.** Pursuant to the provisions of Federal Rule of Civil Procedure 16, IT IS ORDERED that:

1. A Status (Pretrial Scheduling) Conference is set for 8/1/16 at 1:30 p.m. before the undersigned judge in COURTROOM: 5 . At least twenty-one (21) calendar days before the scheduling conference is held, the parties shall confer and attempt to agree upon a discovery plan, as required by Federal Rule of Civil Procedure 26(f).

2. Pursuant to Local Rule 240, the parties shall submit to the court a JOINT Status Report **fourteen (14) calendar days** prior to the hearing date, which shall contain:

(a) a brief summary of the claims;

(b) a statement as to the status of service upon all defendants and cross defendants;

(c) a statement as to the possible joinder of additional parties;

(d) any contemplated amendments to the pleadings;

(e) the statutory basis of jurisdiction and venue;

(f) a written report outlining the proposed discovery plan required by Federal Rule of Civil Procedure 26(f);

(g) a proposed cut-off date by which all discovery shall be concluded;

(h) a proposed date by which all motions shall be filed and heard;

(i) any proposed modification of standard pretrial proceedings due to the special nature of the action;

(j) the estimated length of trial;

(k) a statement as to whether the case is related to any other case, including any matters in bankruptcy;

(l) any other matters discussed in Local Rule 240 that may add to the just and expeditious disposition of this matter; and

(m) a statement by any nongovernmental corporate party identifying all of its parent and subsidiary corporations and listing any publicly held company that owns 10% or more of the party's stock. If any nongovernmental corporate party has no parent or subsidiary corporations or no publicly held companies owning

1 | 10% or more of its stock, it shall so state in the Joint Status
2 | Report. Thereafter, if there is any change in the information, the
3 | party shall file and serve a supplemental statement within a
4 | reasonable time after such change occurs. **Failure to comply with the**
5 | **requirements of this subpart will result in the Joint Status**
6 | **Report being stricken and <u>sanctions being ordered against any</u>**
7 | **<u>nongovernmental corporate party that did not submit its corporate</u>**
8 | **<u>disclosures.</u>**
9 | The court has an obligation to recuse itself from any case in
10 | which the judge might have a "financial interest," however small.
11 | 28 U.S.C. § 455(b)(4). The purpose of the corporate disclosure
12 | requirement in subpart (m) of this Order is to assist the court in
13 | carrying out this obligation, because corporate parties are in the
14 | best position to identify their parent and subsidiary corporations.
15 | Without this information, the court risks retaining a case in which it
16 | unknowingly has a financial interest. As a consequence, not only
17 | would the undersigned judge face public criticism, the public's
18 | confidence in an impartial judiciary would be eroded. Failure to assist
19 | the court in protecting these and the other interests advanced by
20 | § 455(b)(4)--especially in the face of a clear and direct request
21 | from the court--amounts to sanctionable conduct.
22 | The requirement that corporate disclosures be included
23 | in the parties' Joint Status Report does not negate a nongovernmental
24 | corporate party's obligation to file a disclosure statement "with its
25 | first appearance, pleading, petition, motion, response, or other
26 | request addressed to the court" pursuant to Federal Rule of Civil
27 | Procedure 7.1.
28 | /////

3

3. Concurrently with the service of process, or as soon thereafter as possible, plaintiff shall serve upon each of the parties named in the complaint, and upon all parties subsequently joined, a copy of this Order, and shall file with the clerk a certificate reflecting such service.

4. In the event this action was originally filed in a state court and was thereafter removed to this court, the removing party or parties shall immediately following such removal, serve upon each of the other parties and upon all parties subsequently joined a copy of this Order, and shall file with the clerk a certificate reflecting such service.

5. All parties to the action shall appear by counsel (or in person if acting without counsel). A FAILURE TO APPEAR AT THE APPROPRIATE TIME WILL BE TREATED AS A FAILURE TO APPEAR AND MAY SUBJECT COUNSEL TO SANCTIONS.

6. In appropriate cases, and after receiving the parties' Joint Status Report, the court may issue a Status (Pretrial Scheduling) Order without requiring a status conference. Unless the parties have received such an order prior to the status conference, the parties are required to attend the status conference as scheduled.

