# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANGEL BAKOV and JULIE HERRERA, individually and on behalf of all others similarly situated, | Case No. 1:15-cv-02980 |
| | Hon. Harry D. Leinenweber |
| Plaintiffs, | Hon. Susan E. Cox |
| v. | |
| CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, a Florida corporation, | |
| Defendant. | |
| KINAYA HEWLETT, on Behalf of Herself and all Others Similarly Situated, | Case No. 1:17-cv-00973 |
| | Hon. Harry D. Leinenweber |
| Plaintiff, | |
| v. | |
| CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, | |
| Defendant. | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
TO CONTINUE THE MOTION FOR CLASS CERTIFICATION**

On March 30, 2017, this Court addressed Plaintiffs' second "placeholder" class certification motion by setting a new deadline of 45 days for the filing of a motion for class certification of May 16, 2017. *See* Dkt. No. 102. Faced with a 45-day window to complete discovery before moving for class certification, and having already received disclosures from Defendant Consolidated World Travel, Inc. ("CWT") that would have suggested obvious discovery targets, Plaintiffs exhibited only slightly more effort than they had in the two years this

1

case has been pending. For the reasons set forth below, Plaintiffs have failed to demonstrate good cause for their requested extension.

First, Plaintiffs write that CWT's document production beginning on April 13, 2017 "revealed the identity of at least two other entities that necessitate service of subpoenas in Florida," and that "[t]hese Florida entities are associated with Clifford Albright . . . ." (Mot. at ¶ 7). But, as Plaintiffs state in their Motion, CWT disclosed Clifford Albright in its Initial Disclosures on November 7, 2016. With respect to Mr. Albright, that satisfied CWT's obligation to disclose the identity of *individuals* that it may use to present its defenses. CWT was not required to identify every entity associated with Mr. Albright or any other individual. Regardless, Plaintiffs acknowledge they attempted to serve subpoenas on the very entities they claim were first "revealed" in April four months *earlier*, based on CWT's Initial Disclosures, (*id.* at ¶ 11), contradicting Plaintiffs' suggestions of prejudice.

Second, Plaintiffs remark that they are "preparing a subpoena to CWT's telephone carrier in an attempt to obtain the list of calls transferred by VVT to CWT." (*Id.* at ¶ 9). CWT first raised that idea, including the identity of the relevant telephone carrier, in January 2017 during the meet and confer process, and Plaintiffs still have yet to act upon that proposal. Indeed, even as of this writing, no subpoena has been issued.

Third, Plaintiffs acknowledge that they failed to successfully serve subpoenas in December 2016. They do not explain why they waited until April 2017 to renew their attempts.

Fourth, Plaintiffs blame CWT for not including in its disclosures the names and addresses of Deborah Dillow and Dan Lambert, two document custodians, which Plaintiffs state is necessary so that "they may issue subpoenas to these individuals." There is no requirement to include in a party's disclosures the names and addresses of its document custodians if they are

2

not individuals the party intends to use to support its claims or defenses.  Regardless, there is no prejudice to Plaintiffs.  Plaintiffs Bakov and Herrera originally sued and served Mr. Lambert as a named defendant, and know (since they alleged it) that he is an officer of CWT, and therefore his deposition can be arranged by notice of deposition.  No subpoena is required.  As for Ms. Dillow, she was the custodian for four e-mails that were produced in this case.  Plaintiffs had never previously raised her as someone they seek to depose.

Fifth, with respect to Hewlett's subpoena to Bandwidth.com, CWT has no knowledge about that entity and has no reason to believe it has any association with any telephone numbers that may be relevant to this case.  Regardless, counsel for Plaintiffs does not explain why Hewlett waited half a year for the information she claims she needs, particularly given that Plaintiffs now vaguely and generally state that follow-on work that may take weeks will also be required.

Sixth, with respect to documents from Virtual Voice Technology Pvt. Ltd. ("VVT"), Plaintiffs offer no explanation as to why they still have yet to initiate service of document requests upon VVT in India through the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters (the "Hague Convention").  CWT had identified VVT in its Initial Disclosures and its counsel have informed counsel for Plaintiffs that VVT is the entity that made the telephone calls at issue and would likely be the source of documents as to which telephone numbers relevant to this case it called.  But Plaintiffs never explain why, given the timeframes for requests under the Hague Convention, they did nothing before the March 30, 2017 conference to obtain discovery from VVT.  Nor do Plaintiffs explain why they continued to do nothing to obtain discovery from VVT when the Court set a 45-day deadline for them to file their motion for class certification.

3

Federal Rule of Civil Procedure 23(c)(1)(A) provides that the issue of class certification must be determined "[a]t an early practicable time after a person sues . . . as a class representative . . . ." Plaintiffs, however, have not been diligent in pursuing discovery in the two years that their cases have been pending. Even as of today's date, Plaintiffs have not served a Rule 30(b)(6) notice of deposition or sought to depose CWT's former Director of Marketing, Jennifer Poole, or its President, Dan Lambert. CWT, on the other hand, has proceeded with discovery. CWT recently took the depositions of Bakov and Herrera in Chicago, and is in the process of coordinating Hewlett's deposition in Sacramento. CWT has also filed a motion to compel to address various discovery deficiencies. CWT has been pushing this case along, but Plaintiffs, despite having had years to fulfill their obligation to prepare this case for a motion for class certification, still are not in a position to do so.

Plaintiffs have not demonstrated good cause for a continuance of their class certification motion by 90 days. If, nonetheless, the Court is to permit an extension of time, CWT defers to the Court as to how long that extension should be, but CWT opposes an extension as length as 90 days, particularly when Plaintiffs, despite having the resources of multiple law firms, have not acted with due diligence.

## CONCLUSION

For the foregoing reasons, CWT respectfully requests that the Court deny Plaintiffs' Motion to Continue the Motion for Class Certification, and grant any further relief it deems appropriate.

Dated: May 12, 2017               GREENSPOON MARDER, P.A.

                                  */s/ Jeffrey A. Backman*
                                  RICHARD W. EPSTEIN, ESQ.

(Fla. Bar No. 229091)
richard.epstein@gmlaw.com
JEFFREY A. BACKMAN, ESQ
(Fla. Bar No. 0662501)
jeffrey.backman@gmlaw.com
ROY TAUB, ESQ.
(Fla. Bar No. 116263)
roy.taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
954-491-1120 (Telephone)
954-343-6958 (Facsimile)

and

TABET DIVITO & ROTHSTEIN LLC

Timothy Hudson
The Rookery Building
209 South LaSalle St., Suite 700
Chicago, IL 60604
(312)762-9450 (Telephone)
(312)762-9451 (Facsimile)

*Attorneys for Defendant Consolidated World Travel, Inc. d/b/a Holiday Cruise Line*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record via ECF on May 12, 2017.

*/s/ Jeffrey A. Backman*
JEFFREY A. BACKMAN