# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANGEL BAKOV and JULIE HERRERA, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:15-cv-02980 |
| | ) | Hon. Harry D. Leinenweber |
| Plaintiffs, | ) | |
| v. | ) | Hon. Susan E. Cox |
| | ) | |
| CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, a Florida corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, CONSOLIDATED WORLD TRAVEL, INC. d/b/a
HOLIDAY CRUISE LINE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'
<u>FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

Defendant, Consolidated World Travel, Inc. d/b/a Holiday Cruise Line ("CWT"), by and through undersigned counsel, hereby serves its Objections and Responses to the First Set of Requests for Production of Documents propounded by Plaintiffs, Angel Bakov and Julie Herrera, and states:

<u>**GENERAL OBJECTIONS**</u>

1.      CWT objects to each instruction, definition, and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      CWT objects to each document request that is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, or not relevant to any

party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. CWT therefore objects to each document request that is not limited to and is far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint.

3. CWT objects to each document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

4. CWT objects to the definition of "DOCUMENT" or "DOCUMENTS" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

5. CWT objects to the definition of "YOU" as overbroad and unduly burdensome to the extent it attempts to extend the scope of the document requests to information not within the knowledge of CWT or documents not within the custody, control, or possession of CWT. CWT further objects to the definition of "YOU" as including the term "agent," which is undefined and a legal conclusion that CWT does not deem to apply to any third-party that would be relevant to the claims or defenses in this action.

6. CWT objects to each document request to the extent it seeks documents not within the custody, control, or possession of CWT, or that are more readily or are uniquely obtainable from third parties.

7.      CWT incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that document request.

8.      Any production of documents responsive to a discovery request, subject to CWT's general and specific objections thereto, will be made at a reasonable and mutually convenient time and place, but no later than 30 days from the date these Responses are being served.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

1.      All documents concerning Plaintiffs or their cellular telephone numbers.

**Response:**

In addition to the general objections, CWT objects to this document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  CWT did not engage in marketing before December 29, 2014.  CWT did not make any telephone calls to Plaintiff, but records indicate that a non-agent, third-party caller, Virtual Voice Technologies Pvt. Ltd. ("VVT"), did in March 2015 and April 2015 to Plaintiff Bakov, and in April 2015 and May 2015 to Plaintiff Herrera.  Subject to and without waiver of the foregoing specific and general objections, CWT responds that it will produce documents within its custody, control, or possession, if any, responsive to this request.

2.      Documents sufficient to identify (by name, address, telephone number, e-mail address, and contact person) every individual or entity that provided Defendant with Telemarketing Services or Lead Generation Services during the Relevant Period.

3

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to this document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. While CWT did not make any telephone calls to Plaintiff, CWT's records show the calls at issue in this action were made by VVT. Subject to and without waiver of the foregoing specific and general objections, CWT responds that it will produce documents within its custody, control, or possession, if any, responsive to this request.

3. Agreements for Telemarketing Services or Lead Generation Services in effect during the Relevant Period, and all documents modifying such agreements, between Defendant and any individual or entity.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to this document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

4

4.     For each Telemarketer, documents sufficient to demonstrate the type of Telemarketing Services provided to Defendant during the Relevant Period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint.  CWT further objects to this document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

5.     For each Lead Generator, documents sufficient to demonstrate the type of Lead Generation Services provided to Defendant during the Relevant Period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint.  CWT further objects to this document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

6.      Documents sufficient to demonstrate the use of an ATDS or Autodialer by Defendant, or by any Telemarketer or Lead Generator on behalf of Defendant, during the Relevant Period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint.  CWT did not make any telephone calls relevant to this action and, to CWT's knowledge, VVT did not use an ATDS or Autodialer to make any telephone calls relevant to this action.  Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

