# EXHIBIT C

1 GREENSPOON MARDER, P.A.
   RICHARD EPSTEIN (admitted *pro hac vice*)
2  Richard.Epstein@gmlaw.com
3  JEFFREY BACKMAN (admitted *pro hac vice*)
   Jeffrey.Backman@gmlaw.com
4  ROY TAUB (admitted *pro hac vice*)
   Roy.Taub@gmlaw.com
5  200 East Broward Blvd., Suite 1800
   Fort Lauderdale, FL 33301
6  Telephone:   (954) 491-1120
7  Facsimile:    (954) 333-4211

8  MANATT, PHELPS & PHILLIPS, LLP
   CHRISTINE M. REILLY (SBN 226388)
9  11355 W. Olympic Boulevard
   Los Angeles, CA 90064
10 Tel:  (310) 312-4237
11 Fax:  (310) 996-7037
   E-mail:  creilly@manatt.com
12
13 *Attorneys for Defendant*
   *Consolidated World Travel, Inc.*
14
15                 UNITED STATES DISTRICT COURT

16                 EASTERN DISTRICT OF CALIFORNIA

17 | KINAYA HEWLETT, MAYRA GARCIA, | Case No. 2:16-cv-00713-WBS-AC |
   | and ZACHARY WERLHOF, on Behalf of | |
18 | Themselves and all Others Similarly Situated, | **DEFENDANT CONSOLIDATED WORLD** |
   | | **TRAVEL, INC.'S RESPONSES AND** |
19 | Plaintiffs, | **OBJECTIONS TO PLAINTIFF'S** |
   | | **SECOND REQUEST FOR PRODUCTION** |
20 | v. | **OF DOCUMENTS** |
21 | CONSOLIDATED WORLD TRAVEL, INC. | Hon. William B. Shubb |
   | d/b/a HOLIDAY CRUISE LINE, | |
22 | | |
23 | Defendant. | |

24

25

26

27

28

1    Defendant, Consolidated World Travel, Inc., pursuant to Rule 34 of the Federal Rules of Civil

2  Procedure, hereby serves its Responses and Objections to Plaintiff's Second Request for Production of

3  Documents dated November 3, 2016 and states as follows:

4                              **GENERAL OBJECTIONS**

5        1.      CWT objects to each instruction, definition, and document request to the extent that it

6  purports to impose any requirement or discovery obligation greater than or different from those under

7  the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

8        2.      CWT objects to each document request that is overly broad, unduly burdensome, not

9  reasonably calculated to lead to the discovery of admissible evidence, or not relevant to any party's

10 claim or defense and proportional to the needs of the case, considering the importance of the issues at

11 stake in the action, the amount in controversy, the parties' relative access to relevant information, the

12 parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

13 expense of the proposed discovery outweighs its likely benefit.  CWT therefore objects to each

14 document request that is not limited to and is far beyond the scope of the pleadings or the issues raised

15 therein, namely the  telephone calls alleged in the operative complaint.

16       3.      CWT objects to each document request to the extent that it seeks documents protected

17 from disclosure by the attorney-client privilege, attorney work product doctrine, or any other

18 applicable privilege.

19       4.      CWT objects to the definition of "DOCUMENT" or "DOCUMENTS" to the extent

20 that it purports to impose obligations greater than those set forth in the Federal Rules of Civil

21 Procedure.

22       5.      CWT objects to the definition of "YOU" as overbroad and unduly burdensome to the

23 extent it attempts to extend the scope of the document requests to any person other than CWT.  CWT

24 further objects to the definition of "YOU" to the extent it seeks to apply to information not within the

25 knowledge of CWT or documents not within the custody, control, or possession of CWT.   CWT

26 further objects to the definition of "YOU" as including the term "agent," which is undefined and a

27

28

1    legal conclusion that CWT does not deem to apply to any third-party that would be relevant to the

2    claims or defenses in this action.

