# EXHIBIT D

# GreenspoonMarder

Jeffrey A. Backman, Esq.
PNC Building
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Phone: 954.491.1120
Fax: 954.771.9264
Direct Phone: 954.734.1853
Direct Fax: 954.213.0140
Email: jeffrey.backman@gmlaw.com

January 17, 2017

**Via E-mail**

Mindee J. Reuben, Esq.
Lite DePalma Greenberg
1835 Market Street, Suite 2700
Philadelphia, PA 19103
MReuben@litedepalma.com

Re:   Meet and Confer Teleconference on November 22, 2016
      ***Bakov v. Consolidated World Travel, Inc. d/b/a Holiday Cruise Line***
      Case No. 1:15-cv-02980

Dear Mindee:

We write in response to your letter dated December 21, 2016 regarding Consolidated World Travel, Inc. d/b/a Holiday Cruise Line's ("CWT") Rule 26 disclosures and responses to Plaintiffs' first set of requests for production.

## RULE 26 DISCLOSURES

You state that CWT's Rule 26 disclosures offered "generic identification of documents" and "requested a more fulsome response." In response, we advised that the documentation to be produced November 30, 2016 would provide the documentation which CWT referenced in its Rule 26 Disclosures. As I am sure you are aware, Rule 26 allows for the description of documents. Regardless, in light of CWT's document production to Plaintiffs on November 30, 2016, CWT will not be amending its Rule 26 Disclosures. As for your request for "clarification of the connection between CWT and" certain "entities/individuals," we do not understand the meet and confer process to be a vehicle for obtaining discoverable information.

Boca Raton | Denver | Ft. Lauderdale | Las Vegas | Miami | Miami Beach | Naples | Nashville
New York | Orlando | Port St. Lucie | San Diego | Tallahassee | Tampa | West Palm Beach

In New York, Greenspoon Marder, P.A. practices under the name Greenspoon Marder, P.A. P.C.
In California, Greenspoon Marder LLP practices using the fictitious name and trademark Greenspoon Marder under license from Greenspoon Marder, P.A.

Mindee J. Reuben, Esq.
January 17, 2017
Page No. 2

## REQUESTS FOR PRODUCTION

### Status of Business

As discussed in the teleconference, CWT ceased outbound telemarketing operations on March 20, 2016.

### Search Parameters

CWT has no hard copy documents responsive to Plaintiffs' requests. CWT is in the process of confirming whether private e-mail addresses were used by CWT employees to communicate regarding business. The time period searched by CWT is December 29, 2014 until March 20, 2016.

Plaintiffs requested the search terms utilized in CWT's search of its computers. That glosses over the unduly burdensome nature of what it appears Plaintiffs are requesting. Plaintiffs' claims concern calls made by Virtual Voice Technologies Pvt. Ltd. ("VVT"). CWT has responded to Plaintiffs' requests regarding VVT where possible, but given the limited nature of Plaintiffs' claims regarding a particular type of call made by a particular third-party, the burdens to be imposed upon CWT, CWT's lack of resources, and the greater availability of the requested information from other sources, Plaintiffs cannot expect CWT to comb through every potential piece of information in the hope of finding a potentially tangentially relevant document,

CWT's responses are appropriately limited to (1) the time period in which CWT was engaged in some form of outbound telemarketing and to (2) the particular campaign through which both Plaintiffs were found to have been contacted. CWT's records, which were produced to Plaintiffs on November 30, 2016, show that CWT received transfers of calls that fell within this time period and within the previously-identified VVT campaign.

### Specific RFPs

**RFP No. 1** (documents concerning Plaintiffs' cell numbers): CWT confirms, certainly as it relates to the VVT calls at issue, that it did not engage in telemarketing, either directly or through the retention of third parties acting on its behalf, before December 29, 2014.

**RFP No. 3** (agreements for Telemarketing or Lead Generation Services): As you know, CWT objects to the document requests to the extent they seek documents beyond the VVT campaign put at issue by Plaintiffs' claims. CWT's response remains accurate.

**RFP Nos. 4-5** (documents demonstrating type of Telemarketing or Lead Generation Services provided to CWT): As you know, CWT objects to the document requests to the extent they seek documents beyond the VVT campaign put at issue by Plaintiffs' claims.

