UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL BAKOV, JULIE HERRERA, and KINAYA HEWLETT, individually and on behalf of all others similarly situated, | : : : : : | |
| Plaintiffs, | : : : | Case No. 1:15-cv-02980 *Consolidated with* Case No. 1:17-cv-973 |
| v. | : : : | Hon. Harry D. Leinenweber Hon. Susan E. Cox |
| CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, a Florida corporation, | : : : : | |
| Defendant. | : | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION
TO CONTINUE THE MOTION FOR CLASS CERTIFICATION**

Defendant claim that Plaintiffs had "years" to build a record for class certification is a gross mischaracterization of the record. Def. Br. at 1, 4. As detailed in the timeline below, Plaintiffs have diligently pursued discovery since this Court denied Defendant's Rule 12(b)(6) motion to dismiss on August 4, 2016. *See Bakov v. Consol. Travel Holdings Grp., Inc.*, No. 15 C 2980, 2016 WL 4146471, at *3 (N.D. Ill. Aug. 4, 2016). Rather, it is Defendant who has held-up discovery by engaging in delay-and-evade tactics by, for example, producing discovery in dribs-and-drabs and withholding the class lists. *See infra*; Dkt. 117. Indeed, it took an order from this Court to force Defendant to produce discovery it had already agreed to produce. *See* Dkt. 102.

So why would Defendant misrepresent the record and oppose Plaintiffs request to continue this matter? The answer is clear. Defendant seeks to force Plaintiffs to brief class certification without the benefit of discovery, in direct contradiction of the Seventh Circuit's

678742.1

guidance. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. 2011) ("[A] court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class.") (citing cases) *overruled other grounds, Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015).

Below, Plaintiffs provide a bullet-point summary to illustrate why Defendant's characterization of the procedural history of this case is without merit. In short, contrary to Defendant's representation, Plaintiffs have not had "years" to build a record for class certification. Due to the attempts at consolidation and the stay pending the Supreme Court's rulings in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), *as revised* (Feb. 9, 2016) and *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), *as revised* (May 24, 2016), Plaintiffs did not have the opportunity to start creating a record for class certification until early August 2016. Accordingly, this case is *at most* 9-months old, and Defendant assertion to the contrary is a farce.

**I.    April to September 2015: Attempts at Consolidation before the JPML, Interim Stay of Discovery, and Plaintiffs' Consolidated Amended Complaint**

- April 3, 2015: Plaintiff Bakov filed his complaint. Dkt. 1.

- May 4, 2015: Defendant filed its answer to Plaintiff Bakov's complaint. Dkt. 8.

- May 6, 2015: Plaintiff Herrera filed her complaint. *Herrera v. Consolidated World Travel, Inc.*, No. 15-cv-4030, Dkt. 1 (Castillo, J.).

- May 6, 2015: a plaintiff, who brought an action against Defendant in the Southern District of Florida, filed a motion to transfer and consolidate before the Judicial Panel for Multi-District Litigation ("JPML"). *See* Dkt. 14; *see also Moran v. Consolidated World Travel, Inc.*, No. 15-cv-60482 (S.D. Fla.).

- May 27, 2015: this Court granted Plaintiff Bakov's request to amend his complaint and entered an order *staying discovery* until July 28, 2015—the time by which the JPML was expected to rule on the transfer petition. Dkt. 18.

- August 7, 2015: The JPML denied the transfer petition. Dkt. 23.

- August 27, 2015: Following the denial of the transfer, Plaintiff Herrera moved to reassign and consolidated her case pending before Judge Castillo to this Court. Dkt. 29.

- September 3, 2015: This Court granted Plaintiff Herrera's motion and directed her and Plaintiff Bakov to file a consolidated amended complaint by September 17, 2015 and for Defendant to file its responsive pleading by October 8, 2015. Dkt. 30.

- September 17, 2015: Plaintiffs filed their Consolidated Amended Complaint ("CAC"). Dkt. 31.

II. **October 2015 to August 2016: This Court Stays this Case Pending Rulings in *Spokeo* and *Campbell-Ewald*, and this Court Denies, In Part, Defendant's Motion to Dismiss**

- October 14, 2015: this Court grants Defendant's request for an extension to respond to the CAC up to November 17, 2015. Dkt. 39.

- November 17, 2015: Defendant, along with now dismissed co-defendants, moved to dismiss for lack of jurisdiction and for failure to state a claim. Dkt. 46.

- November 20, 2015: Defendant moved to stay this action pending the Supreme Court's ruling in *Spokeo* and *Campbell-Ewald*. Dkt. 48.

- December 1, 2015: This Court, after deciding to take up Defendant's motion to stay first, entered a briefing schedule setting Plaintiffs' response due by January 4, 2016 and Defendant's reply due by January 11, 2016. Dkt. 50.

- January 4, 2016: Plaintiffs filed their response *on time*. Dkt. 51.

- January 13, 2016: Defendant filed its reply, after seeking an extension. Dkt. 53, 55.

678742.1

- January 20, 2016: Plaintiffs filed a notice of the Supreme Court's ruling *Campbell-Ewald*. Dkt. 57.

- February 17, 2016: This Court **granted Defendant's motion to stay** pending a ruling in *Spokeo*. Dkt. 59.

- May 16, 2016: The Supreme Court issued its ruling *Spokeo*.

