UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANGEL BAKOV, JULIE HERRERA, and
KINAYA HEWLETT, individually and on
Behalf of all others similarly situated,

                Plaintiffs,

    v.

CONSOLIDATED WORLD TRAVEL, INC.
d/b/a HOLIDAY CRUISE LINE, a Florida
Corporation,

                Defendant.

Case No. 15-cv-02980

## DATA ANALYSIS DECLARATION OF CHRISTINA PETERS-STASIEWICZ

I, Christina Peters-Stasiewicz, hereby certify as follows:

    1. I am the Vice President of Class Experts Group, LLC (CEG). CEG is a provider of litigation support services with primary focus on data management and data analysis. The matters stated herein are based upon my personal knowledge or matters known or reasonably available to me. My business address is 740 West Glen Oaks Lane, Mequon, Wisconsin.

    2. In cases brought under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, I routinely analyze call records to identify class members. As part of this analysis, I regularly partner with established and reputable data vendors, such as TransUnion, LexisNexis, Experian, Microbilt Corp., and others (the "Data Processors").

    3. The Data Processors can provide information via access to numerous records and sources, including, but not limited to, whether certain telephone numbers were cellular as of a given timeframe and also the names and addresses of the customary users of those telephone numbers as of a given timeframe.

4. Plaintiffs' counsel retained me to carry out the class member identification process I described in my earlier report in this matter.[1]

5. On or about March 25, 2019, I received from Plaintiffs' counsel the file "Illinois Call Data" and the Illinois Area Code Report of Colin Weir.

6. The "Illinois Call Data" shows 44,796 calls to 39,969 unique telephone numbers with Illinois area codes (217, 224, 309, 312, 331, 618, 630, 708, 773, 779, 815, 847 and 872).

7. I uploaded the list of the unique Illinois telephone numbers to the TransUnion batch interface. The output file from TransUnion identified: (i) the customary users of the telephone numbers, where available; (ii) the customary users' addresses at the time of the calls; and (iii) the associated time-ranges for the records.

8. For telephone numbers for which TransUnion did not identify customary users for the times of the calls, I performed the same search type on the LexisNexis database

9. Upon receipt of the data from LexisNexis and TransUnion, I reviewed all of the data to identify those customary users during the class period who lived in Illinois at the time.

10. As a result of this review and my tabulations, I found the following:

| Statistics for Telephone Numbers/Calls | Quantity |
|---|---|
| Numbers In "Illinois Call Data" | 39,969 |
| Numbers without Customary Users Identified, to Date | 1,285 (3%) |
| Numbers of Customary Users Outside Illinois during Class Period | 10,445 (26%) |
| Numbers of Customary Users in Illinois During Class Period | 28,239 (71%) |
| Total Calls In "Illinois Call Data" | 44,796 |
| Calls to Telephone Numbers of Customary Users in Illinois During Class Period | 31,369 (70%) |

---

[1] Since that date, there have been no changes in (1) my testimony given at trial or deposition; (2) my CV and list of (no) authored publications; (3) my compensation structure in this case; and (4) my list of materials considered, other than the Weir declaration described herein.

11. The list of the 28,239 identified class members is attached hereto as Exhibit A.

April 16, 2019 at Milwaukee, Wisconsin.

_____
Christina Peters-Stasiewicz