IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANGEL BAKOV and JULIE
HERRERA, individually and on
behalf of all others
similarly situated,

    Plaintiffs,

  v.

CONSOLIDATED WORLD TRAVEL,
INC. d/b/a HOLIDAY CRUISE
LINE, a Florida Corporation,

    Defendant.

Case No. 15 C 2980

Judge Harry D. Leinenweber

# ORDER

Plaintiffs' Motion to Reassign case as related (Dkt. No. 301) is granted. The Court orders the matter *Bakov, et al. v. Consolidated Travel Holdings Group, Inc.*, No. 20 C 2459 (N.D. Ill. 2020) reassigned to its docket. The Court further grants Plaintiffs' Motion to Amend (Dkt. No. 291) in part. The Court amends the class certification order to reflect the following nationwide class: "all persons in the United States (1) who VVT called from December 29, 2014 through March 20, 2016, to market a cruise aboard the Grand Celebration cruise liner sold by CWT, and (2) who answered such calls." The Court will order supplemental briefing on the question whether the summary judgment order should be amended to reflect liability as to the non-Illinois class members.

## I. BACKGROUND

In this class action, Plaintiffs allege that Defendant hired an overseas company to make calls to people around the country, offering them "a free cruise simply to show you a great time." *Bakov v. Consol. World Travel*, No. 15 C 2980, 2019 WL 1294659, at *2 (N.D. Ill. Mar. 21, 2019) (certifying class). All of those calls, according to Plaintiffs, included playing prerecorded voice clips in violation of the Telephone Consumer Protection Act's prohibition on the use of "prerecorded voice." 47 U.S.C. § 227 ("It shall be unlawful for any person . . . to initiate any telephone call . . . using an artificial or prerecorded voice to deliver a message.")

Plaintiffs previously sought certification of a nationwide class under Rule 23. As relevant here, the Court declined to certify a nationwide class, finding a lack of both general and specific personal jurisdiction over CWT as to its calls to non-Illinois residents. The Court found it lacked general personal jurisdiction over CWT because it was incorporated and had its principal place of business in Florida and lacked "systemic contacts in Illinois." *Bakov*, 2019 WL 1294659, at *13. In finding that the Court lacked specific personal jurisdiction over CWT, it cited *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773, 1783–84 (2017). That case held that "the state court lacked specific jurisdiction over the defendant as to the nonresident plaintiff's claims," and though "that decision was limited to state court jurisdiction, this Court previously found that its holding applies to federal courts, especially where, as here, the court sits in diversity jurisdiction and accordingly looks to Illinois state law." *Bakov*, 2019 WL 1294969, at *13. Thus, the Court found that it lacked personal jurisdiction to certify a nationwide class, and ultimately certified a class of Illinois residents "(1) who VVT called from December 29, 2014 through

March 20, 2016, to market a cruise aboard the Grand Celebration cruise liner sold by CWT, and (2) who answered such calls." *Id.* at *4.

In December 2019, the Court granted partial summary judgment for Plaintiffs. *See Bakov v. Consol. World Travel, Inc.*, No. 15 C 2980, 2019 WL 6699188 (N.D. Ill. Dec. 9, 2019) (summary judgment). The Court found that CWT had violated the TCPA as a matter of law and was liable to the class for those violations but left the question of damages open and has not yet certified a final judgment. *See id.* at *10.

In March 2020, the Seventh Circuit ruled on a case that clarified the law around specific personal jurisdiction and contradicted this Court's reasoning in the *Bakov* class certification opinion. *See Mussat v. IQVIA, Inc.*, 953 F.3d 441 (7th Cir. 2020) *en banc reh'g denied*. In *Mussat*, another TCPA case, the district court struck a class definition that included non-Illinois residents because in *Bristol-Meyers*, "not just the named plaintiff, but also the unnamed members of the class, each had to show minimum contacts between the defendant and the forum state." *Mussat*, 953 F.3d at 443. The Seventh Circuit reversed, holding that "the principles announced in *Bristol-Meyers* do not apply to the case of a nationwide class action filed in federal court under a federal statute." *Id.* The upshot of *Mussat* is that in a nationwide class action involving a federal statute, "the named representatives must be able to demonstrate either general or specific personal jurisdiction, but the unnamed class members are not required to do so." *Id.* at 447.

In the wake of that decision, Plaintiffs move to amend the class certification order to certify a nationwide class pursuant to Rule 23(c)(1)(C). They further ask the Court to revise the summary judgment order to apply to the nationwide class, arguing

that the summary judgment decision is equally applicable in all respects to the nationwide class.

