```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

ANGEL BAKOV and JULIE
HERRERA, individually and on
behalf of all others
similarly situated,

          Plaintiffs,

    v.

CONSOLIDATED WORLD TRAVEL,
INC. d/b/a HOLIDAY CRUISE
LINE, a Florida Corporation,

          Defendant.

Case No. 15 C 2980

Judge Harry D. Leinenweber

# ORDER

### I. BACKGROUND

This case has been the subject of two prior Memorandum Opinions by the Court that discuss the facts of the case in detail, so the Court will not repeat them here unless pertinent to the current decision. The case was originally commenced as a putative nationwide class action on behalf of a class consisting of individuals to whom automatic phone calls were placed without written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The Court, in light of the Supreme Court decision *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773 (2017), ruled that the Court lacked

specific personal jurisdiction over Defendant Consolidated World Travel, Inc., ("CWT") as to non-resident plaintiff claims, and, accordingly, declined to certify a nationwide class and limited the case to a putative class of Illinois residents. *Bakov v. Consolidated World Travel*, No. 15 C 2980, 2019 WL 1294659 at *1 (N.D. Ill. Mar. 21, 2019). In December 2019, the Court granted partial summary judgment to the Plaintiff class. *See Bakov*, 2019 WL 6699188 (N.D. Ill. Dec. 9, 2019). The ruling was limited to liability, leaving the issue of damages open and, accordingly, the Court did not enter a final judgment.

In March 2020, the Seventh Circuit held in a similar class action case that *Bristol-Myers* did not apply to nationwide class actions filed in federal court under a federal statute. *See Mussat v. IQVIA, Inc.*, 953 F.3d 441, (7th Cir. 2020 *en banc reh'g. denied*). In accord with *Mussat,* on July 2, 2020, the Court granted Plaintiffs' Motion to Amend the class certification order to reflect a nationwide class of persons in the United States who received the complained of telephone calls. The Court declined at that time to accept the further request of Plaintiffs to amend the Motion for Summary Judgment to include the nationwide class. Instead the Court requested further briefing from the parties as to whether the non-Illinois class members were in a substantial similar situation to the Illinois resident class members.

Rather than respond to the specific question the Court posed, the Defendants argued that the Court could not amend the summary judgment because it was a final judgment and under Rule 54(b) such a judgment was non-amendable. They said nothing in response to whether the nationwide class was or was not substantially similar to the Illinois class. The Plaintiffs' responded by pointing out that Defendants did not identify any difference between the members of the national class and the state class and that the Defendants' telemarketing campaign was national in scope and was not limited to Illinois. In answer to Defendants' Rule 54(b) argument, Plaintiffs point out that the Court's summary judgment order specifically left open the issue of damages which alone made the December 9, 2019 Order interlocutory and not appealable without a court's finding that there was no reason to delay appeal.

However, before the Court had an opportunity to rule on Plaintiffs' Motion to Amend the Summary Judgment, the Supreme Court handed down its decision in *Barr v. American Association of Political Consultants, Inc.*, 140 S.Ct. 2335 (2020) ("AACP"), which held that a portion of the TCPA that allowed robocalls made to collect government debt, which had been added by a 2015 amendment, was unconstitutional. The opinion was "fractured" with four opinions that differed in various ways. However, a majority of the Supreme Court held that the government exception to the TCPA was

unconstitutional because it favored speech made for the purpose of collecting government debt over other speech. The Defendants here have seized upon this decision and moved to dismiss the case for lack of federal jurisdiction.

## II. DISCUSSION

The basis for Defendants' motion is the noncontroversial statement that an unconstitutional statute is a nullity and cannot support federal jurisdiction. Defendants have supported their motion with the opinions of three district courts from various areas of the United States, agreeing with them that the offending section made the whole statute unconstitutional and unenforceable. *See Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, 2020 WL 7346536, *3 (M.D. Fla. Dec. 11, 2020); *Lindenbaum v. Realgy, LLC*, 2020 WL 6361915 (N.D. Ohio Oct. 29, 2010; and *Creasy v. Charter Communications, Inc.*, 2020 WL 5761117 (E.D. La. Sept. 28, 2020). Plaintiffs respond by citing a host of other lower court decisions holding that the specific provision concerning the use of robocalls to collect government debt was unconstitutional, nevertheless, it could be severed from the statute as the plurality opinion suggested because seven of the justices agreed that the provision could be severed leaving of the balance of the stature enforceable. *See Stout v. Travis Credit Union*, 2021 WL 99636 (E.D. Cal. Jan. 12, 2021); *Shen v. Tricolor California Auto Group, LLC*, 2020 WL 7705888

- 4 -

(C.D. Cal. Dec. 17, 2020); *Abramson v. Federal Insurance Company*, 2020 WL 7318953, No. 8:19-cv-2523 (M.D. Fl. Dec. 11, 2020); *Buchanan v. Sullivan*, 2020 WL 6381563 (D. Neb. Oct. 30, 2020); *Schmidt v. AmerAssist A/R Sols. Inc.*, 2020 WL 6135181 (D. Ariz. Oct. 19, 2020); *Lacy v. Comcast Cable Communications, LLC*, 2020 WL 4698646 (W.D. Wash. Aug. 13, 2020); *Komaiko v. Baker Tech., Inc.*, 2020 WL 5104041 (N.D. Cal. Aug. 11, 2020); *Burton v. Fundamerica, Inc.*, 2020 WL 4504303 (D. Neb. Aug 5, 2020): and *Bonkuri v. Grand Caribbean Cruises, Inc.*, No. 20-cv-60638 WPD (S.D. Fl. Jan. 18, 2021).