DATE: __April 6, 2016__

                        WILLIAM B. SHUBB
                        SENIOR UNITED STATES DISTRICT JUDGE

                    by: __/s/ M. Marciel__
                         Deputy Clerk

# NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE
# TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or non jury trial, and entry of a final judgment.  Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent.  You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent pursuant to 28 U.S.C. § 636(c), the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information.  This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers.  This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

| | |
|---|---|
| Office of the Clerk | Office of the Clerk |
| 501 I Street, Room 4–200 | 2500 Tulare Street, Suite 1501 |
| Sacramento, CA  95814 | Fresno, CA  93721 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

KINAYA HEWLETT, ET AL.,
        Plaintiff(s)/Petitioner(s),

vs.

                                        CASE NO.   2:16−CV−00713−WBS−AC

CONSOLIDATED WORLD TRAVEL, INC.,
        Defendant(s)/Respondent(s).

---

**IMPORTANT**

**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐ **CONSENT TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _____    Signature: _____

                                       Print Name: _____
                                              ( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
                                              Counsel for_____*

---

☐ **DECLINE OF JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____    Signature: _____

                                       Print Name: _____
                                              ( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
                                              Counsel for_____*

**If representing more than one party, counsel must indicate the name of each party responding.*

## NOTICE OF AVAILABILITY

## VOLUNTARY DISPUTE RESOLUTION

Pursuant to the findings and directives of Congress in 28 U.S.C. §§ 651 *et seq.*, and in recognition of the economic burdens and delay in the resolution of disputes that can be imposed by full formal litigation, Local Rule 271 governs the referral of certain actions to the Voluntary Dispute Resolution Program ("VDRP") at the election of parties. Plaintiff or removing party is to provide all other parties with copies of the notice at the time service is effected or, for parties already served, no more than fourteen (14) days after receiving notice from the Court. After filing of the original complaint or removal action, any party who causes a new party to be joined in the action shall promptly serve a copy of the notice on the new party.

It is the Court's intention that the VDRP shall allow the participants to take advantage of a wide variety of alternative dispute resolution methods. These methods may include, but are not limited to, mediation, negotiation, early neutral evaluation and settlement facilitation. The specific method or methods employed will be determined by the Neutral and the parties.

**PLEASE TAKE NOTICE** that pursuant to Local Rule 271, ***this Local Rule applies to*** all civil actions pending before any District Judge or Magistrate Judge in the District except that actions in the following categories are exempt from presumptive inclusion: (i) prisoner petitions and actions, including habeas corpus petitions, (ii) actions in which one of the parties is appearing pro se, (iii) voting rights actions, (iv) social security actions, (v) deportation actions, (vi) Freedom of Information Act actions, and (vii) actions involving the constitutionality of federal, state or local statutes or ordinances. The fact that a case falls in a category that is exempt from the presumptive applicability of this Local Rule neither (1) precludes the parties to such a case from agreeing to participate in an Alternative Dispute Resolution ("ADR") process, nor (2) deprives the Court of authority to compel participation in an appropriate ADR proceeding.

Parties may elect Voluntary Dispute Resolution with the Court indicating that all parties to the action agree to submit the action to VDRP pursuant to Local Rule 271. Actions may not be assigned to VDRP over the objection of a party. (Copy of sample stipulation attached hereto.) **At the time of filing, a copy of the stipulation shall be provided to the VDRP Administrator designated below:**

Sacramento Cases
Voluntary Dispute Resolution
Program Administrator
United States District Court
501 "I" Street, Suite 4-200
Sacramento, CA  95814
(916) 930-4278

Fresno Cases
Voluntary Dispute Resolution
Program Administrator
United States District Court
2500 Tulare Street, Suite 1501
Fresno, CA  93721
(559) 499-5600

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINAYA HEWLETT, ET AL., | NO: 2:16−CV−00713−WBS−AC |
| Plaintiff(s) | |
| v. | STIPULATION TO ELECT REFERRAL OF ACTION TO VOLUNTARY DISPUTE RESOLUTION PROGRAM (VDRP) |
| CONSOLIDATED WORLD TRAVEL, INC., | PURSUANT TO LOCAL RULE 271 |
| Defendant(s) | |

Pursuant to Local Rule 271, the parties hereby agree to submit the above−entitled action to the Voluntary Dispute Resolution Program.

DATED: **APRIL 6, 2016**

_____
Name:
Attorney for Plaintiff(s)

_____
Name:
Attorney for Defendant(s)