7.      Documents sufficient to demonstrate the use of an artificial or prerecorded voice message by Defendant, or by any Telemarketer or Lead Generator on behalf of Defendant, during the Relevant Period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint.  To CWT's knowledge, VVT's telephone calls did not use an artificial or prerecorded voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") to make any telephone calls relevant to this action.  By responding to the document request, CWT does not agree with the characterization in the document request or make any such admission, and expressly denies that any telephone calls used an artificial or prerecorded voice.  Subject to and without waiver of

the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

8.      All communications between Defendant and any other individual or entity regarding the use of an ATDS, Autodialer or artificial or prerecorded messages during the Relevant Period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT did not make any telephone calls relevant to this action and, to CWT's knowledge, VVT did not use an ATDS or Autodialer to make any telephone calls relevant to this action. Further, to CWT's knowledge, VVT's telephone calls did not use artificial or prerecorded messages in violation of the TCPA to make any telephone calls relevant to this action. By responding to the document request, CWT does not agree with the characterization in the document request or make any such admission, and expressly denies that any telephone calls used an artificial or prerecorded message. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

9.      All documents that identify (by name, address, email and telephone number) any individual called by Defendant using an ATDS, Autodialer or artificial or prerecorded voice message during the Relevant Period, where the call was placed to a cellular phone. In the alternative:

a.      If Defendant is unable to identify documents responsive to Request No. 9, produce all documents that identify (by name, address, email and telephone number) any

individual called by Defendant using an ATDS, Autodialer or artificial or prerecorded voice message during the Relevant Period; or

b. If Defendant is unable to identify documents responsive to Request No. 9 or 9a, produce all documents that identify (by name, address, email and telephone number) any individual called by Defendant during the Relevant Period for the purpose of soliciting business.

**Response:**

In addition to the general objections, CWT objects to the document request, and its sub-parts, as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to the term "soliciting business" as vague and ambiguous. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession because CWT did not make any telephone calls relevant to this action.

10. All documents that identify (by name, address, email and telephone number) any individual called on behalf of Defendant by any Telemarketer or Lead Generator using an ATDS, Autodialer or artificial or prerecorded voice message during the Relevant Period, where the call was placed to a cellular phone number. In the alternative:

a. If Defendant is unable to identify documents responsive to Request No. 10, produce all documents that identify (by name, address, email and telephone number) any individual called on behalf of Defendant by any Telemarketer or Lead Generator using an ATDS, Autodialer or artificial or prerecorded voice message during the Relevant Period; or

b. If Defendant is unable to identify documents responsive to Request No. 10 or 10a, produce all documents that identify (by name, address, email and telephone number) any

individual called on behalf of Defendant by a Telemarketer or Lead Generator during the Relevant Period for the purpose of soliciting business on behalf of Defendant.

       **Response:**

       In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT did not make any telephone calls relevant to this action and, to CWT's knowledge, VVT did not use an ATDS or Autodialer to make any telephone calls relevant to this action. Further, to CWT's knowledge, VVT's telephone calls did not use artificial or prerecorded voice messages in violation of the TCPA to make any telephone calls relevant to this action. By responding to the document request, CWT does not agree with the characterization in the document request or make any such admission, and expressly denies that any telephone calls used an artificial or prerecorded voice message. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

       11.    Documents sufficient (i) to identify (by name, address, email and telephone number) any individual called by Defendant using an ATDS, Autodialer or artificial or prerecorded voice message during the Relevant Period with whom Defendant had an established business relationship, where the call was placed to a cellular phone number; and (ii) to explain the nature and identify the commencement date of the business relationship.

       **Response:**

       In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues

raised therein, namely the telephone calls alleged in the operative complaint. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession because CWT did not make any telephone calls relevant to this action.

12. In the alternative, if Defendant is unable to identify documents responsive to Request No. 11, produce documents sufficient (i) to identify (by name, address, email and telephone number) any individual called by Defendant using an ATDS, Autodialer or artificial or prerecorded voice message during the Relevant Period with whom Defendant had a prior existing business relationship and (ii) to explain the nature and identify the commencement date of the business relationship.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession because CWT did not make any telephone calls relevant to this action.