3        6.    CWT objects to each document request to the extent it seeks documents not within the

4    custody, control, or possession of CWT, or that are more readily or are uniquely obtainable from third

5    parties.

6        7.    CWT objects to each document request to the extent it seeks the production of

7    confidential or sensitive business information.  CWT refuses to produce any such information until

8    entry of a protective order of confidentiality.

9        8.    CWT incorporates by reference every general objection set forth above into each

10   specific response set forth below. A specific response may repeat a general objection for emphasis or

11   some other reason. The failure to include any general objection in any specific response does not waive

12   any general objection to that document request.

13       9.    Any production of documents responsive to a discovery request, subject to CWT's

14   general and specific objections thereto, will be made at a reasonable and mutually convenient time and

15   place, but no later than 30 days from the date these Responses are being served.

16   **SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

17   **DOCUMENT REQUEST NO. 50:**

18       ALL COMMUNICATIONS with Virtual Voice Technologies Pvt. Ltd. ("VVT") concerning

19   Holiday Cruise Line.

20   **RESPONSE TO DOCUMENT REQUEST NO. 50:**

21       In addition to the general objections, CWT objects to the document request as overbroad,

22   unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised

23   therein, namely the telephone calls alleged in the operative complaint.  Subject to and without waiver

24   of the foregoing specific and general objections, CWT responds that it will produce documents within

25   its custody, control, or possession, if any, responsive to this request.

26   **DOCUMENT REQUEST NO. 51:**

27       DOCUMENTS sufficient to show ALL payments YOU made to VVT.

28

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

In addition to the general objections, CWT objects to the document request as overbroad, unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the  telephone calls alleged in the operative complaint.  CWT further objects to the document request as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Documents showing payments made to VVT are plainly irrelevant.

**DOCUMENT REQUEST NO. 52:**

DOCUMENTS sufficient to show the number of calls VVT made for the Holiday Cruise Line campaign.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

In addition to the general objections, CWT objects to the document request as duplicative of prior document requests.  CWT did not make any telephone calls relevant to this action.  Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

**DOCUMENT REQUEST NO. 53:**

DOCUMENTS sufficient to show the number of man-hours VVT spent on making calls to sell cruises for Holiday Cruise Line.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Subject to and without waiver of the foregoing general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

**DOCUMENT REQUEST NO. 54**

ALL DOCUMENTS relating to and/or regarding YOUR corporate structure which set forth YOUR entities, subsidiaries or other departments engaged in selling cruises for Holiday Cruise Line.

1    **RESPONSE TO DOCUMENT REQUEST NO. 54:**

2        In addition to the general objections, CWT objects to the document request as not limited to

3    and far beyond the scope of the pleadings or the issues raised therein, namely the  telephone calls

4    alleged in the operative complaint.   CWT further objects to the terms "corporate structure" and

5    "entities" as vague and ambiguous.   CWT further objects to the document request as vague and

6    ambiguous with respect to seeking documents that "set forth YOUR entities, subsidiaries or other

7    departments engaged in selling cruises."  CWT further objects to this document request to the extent

8    that it seeks documents protected from disclosure by the attorney-client privilege, attorney work

9    product doctrine, or any other applicable privilege.  Subject to and without waiver of the foregoing

10   specific and general objections, CWT responds that it will produce documents within its custody,

11   control, or possession, if any, responsive to this request.

12   **DOCUMENT REQUEST NO. 55:**

13       DOCUMENTS sufficient to show all of YOUR shareholders and their proportions of

14   ownership.

15   **RESPONSE TO DOCUMENT REQUEST NO. 55:**

16       In addition to the general objections, CWT objects to the document request as not limited to

17   and far beyond the scope of the pleadings or the issues raised therein, namely the  telephone calls

18   alleged in the operative complaint.  CWT further objects to the document request as not reasonably

19   calculated to lead to the discovery of admissible evidence and not relevant to any party's claim or

20   defense and proportional to the needs of the case, considering the importance of the issues at stake in

21   the action, the amount in controversy, the parties' relative access to relevant information, the parties'

22   resources, the importance of the discovery in resolving the issues, and whether the burden or expense

23   of the proposed discovery outweighs its likely benefit.