Mindee J. Reuben, Esq.
January 17, 2017
Page No. 3

CWT's response remains accurate.

**RFP No. 9** (documents that identify individuals called by Defendant using ATDS or artificial or prerecorded voice messages): As you know, CWT objects to the document requests to the extent they seek documents beyond the VVT campaign put at issue by Plaintiffs' claims. CWT never called any consumers in connection with the VVT campaign.

**RFP No. 10** (documents that identify individuals called using ATDS or artificial or prerecorded voice messages by any Telemarketer or Lead Generator acting on Defendant's behalf): Calls made by VVT did not use an ATDS or an artificial or prerecorded voice message in violation of the TCPA. If that point of distinction is set aside (until the Court answers that question), CWT has documents that identify the telephone numbers of consumers who were called by VVT and then transferred to a CWT call center. These records number in the thousands, are incredibly voluminous, and producing them will require CWT to hire persons to review the records and identify the consumers called in connection with the VVT campaign. CWT objects to any such unduly burdensome undertaking. As an alternative, CWT proposes to provide to Plaintiffs a list of telephone numbers associated with VVT that can be used to identify calls transferred by VVT to a CWT call center. CWT can provide those telephone numbers and all other information necessary to subpoena the call center telephone carrier (Sprint) so that it can far more easily generate a report identifying the calls transferred via the VVT point-to numbers to CWT, as well as the telephone number of each transferred consumer called by VVT. This proposal provides Plaintiffs with a narrowed, cost-effective alternative to the costly and burdensome review CWT would have to undertake. Plaintiffs are also, of course, free to seek discovery from VVT for records of the telephone numbers that it called. CWT does not have that information.

**RFP No. 25** (documents sufficient to identify all telemarketers or lead generators that operated an Autodialer in Illinois): We have already told you repeatedly that, to the best of CWT's knowledge, VVT did not use an autodialer. You are free to pursue discovery from percipient witnesses into this area, but there is no need for an amended response.

**RFP No. 34** (applications for telemarketing licenses): We are at a loss as to how this would be relevant in any way to Plaintiffs' claims. Please advise.

**RFP Nos. 36-37** (complaints relating to telemarketing): It is certainly possible that a notation may exist somewhere in CWT's files that a consumer objected to a telephone call for one of the reasons listed in the requests. But as there was no complaint logging "system," it remains incredibly burdensome for CWT to sift through all of its documentation for the purpose of locating such documents when they have no relevance to Plaintiffs' ability to prove their claims in this case regarding the VVT campaign.

Mindee J. Reuben, Esq.
January 17, 2017
Page No. 4

**RFP Nos. 38-44** (Do Not Call lists): After review, CWT will not be revising its objections and responses to these requests. Plaintiffs do not allege a "do not call" violation under the TCPA, and CWT's affirmative defenses relating to consent are specific to the Plaintiffs.

**RFP Nos. 45-46** (documents received by or sent to Defendant regarding telemarketing and lead generation services): As you know, CWT objects to the document requests to the extent they seek documents beyond the VVT campaign put at issue by Plaintiffs' claims. CWT is not aware of any communications from a state or federal agency regarding the VVT campaign.

**RFP Nos. 47-49** (other similar litigation): After review, CWT will not be revising its objections to these requests.

**RFP No. 52** (compliance with the TCPA or ATDA): While the request remains unclear – how does one "evidenc[e] compliance"? – to the extent we can make sense of the request, CWT will provide a privilege log to Plaintiffs, and will supplement its production with additional documentation.

**RFP No. 53** (internal investigations into complaints): After review, CWT will not be revising its objections to these requests. It is still unclear what "internal investigation" means. It is possible, however, that information to be provided in response request no. 52 will also be responsive to this request.

**RFP No. 54** (categories of information in customer database): After review, CWT will not be revising its objections to this request. Please advise how the requested materials would be relevant to Plaintiffs' claims.

**RFP No. 56** (identity of class members in proposed class): Please see the discussion in response to RFP No. 10.

**RFP No. 58** (phone numbers called by Defendant): Please see the discussion in response to RFP No. 10.

        Very truly yours,

        GREENSPOON MARDER, P.A.

        /s/Jeffrey A. Backman

        Jeffrey A. Backman, Esq.