- June 14, 2016: This Court set a briefing schedule on Defendant's motion to dismiss setting Plaintiffs' response due by July 12, 2016 and Defendant's reply due by July 19, 2016. Dkt. 70.

- July 12, 2016: Plaintiffs filed their response *on time*. Dkt. 71.

- July 21, 2016: Defendant, after seeking an extension, filed its response. Dkt. 75.

- August 4, 2016: This Court denied, in part, Defendant's motion to dismiss. Dkt. 78.

- August 18, 2016: Defendant filed its answer. Dkt. 81, 82.

Thus, it was not until ***August 18, 2016***, that the pleadings were finalized as to Plaintiffs Bakov and Herrera. Since that time, as further discussed below and in Plaintiffs' opening motion, Dkt. 107, Plaintiffs have diligently pursued discovery. Thus, rather than having "years" to complete a record for class certification, Plaintiffs have had *at most* 9 months. Yet, as further discussed below, Defendant continues to frustrate the discovery process by failing to produce documents including lists of class potential class members.

### III. Despite Serving Requests in September 2017, Plaintiffs Do Not Receive Most of Defendant's Production Until April 2017.

- September 20, 2016: Plaintiffs served their first set of discovery requests on Defendant.

- October 30, 2016: Defendant served its responses.

- January 2017: Plaintiffs ***completed*** their production of discovery in response to Defendant's discovery requests. By that time, however, Defendant had only produced

minimal documents consisting of *less than 300 pages*, approximately 260 of which were contained in a single spreadsheet.

- March 13, 2017: Another action, *Hewlett v. Consol. World Travel*, No. 17-cv-973 was related and consolidated to this Court after being transferred from the Eastern District of California. Though the plaintiff, Ms. Hewlett, served discovery responses on Defendant on July 8, 2016 while the action was pending in California, Defendant had *only produced three documents* to her in response to her requests as of this date.

- March 30, 2017: Despite several exchanges of written correspondence and discovery conferences, Defendant had yet to produce all of the documents it had agreed to produce. Accordingly, this Court directed Defendant to produce documents by April 13, 2017. Dkt. 102.

- May 12 2017: Plaintiffs moved to compel based on continued deficiencies in Defendant's production. Dkt. 117. Defendant refused to provide documents, which amount to the class list, because it claims doing do is too burdensome. Oddly, Defendant, a party, has suggested that Plaintiffs obtain class discovery from third parties based Defendant's recent production of "point-to" numbers.[1] But this is a wild goose chase. Based on Plaintiffs' counsel's investigation, it is not possible to obtain the class list from third parties using the information. *See generally id.* at 5-7.

---

[1] "The current generally prevailing view is that the Court may first consider whether information should be obtained by direct discovery from a party, as opposed to from a non-party, and that the court should give special weight to the unwanted burden thrust upon non-parties when evaluating the balance of competing needs." *Med. Components, Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 180 (M.D.N.C. 2002) (citing *In re Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir.1998) (collecting cases); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (court may require discovery from a party before burdening a non-party); *Echostar Communications Corp. v. News Corp., Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998) (status of being non-party is a factor in balancing competing needs)).

5

Thus, Plaintiffs have been actively pursuing the discovery needed for this Court to have a complete record for class certification. In addition to seeking discovery from Defendant, Plaintiffs have sought and are in the process of completing third-party discovery as an additional means to support the record. *See* Dkt. 107 at 4-6. Further, Plaintiffs anticipate taking the depositions of to Defendant's witnesses and third-parties within the next 90 days. *Id.* at 7-8.

The import of this necessary discovery cannot be understated. Class certification will be the make-or-break-point in this litigation. As such, Plaintiffs, the proposed Class representatives, "must be accorded a fair opportunity to show that certification is warranted." *Campbell–Ewald*, 136 S. Ct. at 672; *see Damasco*, 662 F.3d at 897 ("We remind district courts that they must engage in a 'rigorous analysis' . . . before ruling on certification. . . . [A] court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class.").

## CONCLUSION

Accordingly, Plaintiffs request that this Court grant their motion seeking to continue to placeholder motion for class certification—filed only to prevent a pick-off—for 90 days while Plaintiffs complete the record needed for this Court's rigorous analysis under Rule 23.

Date: May 14, 2017

Respectfully submitted,

By: */s/ Katrina Carroll*
Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
**LITE DEPALMA GREENBERG, LLC**
211 West Wacker Drive
Suite 500
Chicago, IL 60606
Telephone: (312) 750-1265

6
678742.1

Jeffrey Grant Brown
*jeff@jgbrownlaw.com*
**JEFFREY GRANT BROWN, P.C.**
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
Phone: 312.789.9700

Joseph J. Siprut
*jsiprut@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000

Robert Ahdoot (*pro hac*)
*rahdoot@ahdootwolfson.com*
Tina Wolfson (*pro hac*)
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Phone: 310.474.9111

*Counsel for Plaintiffs Angel Bakov and Julie Herrera*


Yitzchak Kopel
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019
ykopel@bursor.com
(646) 837-7127
Pro Hac Vice pending

*Counsel for Plaintiff Kinaya Hewlett*

# CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing **Plaintiffs' Reply In Support Of Motion To Continue The Motion For Class Certification** was filed electronically with the Clerk of the Court using the CM/ECF system this 14th day of May 2017 and served electronically on all counsel of record.

*/s/ Katrina Carroll*