Plaintiffs also move to reassign *Bakov et al. v. Consolidated Travel Holdings Group, Inc.*, No. 20 C 2459 (N.D. Ill. 2020), filed on April 22, 2020 and currently assigned to Judge Matthew F. Kennelly. The Defendants in the later-filed case were originally named Defendants in the TCPA class action, but this Court dismissed those Defendants without prejudice for lack of personal jurisdiction; the Court also dismissed alter-ego claims because Plaintiffs did not make a "showing of fraud or injustice in the event the corporate veil is not pierced." (*See* Dkt. No. 78 at 7.) Plaintiffs claim that their new action remedies these defects and argue that the case should be reassigned from Judge Kennelly to this Court.

For the reasons that follow, the Court grants the Motion to Reassign and the Motion to Amend in part.

## II. DISCUSSION

### A. Motion to Reassign

Plaintiffs bring a Motion to Reassign as related a case pending in front of Judge Kennelly. This District's Local Rules allow reassignment and consolidation of "related" cases under certain circumstances. First, the cases must be "related" as defined by Local Rule ("LR") 40.4(a). Second, the case must meet four specific LR 40.4(b) criteria. Defendant does not dispute that the cases are related under LR 40.4(a) and that the cases satisfy the first of the four LR 40.4(b) criteria. They only dispute a showing as to LR 40.4(b)(2)–(4): "(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case

- 4 -

substantially; and (4) the cases are susceptible of disposition in a single proceeding." Ultimately, "[w]hether to consolidate cases is a decision within the sound discretion of the trial court." *Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2011 WL 686813, at *1 (N.D. Ill. Feb. 15, 2011).

Defendant argues that there will be no substantial savings of judicial time and effort. Defendant concedes that this Court's handling of the TCPA class action means that there will be some savings of judicial time and effort, but that the savings will not be substantial, and that reassignment is inappropriate. This is because, Defendant argues, the issues are almost purely legal and never raised in this TCPA case, giving this Court no significant advantage for its familiarity with the facts. But Defendant also notes that they will likely argue for dismissal on personal jurisdiction, standing, and claim-splitting grounds. Despite Defendant's argument that these issues are "purely legal," the facts matter, and this Court has been familiar with the facts of this case for years. For that reason, the Court finds LR 40.4(b)(2) met.

Defendant does not develop its arguments for the third and fourth factors, but the Court will address those factors, nonetheless. Reassigning the later-filed case will not delay the proceedings in the earlier case: the TCPA issues have already been decided (though some are necessarily reopened as a result of the above ruling on the Motion to Amend), and the number of new issues presented by reassigning this case will be minimal. As to the fourth factor, both matters are amenable to being resolved in a single proceeding because they involve the same parties and the same set of facts. As Plaintiffs point out, the Plaintiffs bring similar claims in both cases and Defendants raise very similar

defenses. It not only makes sense to resolve these matters in a single proceeding — it makes little sense not to.

Finally, Defendant previews several of its arguments regarding *res judicata,* claim splitting, and the statute of limitations. Because those arguments are better handled at the motion to dismiss stage, the Court will not address them here.

### B. Motion to Amend

Plaintiffs also bring a Motion to Amend the class Certification and Summary Judgment Orders. Rule 23(c)(1)(C) provides that an "order that grants or denies class certification may be altered or amended before final judgment." FED. R. CIV. P. 23(c)(1)(C). The Rules Committee advisory notes distinguish between a "decision on the merits" and "final judgment" to reflect the need for a pragmatic, flexible standard. "Following a determination of liability, for example, proceedings to define the remedy may demonstrate the need to amend the class definition or subdivide the class." FED. R. CIV. P. 23(c) Advisory Committee's Note to 2003 Amendment. These notes reflect the Rule's purpose to allow courts to alter a class definition as new circumstances arise before a certified final judgment.

The exception to this principle is that any amendment must not violate the rule against one-way interventions. *See* FED. R. CIV. P. 23(c) Advisory Committee's Note to 2003 Amendment ("The authority to amend an order under Rule 23(c)(1) before final judgment does not restore the practice of 'one-way intervention' that was rejected by the 1966 revision of Rule 23."). That rule exists to prevent a class of plaintiffs from benefitting retroactively from a positive ruling without subjecting themselves to the risks of an adverse decision. *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057–58 (7th Cir. 2016) (rule prevents plaintiffs from altering class certification after getting a favorable ruling

because it is unfair to allow class members "to decide whether or not to be bound by a judgment depending on whether it is favorable"). Practically, the rule bars "potential class members from waiting on the sidelines to see how the lawsuit turns out" and "intervening to take advantage of the judgment" if there is a favorable outcome. *Amati v. City of Woodstock*, 176 F.3d 952, 957 (7th Cir. 1999). However, the "rule does not appear to be addressed to the case in which class certification is denied." *Id.*

The unique procedural posture of this case makes this motion difficult and novel. Had *Mussat* been decided before the Court ruled on summary judgment, there would be no question that the Court would have to certify a nationwide class (and, of course, if the Court had this same class certification motion before it today, it would have to certify a nationwide class). On the other hand, had *Mussat* come down after a final judgment was certified, the Federal Rules would clearly prohibit amendment. The rule against one-way interventions provides a difficult wrinkle. The question is close, but ultimately the Court finds that it must amend the class certification order.