The plurality opinion penned by Justice Kavanaugh, joined by the Chief Justice and Justice Alito, held that the offending paragraph, that had been added by Congress to aid the federal government debt collectors, using strict scrutiny, did indeed violate the Constitution as favoring one form of speech over another but, under traditional severability principles, this offending provision could be severed without affecting the statute's purpose of outlawing robocalls. Justice Sotomayor, writing for herself, argued that strict scrutiny was the wrong standard, but the provision failed under intermediate scrutiny and was severable. She therefore concurred in the judgment. Justice Breyer, writing for himself, Justice Ginsberg and Justice Kagan, dissented from the conclusion that the government exception

violated the First Amendment, but concurred in the judgment holding that the provision was severable. The opinion, authored by Justice Gorsuch and signed by Justice Thomas, agreed that the provision violated the Constitution but for different reasons from those annunciated by Justice Kavanaugh but dissented from the use of the severance doctrine to salvage the remainder of the statute.

The opinions supporting the position of the Defendants rely upon the fact that Congress repealed the offending provision and therefore the statute prior to the amendment was unconstitutional and unenforceable during the period of time starting with the enactment of the government exception and ending with its repeal. They further point out that the severance remedy was contained in Footnote 12 of Justice Kavanaugh's opinion. This Footnote reads as follows:

> As the Government acknowledges, although our decision means the end of the government debt exception, no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government debt exception and before the entry of final judgment by the District Court on remand this case, or such date that lower courts determine is appropriate. On the other side of the ledger, our decision today does not negate the liability of the parties who made robocalls covered by the robocall restriction.

*Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. at 2355 n.12 (2020). In other words, the plurality's position was that the amendment's elimination should not be subject to retroactive enforcement

against government debt collectors, nor should enforcement prohibition of other robocalls be negated. The fact that this statement was contained in a footnote suggests to Defendants and those courts upon which they rely is that the footnote is pure *obiter dictum* and non-binding on lower courts.

However, even positing that the footnote does constitute *obiter dictum, it* does not give comfort to lower courts that they can safely ignore it. The plurality opinion supplied three votes in favor of severance, Justice Breyer's opinion on behalf three justices agreed with the severability. Justice Sotomayor also agreed with severability. The only ones not agreeing with the severance were Justice Gorsuch and Justice Thomas. Accordingly, seven out of nine held that the offending provision was severable. Based on this analysis the Court agrees with those courts holding that the offending provision was severable, leaving the balance fully enforceable at all times relevant to this case. Thus, the court has jurisdiction over this nationwide class action. The motion to dismiss for lack of jurisdiction is denied.

Having decided that the case is still pending before this Court, the Court now reaffirms that it has jurisdiction under Federal Rule of Civil Procedure 54(b) to amend the class definition to include a nationwide class as described in its July 2, 2010 Order and the motion to reconsider is denied. The Court also holds

that there has been no evidence suggested that would put into question that the nationwide class is substantially similar with the Illinois class members and accordingly the Court enters summary judgment in favor of the nationwide class for the same reasons that it entered summary judgment in favor of the Illinois Class Members.

The Court does, however, agree that the nationwide class is entitled to notice and an opportunity to request exclusion. *See* Rule 23(c)(2)(B). This poses the question of who should pay for the notice. Plaintiffs have cited a number of cases indicating that it is within the Court's discretion to require a defendant to pay for notice where liability has been determined. It does appear that the Court has some discretion in ordering a defendant to pay the cost of notice, although it is not unlimited. *See Oppenheimer Fund, Inc. v. Sanders,* 98 S.Ct. 2380 (1978). Some factors that a court should consider include the cost, the relative ability to pay, the ease of obtaining information as to location of class members, and whether the information is equally available to both sides. *Id.* The Court does not have sufficient information at this time to decide on whom the cost of notice should fall. The Court therefore requests the parties to suggest various ways that a nationwide notice can reach the class members, the potential cost

of various suggestions, the availability of the location of class members, and who should pay the cost.

### III. CONCLUSION

For the reasons stated herein, Defendants' motion to reconsider the class definition and to dismiss for lack of jurisdiction is denied. (Dkt. No. 320.) The Court amends the summary judgment order entered previously to include a nationwide class of robocall recipients. The parties have fourteen (14) days from the entry of this order to submit the suggestions and costs for notifying the nationwide class.

                                                Harry D. Leinenweber, Judge
                                                United States District Court

Dated: 3/8/2021