13. Documents sufficient (i) to identify (by name, address, email and telephone number) any individual called on behalf of Defendant by any Telemarketer or Lead Generator using an ATDS, Autodialer or artificial or prerecorded voice message during the Relevant Period with whom Defendant, Telemarketer or Lead Generator had a prior or existing business relationship, where the call was placed to a cellular phone number; and (ii) to explain the nature and identify the commencement date of the business relationship.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT did not make any telephone calls relevant to this action and, to CWT's knowledge, VVT did not use an ATDS or Autodialer to make any telephone calls relevant to this action. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession because CWT did not make any telephone calls relevant to this action.

14. In the alternative, if Defendant is unable to identify documents responsive to Request No. 13 produce documents sufficient (i) to identify (by name, address, email and telephone number) any individual called on behalf of Defendant by any Telemarketer or Lead Generator using an ATDS, Autodialer or artificial or prerecorded voice message during the Relevant Period with whom Defendant, Telemarketer or Lead Generator had a prior or existing business relationship; and (ii) to explain the nature and identify the commencement date of the business relationship.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT did not make any telephone calls relevant to this action and, to CWT's knowledge, VVT did not use an ATDS or Autodialer to make any telephone calls relevant to this action. Subject to and without waiver

11

of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

15.     Documents sufficient to identify (by name, address, email and telephone number) any individual called by Defendant using an ATDS, Autodialer or artificial or prerecorded voice message during the Relevant Period and for whom Defendant had prior express consent to make such a call, where such call was placed to a cellular number.

a.     In the alternative, if Defendant is unable to identify documents responsive to Request No. 15, produce documents sufficient to identify (by name, address, email and telephone number) any individual called by Defendant using an ATDS, Autodialer or artificial or prerecorded voice message during the Relevant Period and for whom Defendant had prior express consent to make such a call.

b.     All documents evidencing such prior express consent.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint.  Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession because CWT did not make any telephone calls relevant to this action.

16.     Documents sufficient to identify (by name, address, email and telephone number) any individual called on behalf of Defendant by any Telemarketer or Lead Generator using an ATDS, Autodialer or artificial or prerecorded voice message during the Relevant Period, and for

whom Defendant, Telemarketer or Lead Generator had prior express consent to make such a call, where such call was placed to a cellular number.

      a.      In the alternative, if Defendant is unable to identify documents responsive to Request No. 16, produce documents sufficient to identify (by name, address, email and telephone number) any individual called on behalf of Defendant by any Telemarketer or Lead Generator using an ATDS, Autodialer or artificial or prerecorded voice message during the Relevant Period, and for whom Defendant, Telemarketer or Lead Generator had prior express consent to make such a call.

      b.      All documents evidencing such prior express consent.

      **Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT did not make any telephone calls relevant to this action and, to CWT's knowledge, VVT did not use an ATDS or Autodialer to make any telephone calls relevant to this action. Further, to CWT's knowledge, VVT's telephone calls did not use artificial or prerecorded voice messages in violation of the TCPA to make any telephone calls relevant to this action. By responding to the document request, CWT does not agree with the characterization in the document request or make any such admission, and expressly denies that any telephone calls used an artificial or prerecorded voice message. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

17.    Documents sufficient to demonstrate that Defendant operated an Autodialer in Illinois during the Relevant Period.

**Response:**

Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession because CWT did not make any telephone calls relevant to this action.

18.    All documents that identify (by name, address, email and telephone number) any individual called by Defendant using an Autodialer in Illinois during the Relevant Period.

**Response:**

Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession because CWT did not make any telephone calls relevant to this action.

19.    Documents sufficient to demonstrate whether each Autodialer in Illinois used by Defendant during the Relevant Period dialed numbers in increasing or decreasing integers.

**Response:**

Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession because CWT did not make any telephone calls relevant to this action.

20.    Documents sufficient to identify the hours during which each Autodialer in Illinois was used by Defendant during the Relevant Period to place telephone calls.

**Response:**

14

Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession because CWT did not make any telephone calls relevant to this action.

21. Documents sufficient to demonstrate whether the operation of any Autodialer in Illinois used by Defendant during the Relevant Period impeded the function of any caller ID of a Subscriber.

**Response:**

Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession because CWT did not make any telephone calls relevant to this action.