24   **DOCUMENT REQUEST NO.  56:**

25       A copy of YOUR certificate of incorporation and by-laws.

26

27

28

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

In addition to the general objections, CWT objects to the document request as not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to the document request to the extent it seeks documents that are publicly available, and refers Plaintiff to the website for the Division of Corporations for the Florida Department of State for a copy of CWT's Articles of Incorporation. With respect to the request for CWT's by-laws, subject to and without waiver of the foregoing specific and general objections, CWT responds that it will produce a copy of its bylaws.

**DOCUMENT REQUEST NO. 57:**

DOCUMENTS sufficient to show dates for all corporate board meetings and the minutes thereof.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

In addition to the general objections, CWT objects to the document request as not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

**DOCUMENT REQUEST NO. 58:**

DOCUMENTS sufficient to IDENTIFY all of YOUR board members and/or directors.

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

In addition to the general objections, CWT objects to the document request as not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to the document request to the extent it seeks documents that are publicly available, and refers Plaintiff to the website for the Division of Corporations for the Florida Department of State.

**DOCUMENT REQUEST NO. 59:**

ALL DOCUMENTS showing dividends YOU paid to YOUR shareholders.

1  **RESPONSE TO DOCUMENT REQUEST NO. 59:**

2      In addition to the general objections, CWT objects to the document request as not limited to

3  and far beyond the scope of the pleadings or the issues raised therein, namely the  telephone calls

4  alleged in the operative complaint.  Subject to and without waiver of the foregoing specific and general

5  objections, CWT responds that there are no documents responsive to this document request in CWT's

6  custody, control, or possession.

7  **DOCUMENT REQUEST NO. 60:**

8      ALL DOCUMENTS showing loans YOU made to YOUR shareholders or directors.

9  **RESPONSE TO DOCUMENT REQUEST NO. 60:**

10      In addition to the general objections, CWT objects to the document request as not limited to

11  and far beyond the scope of the pleadings or the issues raised therein, namely the  telephone calls

12  alleged in the operative complaint.  Subject to and without waiver of the foregoing specific and general

13  objections, CWT responds that there are no documents responsive to this document request in CWT's

14  custody, control, or possession.

15  **DOCUMENT REQUEST NO. 61:**

16      ALL DOCUMENTS concerning the technology used by VVT when calling Class members,

17  including but not limited to, any "virtual" or artificial voice technology.

18  **RESPONSE TO DOCUMENT REQUEST NO. 61:**

19      In addition to the general objections, CWT objects to the document request as overbroad,

20  unduly burdensome, and vague and ambiguous with respect to the meaning of "documents concerning

21  the technology used by VVT when calling . . . ."  CWT further objects to the document request to the

22  extent it is duplicative of prior document requests, in particular Document Request No. 28, and CWT

23  incorporates by reference its responses and objections thereto as if stated herein.

24  **DOCUMENT REQUEST NO. 62:**

25      DOCUMENTS sufficient to identify the technology used to transfer calls from VVT to your

26  call center.

27

28

DEF. CONSOLIDATED WORLD TRAVEL, INC.'S
RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION          CASE NO. 2:16-CV-00713-WBS-AC

6

28433906:1 20581:0312

**RESPONSE TO DOCUMENT REQUEST NO. 62:**

In addition to the general objections, CWT objects to the document request as vague and ambiguous with respect to "technology used to transfer calls." Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

**DOCUMENT REQUEST NO. 63:**

ALL DOCUMENTS concerning YOUR decision to cease operating as an active entity.