There are three reasons for this: text, precedent, and pragmatism. First, the text of Rule 23 allows amendment before final judgment, not before a determination of liability. The Rules Committee could have foreclosed Plaintiffs' proposed amendment by allowing amendment only before a determination of liability, but it did not. Instead, the Committee notes that a "determination of liability after certification . . . may show a need to amend the class definition," and notes that when a class definition is expanded to include new members not afforded notice, such notice "must be directed to the new class members under Rule 23(c)(2)(B)." FED. R. CIV. P. 23(c) Advisory Committee's Note to 2003 Amendment. Even if the Committee did not imagine this exact scenario, the

emphasis on flexibility is clear, the cutoff for amendment at final judgment instead of at a finding of liability is meaningful, and the Rule specifically contemplates the post-certification expansion of a class definition. This means that amendment should be granted so long as the rule against one-way interventions is not violated.

Precedent suggests that granting this motion does not violate the rule against one-way interventions. Neither party cites any case in this Circuit finding that the rule applies when a class definition is amended to include a class that previously sought and was denied certification, and the Court is aware of none. On the contrary, the Seventh Circuit has suggested that the rule in fact does not apply when class certification was denied. *See Amati*, 176 F.3d at 957. Finally, as to the pragmatic point, there is no gamesmanship involved. Plaintiffs asked for certification of a nationwide class, the Court denied it, and then the law changed. The Defendants were on notice that Plaintiffs sought a class of nationwide scope; there were never any absent class members waiting at the sidelines. Accordingly, the text of Rule 23 and the Rules Committee Advisory Notes weigh strongly in favor of amending the class definition in this scenario. Further, Seventh Circuit precedent and the practical circumstances in the case mean that to do so would not violate the rule against one-way interventions.

Defendant argues the Motion should be not amended to avoid abject unfairness, and that argument has weight. Even though Plaintiffs did not sandbag, had Defendant prevailed at summary judgment one practical outcome might have been that non-Illinois residents would still be free to pursue their claims in other courts. That is, the absent non-Illinois class members were not "waiting at the sidelines," but granting the motion may nevertheless violate the spirit of the rule. In the reverse

hypothetical scenario where Defendant prevails at summary judgment, Plaintiffs are not before the Court now asking to amend the class definition — they are instead filing their suit in other states.

Ultimately, however, the Court finds this scenario unlikely. It would be out of the ordinary, but there is no obvious reason why the Defendant could not have filed this motion, instead of Plaintiffs, had Defendant won at summary judgment. This was contemplated by the Seventh Circuit: "if the court of appeals affirms the merits judgment and reverses the denial of class certification, the effect will be to extinguish the rights of all the class members who had not opted out of the litigation." *Amati*, 176 F.3d at 957. There, the situation was slightly different, but the principle is the same; though it would be unusual for defendants to move to expand a class definition, given the change in law it would be appropriate. In the hypothetical scenario where Defendant prevails at summary judgment, it can file its motion to amend the class certification considering new law that extinguishes the rights of the absent non-Illinois class members (as long as the law changes before final judgment is certified). Because of this reciprocity, the rule against one-way interventions is not violated. Though it is a close question, the combination of textual authority, Seventh Circuit law, and the relative uniqueness of the situation tip the balance in favor of amending.

Finally, Defendant asks in the alternative to refrain from ruling in the event of an *en banc* hearing. Because the Seventh Circuit declined to rehear the case *en banc* on May 14, 2020, the Court will not consider that request.

For the following reasons, the Court finds that the rule against one-way interventions does not prohibit amending the class

certification order, and that binding Seventh Circuit precedent so requires. The Court, however, will not amend the summary judgment order and make an additional finding of liability without supplemental briefing on the question whether summary judgment is equally applicable as to non-Illinois residents.

### III. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Reassign Case as Related (Dkt. No. 301) is granted. The Court orders the matter *Bakov et al. v. Consolidated Travel Holdings Group, Inc.*, No. 20 C 2459 (N.D. Ill. 2020) reassigned to its docket. The Court further grants Plaintiffs' Motion to Amend (Dkt. No. 291) in part. The Court amends the class certification order to reflect a nationwide class: "all persons in the United States (1) who VVT called from December 29, 2014 through March 20, 2016, to market a cruise aboard the Grand Celebration cruise liner sold by CWT, and (2) who answered such calls." The Court declines to amend the summary judgment order at this time, however, and will order supplemental briefing on the question of whether the non-Illinois class members are substantially similar to the Illinois class members to warrant amending the summary judgment order accordingly.

 

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 7/2/2020