22. Documents sufficient to identify (by telephone number, date and time) all telephone calls made by any Autodialer in Illinois used by Defendant during the Relevant Period that were in response to an express request of a Subscriber.

**Response:**

Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession because CWT did not make any telephone calls relevant to this action.

23. Documents sufficient to identify (by telephone number, date and time) all calls made by any Autodialer in Illinois used by Defendant during the Relevant Period to any Subscriber with whom Defendant has a prior or existing business relationship.

**Response:**

15

Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession because CWT did not make any telephone calls relevant to this action.

24.     All Documents evidencing the express consent of a Subscriber to receive calls made through any Autodialer in Illinois used by Defendant during the Relevant Period that play a prerecorded message.

**Response:**

Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession because CWT did not make any telephone calls relevant to this action.

25.     Documents sufficient to identify all Telemarketers or Lead Generators that operated an Autodialer in Illinois during the Relevant Period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint.  CWT further objects to the document request as vague, ambiguous, and unintelligible as to "all Telemarketers or Lead Generators that operated an Autodialer in Illinois," particularly when there is no connection to a telephone call.

26.     All documents that identify (by name, address, email and telephone number) any individual called by Telemarketers or Lead Generators on behalf of Defendant using an Autodialer in Illinois during the Relevant Period.

**Response:**

16

To CWT's knowledge, VVT did not use an Autodialer to make any telephone calls relevant to this action. Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

27. Documents sufficient to demonstrate whether each Autodialer in Illinois used by a Telemarketer or by a Lead Generator during the Relevant Period was set to dial numbers in increasing or decreasing integers.

**Response:**

To CWT's knowledge, VVT did not use an Autodialer to make any telephone calls relevant to this action. Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

28. Documents sufficient to identify the hours during which each Autodialer in Illinois was used by Telemarketers or Lead Generators during the Relevant Period to provide Telemarketing Services to Defendant.

**Response:**

To CWT's knowledge, VVT did not use an Autodialer to make any telephone calls relevant to this action. Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

29. Documents sufficient to demonstrate whether the operation of any Autodialer in Illinois used by Telemarketers or Lead Generators during the Relevant Period impeded the function of any caller ID of a Subscriber.

17

**Response:**

Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

30. Documents sufficient to identify (by telephone number, date and time) all calls made on behalf of Defendant through any Autodialer in Illinois used by Telemarketers or Lead Generators during the Relevant Period that were in response to an express request of a Subscriber.

**Response:**

To CWT's knowledge, VVT did not use an Autodialer to make any telephone calls relevant to this action. Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

31. Documents sufficient to identify (by telephone number, date and time) all calls made on behalf of Defendant through any Audtodialer in Illinois used by Telemarketers or Lead Generators during the Relevant Period to any Subscriber with whom Telemarketer or Defendant has a prior or existing business relationship.

**Response:**

To CWT's knowledge, VVT did not use an Autodialer to make any telephone calls relevant to this action. Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

32. All Documents evidencing the express consent of a Subscriber to receive calls playing a recorded message that were made through an Autodialer in Illinois used by Telemarketers or Lead Generators on behalf of Defendant during the Relevant Period.

**Response:**

To CWT's knowledge, VVT did not use an Autodialer to make any telephone calls relevant to this action. Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

33. All communications between Defendant and any other individual or entity regarding the use of an Autodialer during the relevant period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT did not make any telephone calls relevant to this action and, to CWT's knowledge, VVT did not use an Autodialer to make any telephone calls relevant to this action. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

34. All applications for telemarketing licenses (a) by and for Defendant, (b) by Defendant on behalf of any Telemarketer or Lead Generator, or (c) by any Telemarketer or Lead Generator, that were either filed during the Relevant Period or filed before the Relevant Period for use during the Relevant Period.

**Response:**

19

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT did not make any telephone calls relevant to this action and, to CWT's knowledge, VVT's telephone calls relevant to this action were not in violation of the TCPA.