**RESPONSE TO DOCUMENT REQUEST NO. 63:**

In addition to the general objections, CWT objects to the document request as not limited to and far beyond the scope of the pleadings or the issues raised therein, namely the telephone calls alleged in the operative complaint. CWT further objects to this document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Subject to and without waiver of the foregoing specific and general objections, CWT responds that there are no documents responsive to this document request in CWT's custody, control, or possession.

**DOCUMENT REQUEST NO. 64:**

ALL DOCUMENTS produced by YOU in any other TCPA action against YOU concerning Holiday Cruise Line within the CLASS PERIOD, including but not limited to *Becerra v. Consol. World Travel, Inc.,* No. 2:16-cv-00837 (D. Nev.); *Kahler v. Consol. World Travel, Inc.,* No. 5:15-cv-02271 (N.D. Ohio); *N.Y. State Catholic Health Plan, Inc. v. Consol. World Travel,* No. 1:15-cv-02664 (E.D.N.Y.); *Brosnan v. Consol. World Travel Inc.,* No. 3:15-mc-80131 (N.D. Cal.); *Herrera v. Consol. World Travel, Inc.,* No. 1:15-04030 (N.D. Ill.); *Bakov v. Consol. World Travel, Inc.,* No. 1:15-cv-02980 (N.D. Ill); *Widerhold v. Consol. World Travel, Inc.,* No. 2:15-cv-00828 (C.D. Cal.); *Moran v. Conosol. World Travel, Inc.,* No. 0:15-cv-60482 (S.D. Fla.). DOCUMENTS shall become responsive to this request as they are produced going forward.

1    **RESPONSE TO DOCUMENT REQUEST NO. 64:**

2          In addition to the general objections, CWT objects to the document request as overbroad,

3  unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised

4  therein, namely the  telephone calls alleged in the operative complaint.  CWT further objects to the

5  document request as not reasonably calculated to lead to the discovery of admissible evidence and not

6  relevant to any party's claim or defense and proportional to the needs of the case, considering the

7  importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

8  relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

9  whether the burden or expense of the proposed discovery outweighs its likely benefit.

10  **DOCUMENT REQUEST NO. 65:**

11        ALL COMMUNICATIONS between YOU and anyone, including but not limited to VVT,

12  CONCERNING this case or the related actions referenced in Request No. 64.

13  **RESPONSE TO DOCUMENT REQUEST NO. 65:**

14        In addition to the general objections, CWT objects to the document request as overbroad,

15  unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised

16  therein, namely the  telephone calls alleged in the operative complaint.  CWT further objects to this

17  document request to the extent that it seeks documents protected from disclosure by the attorney-client

18  privilege, attorney work product doctrine, or any other applicable privilege.  CWT further objects to

19  the document request as not reasonably calculated to lead to the discovery of admissible evidence and

20  not relevant to any party's claim or defense and proportional to the needs of the case, considering the

21  importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

22  relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

23  whether the burden or expense of the proposed discovery outweighs its likely benefit.

24  Communications between CWT and anyone else regarding other actions, without any connection

25  whatsoever to Plaintiff's telephone calls, are plainly irrelevant.  With respect to communications

26  between CWT and anyone else concerning this action, subject to and without waiver of the foregoing

27  general objections, CWT responds that, with the exception of documents already produced, there are

28

1  no non-privileged documents responsive to this document request in CWT's custody, control, or

2  possession.

3  **DOCUMENT REQUEST NO. 66:**

4      ALL COMMUNICATIONS between YOU and the call center's telephone service provider

5  referenced in YOUR response to Plaintiff's Interrogatory No. 5.

6  **RESPONSE TO DOCUMENT REQUEST NO. 66:**

7      In addition to the general objections, CWT objects to the document request as overbroad,

8  unduly burdensome, and not limited to and far beyond the scope of the pleadings or the issues raised

9  therein, namely the  telephone calls alleged in the operative complaint.  CWT further objects to the

10 document request as not reasonably calculated to lead to the discovery of admissible evidence and not

11 relevant to any party's claim or defense and proportional to the needs of the case, considering the

12 importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

13 relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

14 whether the burden or expense of the proposed discovery outweighs its likely benefit.