35.     All telemarketing scripts and other telemarketing materials used, created, reviewed or edited by Defendant for use by Defendant, or by any Telemarketer or Lead Generator, during the Relevant Period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT did not make any telephone calls relevant to this action and, to CWT's knowledge, VVT's telephone calls relevant to this action were not in violation of the TCPA. Subject to and without waiver of the foregoing specific and general objections, CWT responds that it will produce documents within its custody, control, or possession, if any, responsive to this request.

36.     All documents referring to complaints from consumers regarding the use of an ATDS, Autodialer or artificial or prerecorded message by Defendant, or by a Telemarketer or Lead Generator, during the Relevant Period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT did not make

any telephone calls relevant to this action and, to CWT's knowledge, VVT's telephone calls relevant to this action were not in violation of the TCPA. CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

37. All documents concerning any system that receives, logs and/or tracks complaints regarding telemarketing by Defendant, or by any Telemarketer or Lead Generator, that was in use by Defendant during the Relevant Period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

38.     All Do Not Call lists, whether Federal, State, or internal to Defendant, or from any Telemarketer or Lead Generator, that were in effect during the Relevant Time and are in possession of Defendant.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

39.     All documents relating to the maintenance of a Do Not Call list by Defendant, or by any Telemarketer or Lead Generator, during the Relevant Period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

22

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

40.    All documents or communications relating to or referencing Do Not Call lists, whether Federal, State, or internal to Defendant, or from any Telemarketer or Lead Generator, that were in effect during the Relevant Time.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to the document request as vague, ambiguous, and unintelligible. CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

41.    All documents or communications relating to or referencing requests by consumers during the Relevant Period to be placed on a Do Not Call list.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to the document request as vague, ambiguous, and unintelligible. CWT further objects to

the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

42.    All documents or communications relating to or referencing consumers that advised Defendant, or any Telemarketer or Lead Generator acting on behalf of Defendant, that he/she was already listed on a Do Not Call list.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint.  CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

43.    All documents or communications exchanged between Defendant and any Telemarketer or Lead Generator acting on behalf of Defendant regarding Do Not Call lists. relating to or referencing consumers that have asked not to be contacted by or on behalf of Defendant during the Relevant Period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

44.    All documents evidencing purchases of any Do Not Call list by Defendant, or by any Telemarketer or Lead Generator, during the Relevant Period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

45.     All documents received by or sent to any federal or state governmental agency regarding Defendant's telemarketing or lead generation practices during the Relevant Period.

      **Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

46.     All documents received by or sent to any federal or state governmental agency regarding (a) any Telemarketer's Telemarketing Services and (b) any Lead Generator's Lead Generation Services during the Relevant Period.

      **Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

47.    All legal complaints filed against Defendant regarding its telemarketing or lead generation practices during the Relevant Period, as well any dispositive motion briefing and orders related thereto, and any deposition testimony given by Defendant, its employees or agents, or Telemarketers and Lead Generators, in the litigation.

**Response:**

In addition to the general objections, CWT objects to the document request because such information is publicly available to the Plaintiffs.  CWT further objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint.  CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

48.    All legal complaints filed against (a) any Telemarketer regarding its Telemarketing Services and (b) any Lead Generator regarding its Lead Generation Services during the Relevant Period, as well any dispositive motion briefing and orders related thereto, and any deposition testimony given by Defendant, its employees or agents, or Telemarketers and Lead Generators, in the litigation.

**Response:**

27

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint, and unlimited in time. CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

49.     Any deposition given in any case by Defendant, its employees, its agents, or Telemarketers or Lead Generators, regarding Defendant's telemarketing and lead generation activities, including violations of the TCPA and/or the ATDA, during the Relevant Period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

50.     All documents concerning Defendant's policies and procedures for complying with the TCPA and/or the ATDA that were in effect during the Relevant Period, including training manuals, policy manuals, communications, and audits.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT did not make any telephone calls relevant to this action. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

51.     All documents regarding any due diligence activities by Defendant during the Relevant Period to ensure that all Telemarketers and Lead Generators complied with Defendant's policies and procedures regarding the TCPA and/or the ATDA.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. Further, CWT objects to this document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. To CWT's knowledge, VVT's telephone calls relevant to this action were not in violation of the TCPA or the ATDA. Subject to and without waiver of the foregoing specific and general objections, CWT responds that it will produce documents within its custody, control, or possession, if any, responsive to this request.