15 Communications between CWT and the telephone service provider referred to above, without any

16 connection whatsoever to Plaintiff's telephone calls, are plainly irrelevant.

17 **DOCUMENT REQUEST NO. 67:**

18     DOCUMENTS sufficient to show the telephone numbers of ALL calls transferred to YOUR

19 call center from VVT.

20 **RESPONSE TO DOCUMENT REQUEST NO. 67:**

21     In addition to the general objections, CWT objects to the document request as unduly

22 burdensome and duplicative of prior document requests.  CWT further objects to the document request

23 as the information is available from third parties, either VVT or the referenced telephone service

24 provider, either of which can provide the requested information without incurring the undue burdens

25 that would apply to CWT.  As counsel for CWT has already explained, for CWT to produce this

26 information it would have to review thousands of documents and expend significant time and resources

27 to provide the requested information.  CWT understands that the information is available from the

28

DEF. CONSOLIDATED WORLD TRAVEL, INC.'S
RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION      CASE NO. 2:16-CV-00713-WBS-AC

28433906:1 20581:0312

1  telephone service provider, if not also VVT.  CWT offered to provide to Plaintiff all of the "point to"

2  numbers that would identify when calls were transferred from VVT to the call centers, and with that

3  information Plaintiff could request, with CWT's consent, the telephone numbers of all calls transferred

4  to CWT's call centers from VVT.    Plaintiff has yet to respond.

5

6  Dated:      December 5, 2016                    GREENSPOON MARDER, P.A.

7                                                 /s/  *Jeffrey A. Backman*
                                                   Richard W. Epstein
8                                                 (Admitted *Pro Hac Vice*)
                                                   Richard.Epstein@gmlaw.com
9                                                 Jeffrey A. Backman
                                                   (Admitted *Pro Hac Vice*)
10                                                Jeffrey.Backman@gmlaw.com
                                                   Roy Taub
11                                                (Admitted *Pro Hac Vice*)
                                                   Roy.Taub@gmlaw.com
12                                                200 East Broward Blvd., Suite 1800
                                                   Fort Lauderdale, FL  33301
13                                                Tel:  (954) 491-1120
                                                   Fax: (954) 333-4211
14

15

16                                                MANATT, PHELPS & PHILLIPS, LLP
                                                   Christine M. Reilly (SBN 226388)
17                                                11355 W. Olympic Boulevard
                                                   Los Angeles, CA 90064
18                                                Tel:  (310) 312-4237
                                                   Fax:  (310) 996-7037
19                                                E-mail:  creilly@manatt.com

20
                                                   *Attorneys for Defendant*
21                                                *Consolidated World Travel, Inc.*

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of Defendant Consolidated World Travel,

Inc.'s Responses and Objections to Plaintiff's Second Request for Production of Documents was

furnished via electronic mail this 5th day of December 2016 to:

**SERVICE LIST**

BURSOR AND FISHER P.A.
L. Timothy Fisher
Annick Marie Persinger
Yeremey O. Krivoshey
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
ltfisher@bursor.com
apersinger@bursor.com
ykrivoshey@bursor.com

Scott A. Bursor
Yitzchak Kopel
888 Seventh Avenue
New York, NY 10019
scott@bursor.com
ykopel@bursor.com

*Attorneys for Plaintiffs*

　　　　　　　　　　　　　　　　　*/s/ Jeffrey A. Backman*
　　　　　　　　　　　　　　　　　Jeffrey A. Backman

---

DEF. CONSOLIDATED WORLD TRAVEL, INC.'S
RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION　　　　CASE NO. 2:16-CV-00713-WBS-AC

28433906:1 20581:0312