52.     All documents evidencing compliance with the TCPA and/or the ATDA during the Relevant Period by Defendant or any Telemarketer or Lead Generator engaged by Defendant.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the  telephone calls alleged in the operative complaint.  Further, CWT objects to this document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  CWT did not make any telephone calls relevant to this action and, to CWT's knowledge, VVT's telephone calls relevant to this action were not in violation of the TCPA or the ATDA.

53.     All documents regarding any internal investigation by Defendant into complaints during the Relevant Period regarding Defendant's telemarketing practices, the Telemarketing Practices of any Telemarketer engaged by Defendant or the Lead Generation Practices of any Lead Generator engaged by Defendant.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint.  Further, CWT objects to this document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  CWT did not make any telephone calls relevant to this action and, to CWT's

knowledge, VVT's telephone calls relevant to this action were not in violation of the TCPA or the ATDA.

54.     Documents sufficient to show the types of information or data retained by Defendant in its customer database.

     **Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to the document request as vague, ambiguous, and unintelligible.

55.     Documents sufficient to show the types of information or data retained by Defendant regarding any individuals who were telephonically solicited by Defendant, or by any Telemarketer or Lead Generator engaged by Defendant, during the Relevant Period, who did not wish to become customers of Defendant.

     **Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT did not make any telephone calls relevant to this action. Subject to and without waiver of the foregoing specific and general objections, CWT responds that it will produce documents within its custody, control, or possession, if any, responsive to this request.

56.     All documents reflecting the identity of members of the proposed class in the Complaint.

     **Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to the document request as vague, ambiguous, and unintelligible.

57. All documents evidencing any phone number used by Defendant, or by any Telemarketer or Lead Generator acting on behalf of Defendant, to telephonically solicit customers during the Relevant Period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT did not make any telephone calls relevant to this action. CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

58. All documents evidencing any phone numbers called by Defendant, or by any Telemarketer or Lead Generator acting on behalf of Defendant, to telephonically solicit customers during the Relevant Period.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT did not make any telephone calls relevant to this action. CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

59.     Organizational charts and employee lists that identify all persons with responsibility for telemarketing or lead generation on behalf of Defendant during the Relevant Period.

**Response:**

Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

60.     All statements, admissions or communications by Defendant or Defendant's employees or agents regarding telemarketing or lead generation activities during the Relevant Period that violated the TCPA or the ATDA.

**Response:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to this document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. CWT further objects to the term "agents," which is undefined and a legal conclusion and a term that CWT does not deem to apply to any third-party that would be relevant to the claims or defenses in this action. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

61. Copies of all record retention and/or destruction policies, including for hard copy documents and electronically stored information, in effect during the Relevant Period.

**Response:**

None.

62. All insurance policies that may apply to the claims alleged in Plaintiffs' Complaint, and any documents relating to coverage for such claims.

**Response:**

None.

63. All documents supporting or refuting any defense or affirmative defense that Defendant intends to raise in this litigation.

**Response:**

Subject to and without waiver of the foregoing general objections, CWT responds that it will produce documents within its custody, control, or possession, if any, responsive to this request.

64.     Any contracts, agreements or other documents relevant to the claims in the Complaint that contain a class action bar or waiver.

**Response:**

None.

65.     Any contracts, agreements or other documents relevant to this litigation that require arbitration of the claims in the Complaint.

**Response:**

None.

66.     All documents used by Defendant or its counsel in preparing Defendant's answer and affirmative defenses.

**Response:**

Subject to and without waiver of the foregoing general objections, CWT responds that it will produce documents within its custody, control, or possession, if any, responsive to this request.

67.     Any legal hold or litigation notice(s) issued by Defendant in connection with this litigation, and documents sufficient to identify:   (a) all persons or entities receiving such notice(s) or modification thereof; (b) the date of the notice(s) or modification thereof was issued; (c) the date of any release from such notice(s); and (d) the dates of any reissuance of any such notice(s) and to whom the reissuance was addressed.

**Response:**

Subject to and without waiver of the foregoing general objections, CWT responds that it will produce documents within its custody, control, or possession, if any, responsive to this request.

68.     Documents sufficient to identify all electronic communication systems in use during the Relevant Period by Defendant, including any electronic mail system, text messaging system, group discussion system, "wiki" system or any other electronic system used to communicate between, among, to or from Defendant's employees, vendors, temporary employees, Telemarketers retained by Defendant, or any other person or entity.

**Response:**

Subject to and without waiver of the foregoing general objections, CWT responds that it will produce documents within its custody, control, or possession, if any, responsive to this request.

69.     Produce, for each person you may call as an expert witness, documents responsive to the requirements of Fed. R. Civ. P. 26(a)(2)(B)-(C) (relating to expert reports) and 26(b)(4)(C)(i-iii) (relating to communications regarding expert reports).

**Response:**

Subject to and without waiver of the foregoing general objections, CWT responds that it will produce documents within its custody, control, or possession, if any, responsive to this request.

70.     All documents Defendant received or receives from non-parties in response to subpoenas, informal discovery requests or other means in preparation for or connection with this litigation.

**Response:**

Subject to and without waiver of the foregoing general objections, CWT responds that it will produce documents within its custody, control, or possession, if any, responsive to this request.

Dated:  October 31, 2016                    GREENSPOON MARDER, P.A.

                                            */s/ Jeffrey A. Backman*
                                            RICHARD W. EPSTEIN
                                            Florida Bar No. 229091
                                            richard.epstein@gmlaw.com
                                            JEFFREY A. BACKMAN
                                            Florida Bar No. 662501
                                            jeffrey.backman@gmlaw.com
                                            Greenspoon Marder, P.A.
                                            200 East Broward Blvd., Suite 1800
                                            Fort Lauderdale, FL  33301
                                            Tel:  (954) 491-1120; Fax: (954) 213-0140

                                            -and-

                                            Timothy Hudson, Esq.
                                            Tabet DiVito & Rothstein LLC
                                            The Rookery Building
                                            209 South LaSalle St., Suite 700
                                            Chicago, IL 60604
                                            (312)762-9450; (312)762-9451-fx
                                            thudson@tdrlawfirm.com

                                            *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2016, a true and correct copy of Defendant's Response to Plaintiffs' First Set of Request for Production of Documents was served upon counsel identified below via electronic mail and U.S. Mail:

Jeffrey Grant Brown, Esq.
Jeffrey Grant Brown, P.C.
221 North LaSalle St., Suite 1414
Chicago, IL 60601
(312)789-9700, Ext 1; (312)789-9702-fx
jeff@jgbrownlaw.com
*Counsel for Plaintiffs and the Proposed Class*

Robert Ahdoot, Esq.
Tina Wolfson, Esq.
Ahdoot & Wolfson, PC
1016 Palm Avenue
West Hollywood, CA 90069
(310)474-9111
rahdoot@ahdootwolfson.com
twolfson@ahdootwolfson.com
*Counsel for Plaintiffs and the Proposed Class*

Joseph J. Siprut, Esq.
Richard S. Wilson, Esq.
Richard L. Miller, II, Esq.
Ke Liu, Esq.
Siprut PC
17 N. State Street, Suite 1600
Chicago, IL 60602
(312)236-0000
jsiprut@siprut.com
isalam@siprut.com
kliu@siprut.com
*Counsel for Plaintiffs and the Proposed Class*

Katrina Carroll, Esq. (NOA-7.13.16)
Kyle Alan Shamberg, Esq.(NOA-11/9/15)
Lite DePalma Greenberg LLC
211 W. Wacker Drive, Suite 500
Chicago, IL 60606
(312)750-1265; (973)877-3845-fx
(312)750-1592-Kyle Shamberg
kcarroll@litedepalma.com
kshamberg@litedepalma.com
*Counsel for Plaintiffs and the Proposed Class*


*/s/ Jeffrey A. Backman*
JEFFREY A. BACKMAN